UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

**07  CV  4038**

-----------------------------------------------------------------X

CLINIQUE LA PRAIRIE, S.A.,               :

             Plaintiff,           :     Civil Action No. **JUDGE CROTTY**

                                        :

    -against-                   :

                                        :

THE RITZ-CARLTON HOTEL COMPANY, LLC,   :

                                        :

            Defendant.        :

-----------------------------------------------------------------X

MAY 2 3 2007

## NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, the above-captioned action is removed by defendant The Ritz-Carlton Hotel Company, LLC ("Ritz-Carlton") from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, by the filing of this Notice of Removal with the Clerk of the United States District Court for the Southern District of New York. As grounds therefor, Ritz-Carlton states as follows:

      1.      This action may be removed to this Court by Ritz-Carlton pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

      2.      On or about April 11, 2007, plaintiff Clinique La Prairie ("CLP") filed an action in the Supreme Court of the State of New York, New York County, entitled *Clinique La Prairie, S.A. v. The Ritz Carlton Hotel Company, LLC*, Index No. 104903/07 (the "State Court Action"). A copy of plaintiff's Summons and Complaint, which constitutes all process, pleadings and orders served upon Ritz-Carlton in the State Court Action, is attached as Exhibit A.

State of Delaware with its principal place of business in the State of Maryland. Therefore, it is now, and was at the time the State Court Action was commenced, a citizen of Delaware and Maryland for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

9.    There is thus complete diversity of citizenship between plaintiff and defendant.

### The Amount In Controversy Exceeds $75,000

10.    For this Court to have federal subject matter jurisdiction based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

11.    In this case, CLP's Complaint does not specifically seek an exact dollar amount, but instead an unspecified amount of damages, disgorgement of defendant's profits and injunctive relief. (Compl. ¶¶ 57, 65, 70). In cases such as this, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Com'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 276 (2d Cir. 2006). In such instances, "the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Correspondent Services Corp. v. First Equities Corp. of Florida*, 442 F.3d 767, 769 (2d Cir. 2006) (quoting *Kheel v. Port of New York Auth.*, 457 F.2d 46, 49 (2d Cir.1972)).

12.    In an action for unfair competition or trademark infringement where only injunctive relief is sought, the amount in controversy is ascertained by considering the value of the name or business goodwill that the plaintiff seeks to protect. *See Ace Hardware Co., Inc. v. Ace Hardware Corp.*, 214 U.S.P.Q. 195, 198 (N.D.N.Y. 1981) (calculating value of plaintiff's

goodwill by considering amount plaintiff spent on marketing and developing its name over the past forty years); *Parke, Davis & Co. v. Jarvis Drug Co.*, 208 F. Supp. 350, 353 (S.D.N.Y. 1962) (value of plaintiff's goodwill was proper measure for ascertaining jurisdictional amount); 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:34 (2007) ("value of the amount in controversy is generally determined by the value of the business or of the goodwill of the trademark").

13.    A party asserting jurisdiction bears the burden of showing that there is "a *reasonable probability* that the claim is in excess of the statutory jurisdictional amount[.]" *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (emphasis added).

14.    In this case, it is plain from the face of CLP's Complaint that the object of this litigation -- the value of the "Clinique La Prairie" service mark and name -- is worth more than $75,000.  Indeed, CLP alleges that its "Clinique La Prairie" mark is worth millions of dollars. Paragraph 16 of the Complaint alleges that CLP "has built and maintained a strong, famous, world renowned and enviable reputation in its name and service mark . . . at a cost of tens of millions of US dollars."  Similarly, CLP alleges that CLP "has spent tens of millions of US Dollars throughout the last seven decades in the development of its enviable and internationally-recognized reputation and goodwill in its name and mark 'CLINIQUE LA PRAIRIE' for cellular therapy and spa services." (Compl. ¶ 19).

