UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X
CLINIQUE LA PRAIRIE, S.A.

        Plaintiff,

   v.                                   Case No. 07 CV 4038-PAC

THE RITZ-CARLTON HOTEL COMPANY, LLC,    CIVIL CASE MANAGEMENT PLAN
                                                  AND SCHEDULING ORDER
        Defendant.
——————————————————————X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 0 2007

      This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1.    All parties **do not consent** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2.    This case **is** to be tried to a jury.

3.    Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within thirty (30) days from the date of this Order or from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later.

4.    Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than fourteen (14) days from the date of this Order or from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later.

5.    All fact discovery shall be completed no later than January 31, 2008, or 225 days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later.

6.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a.     Initial requests for production of documents to be served by August 24, 2007, or sixty (60) days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later;

    b.     Interrogatories to be served by August 24, 2007, or sixty (60) days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later;

    c.     Depositions to be completed by January 31, 2008, or 225 days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later;

    d.     Requests to Admit to be served no later than November 30, 2007, or 160 days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later.

    e.     The parties contemplate that responses to initial requests for production of documents served pursuant to (a) above, and to interrogatories served pursuant to (b) above shall be served by October 19, 2007, or sixty (60) days from the date of service of the initial requests for production of documents and interrogatories, whichever is later;

7.     a.     All _expert_ discovery shall be completed no later than March 31, 2008, or 240 days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later;

    b.     The Parties have conferred and have agreed on the following schedule for completion of expert discovery:

        i.     Plaintiff will serve its expert reports and related Rule 26 disclosures on or before January 31, 2008, or simultaneous with the close of discovery, which ever is later;

        ii.     Defendant will serve its expert reports and related Rule 26 disclosures on or before February 29, 2008, or 30 days after the plaintiff serves expert reports, whichever is later.

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

    a.    Counsel for the parties have had an informal exchange of information in aid of early settlement of this case and have agreed that it is premature to have meaningful settlement discussions at this time. Plaintiff is seeking a form of injunction and disgorgement of profits. Defendant has suggested that the parties enter into a tolling agreement, and that the plaintiff dismiss this action without prejudice, awaiting the outcome of arbitration between Clinique La Prairie, S.A. and La Prairie, Inc. currently pending in Switzerland. Neither proposal is acceptable to the opposing party.

    b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: Consideration of options (i) and (iii) and a deferral of the decision on the ultimate method chosen until a later point in the proceedings.

    c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case: within fifteen (15) days of the close of all discovery.

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: 7-10 days

13. Summary of Civil Case Management Plan Scheduling Dates:

See Attached Schedule

14.   [Other directions to the parties]

15.   The (next ~~Case Management~~) (~~Final~~ Pretrial Conference) *argument of motion to intervene* is scheduled for *August 2, 2007 — 3:00 p.m*

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than two (2) days prior to the expiration of the date sought to be extended.

Paul A. Crotty
United States District Judge

*/s/ Paul Crotty*

*June 20, 2007*
Dated: New York, New York

## CASE MANAGEMENT PLAN REQUIREMENT

| | |
|---|---|
| Motion to amend or to join additional parties to be filed: | Not later than thirty (30) days from the date of this Order or from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later |
| Initial disclosure pursuant to Rule26(a)(1) F.R.Civ. P. to be filed: | Not later than fourteen (14) days from the date of this Order or from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later. |
| All fact discovery to be completed | January 31, 2008, or 225 days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later. |
| Discovery – initial requests for production of documents to be served no later than: | August 24, 2007, or sixty (60) days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later. |
| Discovery – interrogatories to be served no later than: | August 24, 2007, or sixty (60) days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later. |
| Discovery – deposition to be completed no later than: | January 31, 2008, or 225 days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later. |
| Discovery – request to admit to be served no later than: | November 30, 2007, or 160 days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later. |
| All expert discovery to be completed no later than: | March 31, 2008, or 240 days from the date of the Court's ruling on La Prairie Inc.'s motion to intervene and stay, whichever is later |
| Parties to meet to confer on schedule for expert disclosures no later than: | Completed. |
| All counsel to meet face-to-face to discuss settlement no later than: | February 14, 2008, or 2 weeks after the close of discovery, whichever is later. |
| Date recommended by counsel for alternate dispute resolution: | February 15, 2008, or 15 days after the close of discovery, whichever is later |