15.    Moreover, plaintiff has alleged that the value of the CLP name is considerable given the alleged value of the CLP's global enterprise as a whole, and the purported international recognition of its name in association with anti-aging cellular products and spa services. (Compl. ¶¶ 14, 16).  CLP claims that it is a renowned institution housed in a multi-million dollar

- 4 -

medical and health facility in Switzerland, and that it "has a unique and eminent position as a spa of international fame and prestige." (Compl. ¶¶ 1, 13).

16.    CLP then accuses Ritz-Carlton of misappropriating, diluting and endangering its multi-million dollar mark. For example, the Complaint alleges that, "[y]ears after Clinique La Prairie started and gained fame for its cellular therapy and spa services through the use of its renowned name and service mark," Ritz-Carlton opened its "La Prairie" Spa and, in doing so, sought to "profit illegally from the name, goodwill and reputation of Clinique La Prairie and the services provided under its name ....." (Compl. ¶¶ 22, 23). Similarly, CLP alleges that Ritz-Carlton's "promotion [of its La Prairie Spa] wrongfully relies on the name, valuable good-will and international reputation of Clinique La Prairie." (Compl. ¶ 27) (*see also* Compl. ¶ 61: the Ritz-Carlton's "purpose and intent were to misappropriate in bad faith and for its advantage the good will and reputation that Clinique La Prairie has created in its name[.]")

17.    Finally, CLP seeks disgorgement of the Ritz-Carlton's profits and interest. Although contested, a claim for disgorgement of profits seeks to recover more than $75,000.

18.    Because CLP claims that its CLP mark is worth millions of dollars, and the damage that Ritz-Carlton is alleged to have done to this mark and its profits earned through its use of this mark will likely exceed $75,000, the $75,000 amount-in-controversy requirement is satisfied.

19.    Consequently, this action is removable to federal court because there is original federal jurisdiction under 28 U.S.C. § 1332.

20.    Accompanying this Notice of Removal are a Civil Cover Sheet, Fed. R. Civ. P. Rule 7.1 Disclosure Statement, and a check in the amount of $350.00 for the required filing fee.

- 5 -

**WHEREFORE**, defendant The Ritz-Carlton Hotel Company, LLC removes the State

Court Action from the Supreme Court of the State of New York, New York County, to this

Court, and prays that this Court take jurisdiction of this civil action to the exclusion of any

further proceedings in said state court.

Dated: New York, New York
      May 23, 2007

                       ARENT FOX LLP

                       By:

                       David Wynn (DW 8660)
                       1675 Broadway
                       New York, New York 10019
                       Telephone:  (212) 484-3900
                       Facsimile:   (212) 484-3990
                       wynn.david@arentfox.com

                       *Attorneys for The Ritz-Carlton Hotel Company,*
                       *LLC*

Of counsel:

Barbara Wahl
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5339
Telephone:     (202) 857-6415
Facsimile:      (202) 857-6395
wahl.barbara@arentfox.com

# EXHIBIT A.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

CLINIQUE LA PRAIRIE, S.A.

                                Plaintiff,

           -against-

THE RITZ-CARLTON HOTEL
COMPANY, LLC

                            Defendant.
------------------------------------------------------------------X

Index No.: *O7104903*

Summons

Plaintiff designates New York
County as the place of trial

The basis of venue is the cause
of action arose in New York

To the above-named Defendant(s):

      **You are hereby summoned** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within twenty (20) days after the service of the summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:     April 11, 2007

                                Respectfully submitted,

                                Milton M. Ferrell, Jr., Esq.
                                George G. Mahfood, Esq.
                                Ferrell Law, P.A.
                                Attorneys for Plaintiff
                                598 Madison Avenue
                                New York, NY 10022
                                (212) 813-9500

Defendants' Address:

The Ritz-Carlton Hotel Company, LLC
50 Central Park South
New York, New York 10019

NEW YORK
COUNTY CLERK'S OFFICE

APR 1 1 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------

CLINIQUE LA PRAIRIE, S.A.

                         Plaintiff,          Index No.:  *07104903*

        -against-

THE RITZ CARLTON HOTEL
COMPANY, L.L.C.,

                       Defendant.

-------------------------------------------------------------------

## COMPLAINT

    Clinique La Prairie, S.A. sues the Ritz Carlton Hotel Company, L.L.C., for dilution, injury to business reputation, unfair competition, and trademark infringement under the laws of the State of New York, specifically N.Y. Gen. Bus. Law § 360-*l* ("Injury to Business Reputation; Dilution") and common law.

## PARTIES, JURISDICTION AND VENUE

    1.    Plaintiff Clinique La Prairie, S.A. ("Clinique La Prairie") is a Swiss company, located in Montreux, Switzerland.  Founded over seventy-five (75) years ago, Clinique La Prairie is renowned for its cellular revitalization therapy.  It is equally renowned and internationally recognized as having one of the most sophisticated and advanced spas in the world.  Its service mark, "CLINIQUE LA PRAIRIE", is registered in Switzerland and has achieved the requisite fame in the United States to merit legal recognition.

NEW YORK
COUNTY CLERK'S OFFICE

APR 1 1 2007

NOT COMPARED
WITH COPY FILE

Index No.:_____

2.    Defendant Ritz-Carlton Hotel Company, L.L.C. (the "Ritz Carlton"), is a corporation organized and existing under the laws of the State of Delaware, has its headquarters at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815, and owns and operates luxury hotels worldwide. It operates or controls the operation of the Ritz Carlton hotel located at 50 Central Park South, New York, New York 10019, which in turn improperly operates or controls the operation of the "La Prairie at the Ritz Carlton Spa."

3.    The Ritz Carlton operates or controls the operations of two luxurious hotels, including the aforementioned one, in New York. This Court has personal jurisdiction over the Ritz Carlton because it engages in substantial and systematic business in the State of New York, and/or its tortious acts alleged herein were committed within the State of New York.

4.    Venue is proper in New York County, New York, as the cause of action arose in New York County, New York.

5.    La Prairie, Inc. (f/k/a Aviatrix Corporation) ("La Prairie") is a corporation organized and existing under the laws of the State of New Jersey, and is located and has its principal place of business at 680 Fifth Avenue, New York, New York. La Prairie is involved in the manufacture, distribution and/or sale of cosmetics under the name "La Prairie."

6.    Laboratoire La Prairie, S.A. ("Laboratoire La Prairie") is a corporation organized and existing under the laws of Switzerland, and is also involved in the manufacture, distribution and/or sale of cosmetic products under the name "La Prairie," either directly or through its affiliate La Prairie.

2

Index No.:_____

## FACTS

*Clinique La Prairie and Its Cellular Therapy*

7.    In 1931, Professor Paul Niehans attempted the first anti-aging injections of fresh animal cells at Clinique La Prairie.  Since then, Clinique La Prairie has become world renowned for, among other things, its cellular therapy, medical clinic and health spa.

8.    Specifically, one of the pillars of Clinique La Prairie's success derives from its pioneering work in the development of a unique cellular extract revitalization treatment, the concept discovered by Professor Paul Niehans in the year 1931.  The development and use of that cellular extract gave birth to Clinique La Prairie's world-famous Cellular Therapy.

9.    The Cellular Therapy involved the injection of the state-of-the-art anti-aging extract derived from fresh cells to revitalize the human skin.  In applying its Cellular Therapy, Clinique La Prairie, when it was affiliated to Laboratoires La Prairie, used La Prairie products that contained as an active ingredient a cellular extract derived from foetal sheep liver cells for the revitalization of the inner organism, cell regeneration, and the boosting of the human body's immune system (the "Cellular Product").

10.    Since the 1990's, Clinique La Prairie's Cellular Therapy has been using its *own* improved extract that derives from sheep cells.

11.    Accordingly, the use of the word "cellular" by Clinique La Prairie has been for decades, and continues to be, linked to its anti-aging revitalization therapy, which involves the use of its state-of-the-art cellular extract derived from sheep cells.

3

Index No.:_____

*Clinique La Prairie's Spa*

12.    Clinique La Prairie's Cellular Therapy historically has been administered to consumers in the context of Clinique La Prairie's dedication to the health and well-being of its clients.  Its building complex houses a medical clinic for check-ups and treatment provided by medical doctors.  Significantly, the complex also houses a health clinic, which includes luxurious accommodations, a swimming pool and spa.

13.    Clinique La Prairie's world renowned reputation is based, not only on its ground-breaking Cellular Therapy, but also on its health, fitness and spa services.  Since the 1960's, Clinique La Prairie has featured various relaxing body treatments, including facial, skin care and massage therapies to enhance the relaxation and comfort of its clients.  The therapies include the application of anti-aging skin care products on the face and body.  During the last few years, the Clinique La Prairie spa has been remodeled and expanded at a cost of tens of millions of US dollars.

14.    The name and service mark "CLINIQUE LA PRAIRE" is famously used by and associated with Clinique La Prairie's renowned spa services.  Clinique La Prairie no doubt has a unique and eminent position as a spa of international fame and prestige. In 2001, readers of Travel & Leisure, a United States magazine, voted Clinique La Prairie as the world's best international spa.  In 2003, it was named among the Best Spas in the World in Jo Foley, <u>Great Spa Escapes: The Definitive Guide to the Best Spas in the World, and What They Have to Offer</u> (Dakini Books 2003).  In 2006, "Clinique La Prairie, situated in Montreux on the shores of Lake Geneva, was awarded the title of Best European Spa . . . just a month after being named the 'world's best medical spa' by a leading UK newspaper [the Sunday Times]."  In 2007, Clinique La Prairie won second

4

Index No.:_____

place for Medical and Thermal Spas at the Conde Naste Traveller award ceremony. In addition, Forbes.com has featured Clinique La Prairie as one of "The World's Best Weight-Loss Spas".

15. Clinique La Prairie is well-known in the United States, and particularly with the class of people who use luxurious spas and cellular treatment services. In fact, in 1986, Clinique La Praire registered its service mark in the United States to arrange for medical and clinical treatment outside the country.

16. Accordingly, throughout the last seventy-five (75) years, Clinique La Prairie has built and maintained a strong, famous, world renowned, and enviable reputation in its name and service mark, which is associated with its high-end Cellular Therapy and health, fitness and spa services, at a cost of tens of millions of US dollars.

17. Clinique La Prairie is the owner of its name and has the exclusive rights to the use of the service mark "CLINIQUE LA PRAIRIE" for medical clinics and health clinics (i.e. spas, fitness centers, etc.).

18. Specifically, Clinique La Prairie is the owner of registered service marks throughout the world, including the following, which distinguish and identify its world renowned cellular therapy and spa services, indicating their source, quality and affiliation, and facilitating their sale to customers:

| Mark | Country | Registration Number and Date | For |
|------|---------|------------------------------|-----|
| CLINIQUE LA PRAIRIE | Switzerland | 411.917 April 16, 1993 | 42    Clinical services; research in the medical field. |
| Clinic la prairie | United States | 1.379.697 January 21, 1986 | 42    Arranging for medical and clinical treatment outside the country |

5

Index No.:_____

| CLP (Logo) | Switzerland | 413.170<br>April 16, 1993 | 42    Clinical services, including beauty clinic; [application, administration and distribution of medical cosmetics preparations;] research in the medical field. |
|---|---|---|---|

19.    Clinique La Prairie has spent tens of millions of US Dollars throughout the last seven decades in the development of its enviable and internationally-recognized reputation and goodwill in its name and mark "CLINIQUE LA PRAIRIE" for cellular therapy and spa services.

*The Sale of La Prairie Cosmetics*

20.    In the year 1982, La Prairie, at the time known as Aviatrix Corporation, acquired the manufacturing, packaging, promotion, marketing and distribution of "La Prairie" cosmetics from Mr. Armin Mattli, the then and current president and owner of Clinique La Prairie, through Bio-Pharma, Inc. pursuant to a series of agreements, including an Asset Acquisition Agreement dated December 3, 1982.  La Prairie acquired ownership of the trademark "La Prairie", which was historically used only for the cosmetics.

21.    Significantly, neither La Prairie nor Ritz Carlton bargained for, paid for or acquired Clinique La Prairie.  In fact, neither La Prairie nor Ritz Carlton has any rights to the name "CLINIQUE LA PRAIRIE," to the use of the nearly identical name "LA PRAIRIE", and to the service mark "CLINIQUE LA PRAIRIE," for cellular therapy, medical and spa services.

6

Index No.:_____

22.     As further explained below, Defendant Ritz Carlton is now improperly endeavoring to profit illegally from the name, goodwill and reputation of Clinique La Prairie and the services provided under its name without having bargained or paid for the right to do so.

*The La Prairie Spa at the Ritz Carlton*

23.     Years after Clinique La Prairie started and gained fame for its cellular therapy and spa services through the use of its renowned name and service mark, Defendant Ritz Carlton started operating and continues to operate a spa under the name "La Prairie" at the Ritz Carlton hotel located at 50 Central Park South, New York, New York 10019.

24.     Upon information and belief, La Prairie and/or Laboratoires La Prairie licensed, agreed to, assigned or endorsed the use of the name "La Prairie", for the operation of the spa at the Ritz Carlton.

25.     In doing so, Ritz Carlton is unlawfully endeavoring to create the illusion of identity, association, affiliation or connection with Clinique La Prairie's internationally renowned spa and cellular therapy services.

26.     The brochure of the La Prairie spa at the Ritz Carlton claims, in promoting its "Scientific Approach to Beauty", that:

> Laboratoires La Prairie traces its proud heritage to the *highly renowned* Clinic La Prairie in Montreux, Switzerland. For more than half a century, the Clinic has been the pioneer in *cellular, anti-aging therapy*, sharing its unique accomplishments *with thousands of visitors from around the world*. In 1978, after years of research, scientists at the Clinic La Prairie announced the advent of a *Cellular Skin Treatment System* that has revolutionized the science of skincare.

\*     \*     \*

7

Index No.:_____

> *La Prairie's unique Cellular facials, European, Asian and therapeutic massage . . . make* La Prairie at The Ritz Carlton Spa a place to abandon your high-pressure, high-profile life for an hour or more, of utter, sybaritic delight.

(emphasis supplied).   Next to this claim is the picture of the historical building of Clinique La Prairie, thus linking the spa to the image of the "highly renowned Clinic La Prairie in Montreux, Switzerland."

27.    Clearly, the promotion wrongfully relies on the name, valuable good-will and international reputation of Clinique La Prairie, which is the original spa that provides the services using the words "La Prairie."  In fact, Ritz Carlton has built no reputation for massage and cellular treatment services under the name "La Praire."  Only Clinique La Prairie has done so.

28.    Moreover, the spa at the Ritz Carlton is advertised on the hotel's internet site as:

> Replacing worldly concerns with a world of comfort.  It's our pleasure.
> Escape to *a place* where *La Prairie at The Ritz-Carlton Spa, Switzerland's first stateside spa*, inspires renewal. *La Prairie at The Ritz-Carlton Spa* features six treatment rooms, one wet room, men's and women's steam rooms and every relaxation and beauty-related need from jet lag therapy and facials to energetic body treatments.
>
> \*        \*        \*
>
> From the moment you walk into La Prairie at the Ritz Carlton Spa, you'll feel you've found sanctuary.

(emphasis added).  Thus, Ritz Carlton refers to "La Prairie at the Ritz Carlton Spa" as a place, where a sanctuary is found and spa services are provided.

29.    The promotion again wrongfully relies on the name, valuable good-will and international reputation of Clinique La Prairie, which is the only place in Switzerland that uses the words "La Prairie" in connection with spa services.  Otherwise, the

8

Index No.:_____

promotion would not claim to be *Switzerland's* first spa using the name "La Prairie" in the United States.

**Ritz Carlton's Misleading Claim of Cellular Treatment at the La Prairie Spa at the Ritz Carlton**

30.    Throughout the brochure and internet website, Ritz Carlton goes on to promote various body and facial treatments and massages at the spa using La Prairie's so-called "Cellular" products.

31.    In doing so, it creates the improper illusion of identity with the spa and cellular therapy of Clinique La Prairie, and thus unlawfully free-rides on the value and prestige of the "proud heritage" tracing back to "the highly renowned Clinic La Prairie", and its pioneering work in anti-aging *cellular* therapy, which has been enjoyed by "thousands of visitors from around the world."

32.    The terms "cellular," "cellular treatment," and "cellular therapy," when used in connection with the name of Clinique La Prairie refer to the historical use at Clinique La Prairie of the state-of-the-art cellular extract derived from sheep cells.

33.    La Prairie is now manufacturing cosmetics without any cellular extract derived from sheep cells. La Prairie's "cellular" products do not contain the ingredients historically associated with Clinique La Prairie's famous anti-aging Cellular Therapy and spa services.

34.    For example, La Prairie's "Cellular Eye Contour Cream" contains no extract of sheep cells that historically has been associated with the name "La Prairie" and its use of the term "cellular". Instead, the cream contains extracts of bacteria and yeast. Likewise, La Prairie's "Cellular Biocomplex" does not contain cellular ingredients derived from sheep cells.

9

Index No.:_____

35.    Ritz Carlton's use of the term "cellular" with the La Prairie cosmetics applied at the "La Prairie at the Ritz Carlton Spa" is misleading and/or deceiving because the cosmetics certainly do not contain as an active ingredient any state-of-the-art anti-aging cellular extract used by Clinique La Prairie. Yet, Ritz Carlton continues to promote the La Prairie "cellular" cosmetics treatments at the spa at the Ritz Carlton relying on the famous anti-aging Cellular Therapy developed by Clinique La Prairie, which uses the real state-of-the-art cellular extract derived from sheep cells.

36.    Accordingly, Ritz Carlton is confusing, misleading or deceiving consumers by claiming that La Prairie's debased "cellular" products used at the spa at the Ritz Carlton follow the reputable path created by Clinique La Prairie through its "Cellular Therapy".

37.    The confusion stems from the fact that the names "La Prairie" and "Clinique La Prairie" are so similar that it cannot be seriously disputed that the use of the name "La Prairie" for health and fitness services, such as spa and cellular treatment services, is likely to cause confusion, or to cause mistake or to deceive by creating the erroneous impression that the spa and cellular treatment services under the name of "La Prairie" originate with Clinique La Prairie, or that the services are authorized, sanctioned, franchised, licensed or endorsed by Clinique La Prairie.

38.    In other words, Ritz Carlton's use of the name "La Prairie" for the spa and cellular treatment *services* historically provided by Clinique La Praire, under its famous name and service mark "Clinique La Prairie," is likely to cause confusion, or to cause mistake or to deceive.

10

Index No.:_____

39.    The confusion is highlighted by complaints about rashes from consumers of the La Prairie products. Consumers have sent such complaints to Clinique La Prairie, which has nothing to do with the manufacture and sale of the La Prairie products.

40.    The danger posed to Clinique La Prairie's name, reputation and good-will by the use of the name "La Prairie" for spa and cellular treatment services is also evident from a recent Consumer Reports article concerning the testing of "wrinkle creams." The report concluded that "[t]he most-costly product tested, La Prairie Cellular ($335 for an ounce of day cream and 1.7 ounces of night cream), was among the *least* effective." (emphasis supplied).

41.    The goodwill of Clinique La Prairie's business under its name and service marks is of enormous value and Clinique La Prairie will suffer irreparable harm should Ritz Carlton's acts be allowed to continue, to the detriment of Clinique La Prairie's name, reputation and goodwill.

42.    In addition, Ritz Carlton's use of the same or similar name for the same or similar services will degrade and dilute the service mark "Clinique La Prairie" and deprive it of its distinctiveness among the consumers of the health services provided under that name.

43.    Ritz Carlton's actions will continue unless enjoined by this Court.

**AS AND FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF § 360-L ("INJURY TO**
**BUSINESS REPUTATION; DILUTION")**

44.    Plaintiff Clinique La Prairie incorporates by reference paragraphs 1 to 43 as if fully set forth herein.

11

Index No.:_____

45.    The CLINIQUE LA PRAIRIE name and service mark is world renowned, well-known, famous, distinctive and strong.  Indeed, La Prairie's own web-site boasts that "Laboratoires La Prairie traces its proud heritage to the *highly renowned Clinic La Prairie in Montreux, Switzerland*." (emphasis supplied).

46.    The name and service mark "CLINIQUE LA PRAIRE" has been for decades famously and continuously used by and associated with Clinique La Prairie as the source for the renowned spa and cellular therapy services sold and provided there.

47.    The "LA PRAIRIE" name for spa and cellular therapy services at the Ritz Carlton is nearly identical to the "CLINIQUE LA PRAIRIE" name and mark for the same or similar services.  The only difference is the omission of the word "CLINIQUE."

48.    Ritz Carlton is unlawfully endeavoring to create the illusion of identity with Clinique La Prairie's internationally famous and distinctive spa and cellular therapy services.  It was Clinique La Prairie, not Ritz Carlton, which made the name "La Prairie" famous in the high-class service fields of spa and cellular therapy.

49.    A significant number of customers are likely to be confused and, alternatively, among a significant number of customers who are not confused, Ritz Carlton's use of the nearly identical name for spa services providing "cellular" treatment without real cellular extract will illegally and likely dilute by blurring or injure the business reputation by tarnishment of Clinique La Prairie's internationally recognized and renowned spa services providing its famous cellular therapy.

50.    The threatened erosion and diminishment of the Clinique La Prairie's renowned, distinctive, unique and effective name and service mark for spa services and

12

Index No.:_____

cellular therapy by Ritz Carlton's use of the "La Prairie" name for spa services and misleading cellular treatment are real, imminent and continuous.

51.    The spa services provided under the name "LA PRAIRIE" at the Ritz Carlton are substantially similar to the ones historically provided under the name "CLINIQUE LA PRAIRIE". Both provide massage therapy and the application of skincare products in an expensive and luxurious setting. Both provide a fitness and wellness center. Both provide cellular therapy, with Clinique La Prairie providing it through a true state-of-the-art cellular extract deriving from sheep cells, while Ritz Carlton provides it through a knock-off.

52.    Moreover, Ritz Carlton's intentionally and knowingly using the name "La Prairie" to copy Clinique La Praire's renowned spa services with cellular therapy indicates a predatory intent to unfairly trade upon the vast goodwill and value of the Clinique La Prairie's renowned name and service mark.

53.    This predatory tactic is even more dangerous considering that the "La Prairie" trademark is well-known due to its own historical association with cosmetics, but is not well-known for spa services providing cellular therapy, and Ritz Carlton is now using the renowned name "LA PRAIRIE" in cosmetics to unfairly and illegally penetrate the renowned spa and cellular therapy services historically reserved for and provided under the name and service mark "CLINIQUE LA PRAIRIE".

54.    Clearly, the proliferation of the unlawful use of the name "LA PRAIRIE" for spa services providing cellular therapy would lessen the capacity of the famous service mark "CLINIQUE LA PRARIE" to identify and distinguish its services, resulting in dilution.

13

Index No.:_____

55.    Based on the foregoing, Ritz Carlton has injured the business reputation and/or, alternatively, diluted the name and service mark of Clinique La Prairie, in violation of N.Y. Gen. Bus. Law § 368-*l* ("Injury to business reputation; dilution").

56.    The public interest would not be disserved if an injunction is issued in this case. By enacting the statute, the State of New York has expressly declared its public policy favoring the entry of injunctive relief in cases of injury to business reputation and/or dilution.

57.    Accordingly, injunctive relief is justified under this statute against Ritz Carlton, as there is no adequate remedy at law. Ritz Carlton should be enjoined from using the name "La Prairie" for the spa at the Ritz Carlton, from referring to Clinique La Prairie in any way in connection with the spa, and from any use of the word "cellular" in connection with any treatments done with La Prairie products at the Ritz Carlton.

## AS AND FOR A SECOND CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

58.    Plaintiff Clinique La Prairie incorporates by reference paragraphs 1 to 43, 45-48, and 50-51 as if fully set forth herein.

59.    Ritz Carlton's intentionally and knowingly using the name "La Prairie" to copy Clinique La Praire's renowned spa services with cellular therapy indicates a predatory intent to unfairly trade upon the vast goodwill and value of the Clinique La Prairie's renowned service mark.

60.    Ritz Carlton obviously knew of the service mark "CLINIQUE LA PRAIRIE" and its internationally recognized use for cellular therapy and spa services when engaging in its predatory tactics.

14

Index No.:_____

61.    Ritz Carlton's purpose and intent were to misappropriate in bad faith and for its advantage the good will and reputation that Clinique La Prairie has created in its name, which includes the name "La Prairie," as a luxurious, high-end spa providing cellular treatment.

62.    A significant number of customers are likely to be confused, mistaken or deceived as to the origin, endorsement, association or affiliation of the spa services and cellular treatment offered at the spa at the Ritz Carlton as that of Clinique La Prairie.

63.    Ritz Carlton's acts are continuous in nature, and an injunction is necessary as there is no adequate remedy at law.

64.    The public interest would not be disserved if an injunction is issued in this case.  The state of New York has a significant interest in preventing the likelihood of consumer confusion, deception or mistake, and the predatory tactics amounting to unfair competition.

65.    Accordingly, Clinique La Prairie is entitled to an injunction enjoining Ritz Carlton from using the name "La Prairie" for the spa, from using the name of "Clinique La Prairie" in any way in connection with the spa, and from using the word "cellular" in connection with any treatments offered with La Prairie products at the spa, and for damages occasioned by Ritz Carlton's wrongful acts of unfair competition.

## AS AND FOR A THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT

66.    Plaintiff Clinique La Prairie incorporates by reference paragraphs 1 to 43, 45-48, 50-51, 59-60 and 62 as if fully set forth herein.

67.    Based on the foregoing, Clinique la Prairie has a famous name and service mark that is entitled to legal protection.

15

Index No.:_____

68.   Ritz Carlton's acts are continuous in nature and likely to cause confusion. Accordingly, an injunction is necessary as there is no adequate remedy at law.

69.   The public interest would not be disserved if an injunction is issued in this case. The state of New York has a significant interest in preventing the likelihood of consumer confusion, deception or mistake, and the predatory tactics amounting to trademark infringement.

70.   Accordingly, Clinique La Prairie is entitled to an injunction enjoining Ritz Carlton from using the name "La Prairie" for the spa, from using the name of "Clinique La Prairie" in any way in connection with the spa, and from using the word "cellular" in connection with any treatments offered with La Prairie products at the spa, and for damages occasioned by Ritz Carlton's wrongful acts of trademark infringement.

WHEREFORE, Plaintiff Clinique La Prairie respectfully demands judgment against the Defendant Ritz Carlton:

(A)   on the First, Second and Third Causes of Action for permanent injunction enjoining Defendant Ritz Carlton from:

(i)    using in any way the name "La Prairie" for the spa and spa services at the Ritz Carlton,

(ii)   using the name "Clinique La Prairie" in any way in connection with any spa and spa services at the Ritz Carlton, and

(iii)  using the word "cellular" in connection with any treatments offered with La Prairie products at the spa at the Ritz Carlton,

(B)   on the Second and Third Causes of Action for disgorgement of profits and interest,

16

Index No.:_____

and,

    (C)    for such other and further relief that this Court may deem just and necessary.

    Dated: April 11, 2007.

Milton M. Ferrell, Jr., Esq.
George G. Mahfood, Esq.
Ferrell Law, P.A.
Attorneys for Plaintiff
598 Madison Avenue
New York, NY 10022
(212) 813-9500

17