UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,

                Plaintiff,

                                            Case No. 07 CV 4038-PAC

    v.

THE RITZ-CARLTON HOTEL COMPANY, LLC,
and, LA PRAIRIE, INC.,

                Defendant.
------------------------------------------------------------X

## DECLARATION OF GEORGE G. MAHFOOD

1. I am counsel for Clinique La Prairie, S.A. in this action and I maintain an office for the practice of law at 598 Madison Avenue, 2d Floor, New York, NY 10022.

2. Pierre Schifferli, of Geneva Switzerland, is Clinique La Prairie's counsel in the Swiss Arbitration proceeding for which these proceedings have been stayed.

3. Mr. Schifferly provided me with the attached Amendment to the Agreement of June 2, 1995 in the original German language and in the English translation. See **Exhibit 1** (German) and 2 (English).

I declare, under penalty of perjury, that the foregoing is true and correct.

                                                          _George G. Mahfood_

Executed on: 5-30-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,            :
                                      :
                    Plaintiff,        :
                                      :    Case No. 07 CV 4038-PAC
        v.                            :
                                      :
THE RITZ-CARLTON HOTEL COMPANY, LLC,  :
and, LA PRAIRIE, INC.,                :
                                      :
                    Defendant.        :
------------------------------------------------------------X

# EXHIBIT 1

## Anhang zur Vereinbarung vom 2. Juni 1995

zwischen

**Laboratoires La Prairie S.A.**, CH-1815 Clarens,
**La Prairie Inc.**, 10019 New York, N.Y.

nachstehend gemeinsam als "LP" bezeichnet

vertreten durch Rechtsanwälte Dr. Martin Ammann und Dr. Marcel Lustenberger, Meyer Lustenberger Rechtsanwälte Forchstrasse 452, CH-8032 Zürich

und

**Armin Mattli**, c/o Clinique La Prairie, CH-1815 Clarens,
handelnd für sich und die ihm gehörenden Gesellschaften, insbesondere
**Clinique La Prairie S.A.**, CH-1815 Clarens
**CT Holding**, CH-1796 Courgevaux

nachstehend als „AM" bezeichnet

alle vertreten durch Herrn RA Pierre Schifferli, Schifferli Rechtsanwälte,
8 Avenue Jules-Crosnier, CH-1206 Genève

sowie

Herrn RA Dr. Alexander Faber, Neupert & Partner, Dufourstrasse 58,
CH-8702 Zollikon-Zürich

### Präambel

Armin Mattli ist Alleinaktionär der CT-Holding, welche ihrerseits Alleinaktionärin der Clinique La Prairie SA ist. Die Clinique La Prairie SA betreibt in Montreux die Clinique La Prairie.

Die Laboratoires La Prairie SA und die La Prairie Inc. beschäftigen sich insbesondere mit Herstellung und dem Vertrieb von kosmetischen Produkten unter der Marke "La Prairie". Im Jahre 1982 hat Armin Mattli diesen Geschäftsbetrieb an La Prairie Inc. verkauft. Die Zusammenarbeit der Parteien wurde im Laufe der Zeit (nacheinander) durch verschiedene Vereinbarungen geregelt, zuletzt mit einer Vereinbarung vom 2. Juni 1995.

Zwischen den Parteien sind über die Auslegung und die Anwendung der Vereinbarung vom 2. Juni 1995 einige Differenzen aufgetaucht, insbesondere über den Begriff "Klinik"; über die Befugnis von AM, Kosmetika zu vertreiben, über die Frage, ob LP unter der

8. April 2008

Marke "La Prairie" Dienstleistungen erbringen und wer unter der Marke "La Prairie" Mineralwasser vertreiben darf. Gestützt auf Ziffer 10.2 der Vereinbarung vom 2. Juni 1995 haben die Parteien die Streitigkeit einem Ad hoc Schiedsgericht mit Sitz in Zürich unterbreitet; am 5. November 2007 haben AM Klage und am 19. Dezember 2007 LP Widerklage beim Schiedsgericht anhängig gemacht.

Mit diesem Anhang zur Vereinbarung vom 2. Juni 1995 („der Anhang") sollen die aufgetauchten Differenzen bereinigt und das Ad hoc Schiedsgerichtsverfahren und weitere Verfahren erledigt werden. Dabei soll die Vereinbarung vom 2. Juni 1995 bestehen bleiben.

## I. GEGENSTAND DIESES ANHANGS

1. Gegenstand der vorliegenden Anhangs bildet die Klärung strittiger Punkte zwischen den Parteien sowie die Erledigung der zwischen den Parteien und weiteren Beteiligten hängigen Verfahren.

## II. MARKENRECHTE

2. In Ergänzung zur Vereinbarung vom 2. Juni 1995 verpflichten sich die Parteien, die Marken, welche Gegenstand der Vereinbarung vom 2. Juni 1995 bilden, aufrecht zu erhalten, insbesondere auf eigene Kosten sämtliche für die Aufrechterhaltung des Schutzes notwendigen Handlungen vorzunehmen, wie etwa den Gebrauch der Marken - soweit vertraglich vereinbart - Schutz und Abwehr vor Verletzungen, Erneuerungen der Markenregistrierungen usw. Im Weiteren verpflichten sich die Parteien gegenseitig, allfällig erforderliche Zustimmungserklärungen abzugeben.

## III. MARKENABGRENZUNG

### A. Gebrauch der Marken durch AM

3. AM ist exklusiv berechtigt, die Marken „Clinique La Prairie" und „CLP" (als Wortmarken, Schriftzug oder Wortbildmarken) für die folgenden *Waren* zu gebrauchen: "Nahrungsmittel, Diätnahrungsmittel und Nahrungsmittelzusätze"

   * Als *Nahrungsmittel* gelten alle zu Ess- oder Trinkzwecken hergestellte oder verwendete Substanzen, inklusive nicht-alkoholische Getränke, wie Säfte, Fruchtsäfte, Mineralwasser, etc.

4. AM ist exklusiv berechtigt, die Marken „Clinique La Prairie" und „CLP" (als Wortmarken, Schriftzug oder Wortbildmarken) für die folgenden *Dienstleistungen* zu gebrauchen:

- Für den Betrieb von Medizinischen und/oder Gesundheitskliniken und der darin erbrachten Dienstleistungen

  Für die Zwecke des vorliegenden Anhangs gilt als *Klinik jede medizinische und/oder gesundheitsfördernde Einrichtung, die effektiv unter ärztlicher Aufsicht bzw. Verantwortung steht, wo ärztliche Dienstleistungen erbracht werden, und die in der Werbung und nach aussen als Medizinische und/oder Gesundheitsklinik auftritt.*

  *Als Medizinische und/oder Gesundheitskliniken im Sinne dieses Anhangs gelten auch Zentren und Residenzen, die mit einer Einrichtung für ärztliche Dienstleistungen verbunden werden und deren Attraktivität insbesondere auf einer Medizinischen und/oder Gesundheitsklinik im Sinne dieses Anhangs beruht. Dafür dürfen auch die Wortbildmarken "Clinique La Prairie" und "CLP" verwendet und durch AM (insbesondere heutige Klasse 36) registriert werden.*

5. AM ist nicht berechtigt, die Marken "Clinique La Prairie" und "CLP" oder damit verwechselbare, ähnliche oder anlehnende Marken für andere Waren, als die in Ziff. 3 vorstehend erwähnten und andere Dienstleistungen, als die in Ziff. 4 vorstehend erwähnten zu verwenden.

6. AM ist insbesondere nicht berechtigt, unter den Marken "Clinique La Prairie", "CLP" oder damit verwechselbaren, ähnlichen oder anlehnenden Marken Kosmetika zu vertreiben. AM darf jedoch Kosmetika unter andern Marken vertreiben, soweit dabei nicht direkt oder indirekt ein Bezug auf die Clinique La Prairie (insbesondere auf deren Heritage) sowie die obgenannten Marken hergestellt wird. Dies gilt insbesondere auch für die unter der Marke "Swiss Perfection" vertriebenen Produkte. Diese Beschränkung gilt auch für Werbung, Warenpräsentation und PR-Aktivitäten.

   AM verpflichtet sich, den Inhalt der Website „www.swissperfection.com" diesem Anhang anzupassen.

   AM darf jedoch in Medizinischen und/oder Gesundheitskliniken gemäss Ziff. 4 auf die Anwendung von Produkten anderer Marken, insbesondere „Swiss Perfection", hinweisen und diese dort auch verkaufen. Der Hinweis auf die von solchen Kliniken verwendeten Produkte darf auch in Prospekten sowie auf den Websites dieser Kliniken enthalten sein.

7. AM ist nicht berechtigt, die Marke „La Prairie" zu verwenden. Dies gilt auch für damit verwechselbare, ähnliche oder anlehnende Marken unter Vorbehalt der Ziff. 3 und 4 vorstehend.

B. **Gebrauch der Marken durch LP**

8. *LP ist exklusiv berechtigt, die Marke "La Prairie" (als Wortmarken, Schriftzug oder Wortbildmarken) für alle anderen als die in Ziff. 3 genannten Waren zu gebrauchen, insbesondere auch:*

- für "Kosmetische Produkte, wie Haut- und Körperpflegeprodukte, Parfümerien, dekorative Kosmetik", etc.

9. LP ist exklusiv berechtigt, die Marke "La Prairie (als Wortmarken, Schriftzug oder Wortbildmarken) für alle andern als die in Ziff. 4 genannten *Dienstleistungen* zu gebrauchen, insbesondere auch:

- für den Vertrieb, Verkauf und Anwendungen mit kosmetischen Produkten, insbesondere Haut- und Körperpflegeprodukten, Parfümerien, dekorative Kosmetik

- für den Betrieb von Schönheitssalons und Einrichtungen, in denen Dienstleistungen angeboten werden, wobei solche Einrichtungen nicht den Charakter einer Medizinischen und Gesundheitsklinik in dem in Ziff. 4 umschriebenen Sinn haben dürfen.

    Dass in einer Einrichtung neben kosmetischen Anwendungen auch ärztliche Dienstleistungen durch Dritte (nicht mit LP verbunden) erbracht werden, schliesst die Berechtigung von LP nicht aus, selbst oder durch Vierte in dieser Einrichtung kosmetische Anwendungen unter der Marke „La Prairie" (als Wortmarke, Schriftzug oder Wortbildmarke) zu erbringen, sofern diese Einrichtung als Ganzes nicht unter der Marke „La Prairie" betrieben wird oder erscheint. Die betreffenden ärztlichen Dienstleistungen dürfen nicht unter Bezug auf die Marke „La Prairie" erbracht oder mit ihr in Verbindung gebracht werden.

    Allein dadurch, dass die Gesetzgebung die Verfügbarkeit eines Arztes vorschreibt, wird die Einrichtung nicht zur Medizinischen und/oder Gesundheitsklinik. Jedenfalls dürfen von LP keine ärztlichen Dienstleistungen erbracht und kein Bezug zwischen den ärztlichen Dienstleistungen und der Marke „La Prairie" hergestellt werden.

10. LP ist nicht berechtigt, die Marke "La Prairie" oder damit verwechselbare, ähnliche oder anlehnende Marken für Waren gemäss Ziff. 3 vorstehend sowie für Dienstleistungen gemäss Ziff. 4 vorstehend zu verwenden.

11. LP ist nicht berechtigt, die Marken "Clinique La Prairie" und "CLP" zu verwenden. Die Ziff. 4.2 der Vereinbarung vom 2. Juni 1995 bleibt vorbehalten.

### IV. GEGENSEITIGER RÜCKZUG ALLER PENDENTEN VERFAHREN

12. AM verpflichtet sich, innert zehn (10) Tagen nach gegenseitiger Unterzeichnung dieses Anhangs die Klage in den USA gegen Ritz Carlton zurück zu ziehen.

13. AM verpflichtet sich, innert zehn (10) Tagen nach gegenseitiger Unterzeichnung dieses Anhangs im Internet sämtliche Veröffentlichungen über LP und ihre Vertragspartner, insbesondere über Ritz Carlton, auf eigene Kosten zu entfernen.

14. LP verpflichtet sich, innert zehn (10) Tagen nach gegenseitiger Unterzeichnung dieses Anhangs die Widersprüche in den Widerspruchsverfahren Nr. 08974-08976, 08977-08978 und 9273 beim Eidgenössischen Institut für Geistiges Eigentum in Bern IGE zurück zu ziehen.

8. April 2008

15. Mit Unterzeichnung dieses Anhangs gelten die Klage vom 5. November 2007 sowie die Widerklage vom 19. Dezember 2007 als zurückgezogen.

16. Die Parteien tragen die Gerichtskosten des Schiedsgerichtes in der Höhe von CHF 500'000 (inklusive Barauslagen und Gerichtssekretärin) je zur Hälfte und verzichten gegenseitig auf Prozessentschädigung.

17. Das Schiedsgericht wird für den nicht durch den Kostenvorschuss gedeckten Betrag separat Rechnung stellen.

## V. DAUER

18. Die Dauer dieses Anhangs entspricht Ziffer 6 der Vereinbarung vom 2. Juni 1995.

## VI. WEITERDAUER DER VEREINBARUNG VON 1995

19. Durch diesen Anhang wird die Vereinbarung der Parteien vom 2. Juni 1995, mit Ausnahme der Ziffern 5.1 und 5.2, nicht aufgehoben. Bei Widersprüchen geht der vorliegende Anhang zur Vereinbarung vom 2. Juni 1995 letzterer vor.

## VII. WELTWEITE GELTUNG ALLER RECHTE UND PFLICHTEN

20. Dieser Anhang gilt weltweit.

## VIII. GELTUNG DIESES ANHANGS FÜR PARTEIEN UND RECHTSNACHFOLGER

21. Dieser Anhang zur Vereinbarung ist für die Parteien und für sämtliche mit ihnen verbundenen Gesellschaften sowie für allfällige Rechtsnachfolger der Parteien verbindlich. Die Parteien verpflichten sich, bei einem allfälligen Verkauf der Marken die Verpflichtungen dieses Anhangs auf die Käuferschaft zu übertragen.

## IX. ANWENDBARES RECHT UND GERICHTSSTAND, SCHIEDSKLAUSEL

22. Ziffer 10 der Vereinbarung vom 2. Juni 1995 gilt auch für diesen Anhang.

23. Die Parteien akzeptieren sowohl für die Vereinbarung vom 2. Juni 1995 als auch für diesen Anhang folgende neue Schiedsklausel:

Falls Streitigkeiten, Meinungsverschiedenheiten oder Ansprüche nicht einvernehmlich gelöst werden können, sind sie durch ein Schiedsverfahren gemäss der Internationalen Schiedsordnung der Schweizerischen Handelskammern zu regeln. Es gilt die zur Zeit der Zustellung der Einleitungsanzeige in Kraft stehende Fassung der Schiedsordnung. Das Schiedsgericht besteht aus drei Schiedsrichtern. Der Sitz des Schiedsgerichts ist Zürich. Die Sprache des Schiedsverfahrens ist deutsch.

8 April 2008

Ausgefertigt am 8. April 2008 in Zürich in acht Originalen, wobei ein Original dem Schiedsgericht zugestellt werden soll.

Zürich, 8. April 2008

Laboratoires La Prairie S.A.
La Prairie Inc.

RA Dr. Martin Ammann

RA Dr. Marcel Lustenberger

Zürich, 8. April 2008

Armin Mattli
Clinique La Prairie S.A.
CT-Holding SA

Me Pierre Schifferli

RA Dr. Alexander Faber

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,         :
                                    :
                    Plaintiff,      :
                                    :   Case No. 07 CV 4038-PAC
         v.                         :
                                    :
THE RITZ-CARLTON HOTEL COMPANY, LLC,:
and, LA PRAIRIE, INC.,              :
                                    :
                    Defendant.      :
-------------------------------------------------------------X

# EXHIBIT 2

TRANSLATION FROM GERMAN:
Ref. 2008114
April 8, 2008

## Amendment to the Agreement of June 2, 1995

between

**Laboratoires La Prairie S.A., CH-1815 Clarens**
**La Prairie Inc., 10019 New York, N.Y.**

hereinafter jointly referred to as "LP",

represented by Messrs Dr. Martin Ammann, Esq., and Dr. Marcel Lustenberger, Esq., attorneys-at-law, Lawfirm Meyer Lustenberger, Forchstrasse 452, CH-8032 Zurich,

and

**Armin Mattli**, c/o Clinique La Prairie, CH-1815 Clarens,
acting on his own behalf as well as on behalf of the companies he owns, in particular
**Clinique La Prairie S.A.,** CH-1815 Clarens,
**CT Holding,** CH-1796 Courgevaux

hereinafter referred to as **"AM"**

represented by Mr. Pierre Schifferli, Esq., Schifferli Attorneys-at-law,
8, avenue Jules-Crosnier, CH-1206 Geneva

as well as by

Dr. Alexander Faber, Esq., Neupert & Partner, Dufourstrasse 58, CH-8702 Zollikon-Zurich

### Preliminary Statement

Armin Mattli is the sole shareholder of CT-Holding which, in turn, is the sole shareholder of Clinique La Prairie SA. Clinique La Prairie SA runs the Clinique La Prairie in Montreux.

The Laboratoires La Prairie SA and La Prairie Inc. namely deal with the manufacturing and the marketing of cosmetic products under the brand name "La Prairie". In 1982, Armin Mattli sold this operation to La Prairie Inc. Over the years, the parties' cooperation was defined (successively) within several agreements, the latest of which is dated June 2, 1995.

Some disagreements arose between the parties regarding the interpretation and the application of the Agreement of June 2, 1995, in particular related to the term "Clinic", regarding AM's right to sell Cosmetics, regarding the question whether LP was allowed to provide services under the brand name "La Prairie", and regarding who was allowed to sell mineral water under the brand name "La Prairie".

Certified true and correct translation:
Etienne SOLTERMANN, att

**TRANSLATION FROM GERMAN:**
Ref. 2008114
April 8, 2008

Based on point 10.2 of the Agreement of June 2, 1995, the parties submitted the quarrel to an Ad Hoc Arbitration Court sitting in Zurich. On November 5, 2007 AM filed his claim, and on December 19, 2007 LP filed a counter-claim before the Arbitration Court.

The purpose of this Amendment to the Agreement of June 2, 1995 ("The Amendment") is to settle the differences that arose as well as the Ad Hoc Arbitration proceeding and any other proceedings. Thereby, the Agreement of June 2, 1995 shall remain valid.

### I. SUBJECT OF THIS AMENDMENT

1. The purpose of this amendment is the settlement of litigious points between the parties as well as the settlement of the proceedings pending between the parties and other participants.

### II. BRAND RIGHTS

2. In addition to the Agreement of June 2, 1995, the parties undertake to maintain the brands which are the subject of the Agreement of June 2, 1995 and, in particular, to take the necessary steps, at their own cost, to maintain the protection thereof, such as the use of the brands -- inasmuch as this is contractually agreed -- the protection and the defense against violations, renewals of brand registrations, etc. Furthermore, the parties undertake to mutually provide to each other any statements of approval that may be necessary.

### III. DELIMITATION OF BRANDS

#### A. Use of the Brands by AM

3. AM has the exclusive right to use the brands "Clinique La Prairie" and "CLP" (as name brands, logos or image brands) for the following *products*: "food products, diet food products and food additives".

   - Shall be considered as *food products* any substances produced or used for the purpose of being eaten or drunk, including non-alcoholic beverages such as juices, fruit-juices, mineral water, etc.

4. AM is solely authorized to use the brands "Clinique La Prairie" and "CLP" (as name brands, logos or image brands) for the following *services*:

- For the operation of medical and/or health clinics as well as for the services provided therein.

  For the purposes of this Amendment, the term *Clinic* refers to any medical and/or health establishment which is actually placed under medical supervision, respectively responsibility, where medical services are provided, and which, in the advertising and towards third parties, appears as a medical and/or health clinic.

  In the sense of this Amendment, shall also be considered as medical and/or health clinics any centers or residences linked to an establishment providing medical services and whose attractiveness is based namely on the existence of a medical and/or health clinic in the sense of this Amendment. For this purpose, AM may also use and register the word and image brands "Clinique La Prairie" and "CLP" (in particular the present class 36).

5. AM is not entitled to use the brands "Clinique La Prairie" and "CLP" or any similar, comparable brands or any brands that might be confused therewith, for any other products than the ones mentioned under point 3 hereinabove or for any services other than those mentioned under point 4 hereinabove

6. In particular, AM is not entitled to distribute any cosmetic products under the brand names "Clinique La Prairie", "CLP" or under any similar, comparable brands or any brands that might be confused therewith. However, AM may distribute cosmetic products under different brand names, at the condition that by doing so, there is no direct or indirect relation established with the Clinique La Prairie (in particular its heritage) or with the above-mentioned brands. This also applies namely to the products distributed under the brand "Swiss Perfection". This restriction shall also apply to advertisement, product presentations and PR-activities.

   AM undertakes to adapt the contents of the website "www.swissperfection.com" to the terms of this Amendment.

   However, in medical and/or health clinics as described under point 4 hereinabove, AM may refer to the use of products of other brands, such as "Swiss Perfection" and may also sell them on the premises There may be a reference to the products used in such clinics within the brochures and on the websites of these clinics.

7. AM is not entitled to use the brand "La Prairie". This applies to any similar, comparable brands as well as to any brands that might be confused therewith. Points 3 and 4 hereinabove remain reserved.

**B. Use of the Brands by LP**

8. LP has the exclusive right to use the brand "La Prairie" (as name brand, logo or image brand) for all *products* others than those mentioned under point 3 hereinabove, i e. namely the following:

**TRANSLATION FROM GERMAN:**
Ref. 2008114
April 8, 2008

- for any cosmetic products such as skin and body care products, perfumeries, decorative cosmetics, etc

9. LP has the exclusive right to use the brand "La Prairie" (as name brand, logo or image brand) for all *services* others than the ones mentioned under point 4 hereinabove, i.e., in particular for the following:

    - for the distribution, the sale and the application with cosmetic products, in particular skin and body care products, perfumeries, decorative cosmetics.

    - for the operation of beauty parlors and establishments where services are provided, whereby such establishments may not present the characteristics of a medical and health clinic in the sens of point 4 hereinabove.

    The fact that in an establishment, aside of cosmetic applications, there are also medical services provided by third parties (not related to LP) does not preclude LP from providing in that establishment, itself or through third parties, any cosmetic applications under the brand name "La Prairie" (as name brand, logo or image brand), as long as the said establishment is not run as a whole nor appears to be run under the brand name "La Prairie". The concerned medical services must not be provided with any reference to the brand "La Prairie" nor put into relation therewith.

    The sole fact that the law may require the availability of a physician does not turn the establishment into a medical and/or health clinic. However, LP may not provide any medical services, and no relation must be established between medical services and the brand "La Prairie".

10. LP is not entitled to use the brand "La Prairie" or any similar, comparable brands or any brands that might be confused therewith for any products as mentioned under point 3 hereinabove or for any services as mentioned under point 4 hereinabove.

11. LP is not entitled to use the brands "Clinique La Prairie" and "CLP". Point 4.2 of the Agreement of June 2, 1995 remains reserved.

### IV. RECIPROCAL WITHDRAWAL OF ALL PENDING PROCEEDINGS

12. AM undertakes to withdraw the claim filed in the USA against Ritz Carlton within ten (10) days after the mutual signing of this Amendment.

13. AM undertakes to remove, at his own cost, any and all Internet publications on LP and its contracting partners, in particular Ritz Carlton, within ten (10) days after the mutual signing of this Amendment.

14. LP undertakes to withdraw the oppositions in the opposition proceedings # 08974-08976, 08977-08973 and 8273 pending before the Swiss Federal Institute of Intellectual Property IGE in Bern.

---

Certified true and correct translation:
Etienne SOLTERMANN, att

4/6

TRANSLATION FROM GERMAN:
Ref 2008114
April 8, 2008

15. With the signature of this Amendment, the claim of November 5, 2007 as well as the counter claim of December 19, 2007 shall be considered to be withdrawn.

16. The parties shall each assume half of the costs of the Arbitration Court, amounting to CHF 500'000.00 (including cash expenses and Court secretary), and they shall mutually waive any claim on procedural damages.

17. The Arbitration Court will separately invoice any amounts not covered by the advance on fees.

## V. DURATION

18. The duration of this Amendment shall correspond to point 6 of the Agreement of June 2, 1995

## VI. CONTINUATION OF THE AGREEMENT OF 1995

19. This Amendment does not cancel the Agreement between the parties dated June 2, 1995, except points 5.1 and 5.2 thereof. If there were any contradictions, this Amendment to the Agreement of June 2, 1995 shall prevail.

## VII. WORLDWIDE APPLICATION OF ALL RIGHTS AND OBLIGATIONS

20. This Amendment shall apply worldwide.

## VIII. APPLICABILITY OF THIS AMENDMENT TO THE PARTIES AND THEIR SUCCESSORS IN LAW

21. This Amendment to the Agreement shall be binding upon the parties and for all companies related to the parties as well as upon any possible successors. In the event of any sale of the brands, the parties undertake to transfer the obligations under this Amendment to the buyers.

## IX. APPLICABLE LAW AND VENUE; ARBITRATION CLAUSE

22. Point 10 of the Agreement of June 2, 1995 shall also apply to this Amendment.

23. The parties shall accept the following new arbitration clause both for the Agreement of June 2, 1995 and for this Amendment.

   Any litigation, disagreements or claims that cannot be settled amicably are to be settled by an arbitration proceeding according to the International Arbitration Rules of the Swiss Chambers of Commerce. The applicable Arbitration Rules shall be the ones in force at the time of the filing of the request for arbitration. The Arbitration Court shall be composed of three Arbitrators. The Arbitration Court shall sit in Zurich. The language of the Arbitration proceeding shall be German.

TRANSLATION FROM GERMAN:
Ref. 2008114
April 8, 2008

Established on April 8, 2008 in Zurich in eight master copies, one of which shall be forwarded to the Arbitration Court.

| | |
|---|---|
| Zurich, April 8, 2008 | Zurich, April 8, 2008 |
| Laboratoires La Prairie S.A | Armin Mattli |
| La Prairie Inc. | Clinique La Prairie S.A. |
| | CT-Holding SA |
| (signature) | |
| Dr. Martin Ammann, Esq. | Mr. Pierre Schifferli, Esq. |
| | (signature) |
| Dr. Marcel Lustenberger, Esq | Dr Alexander Faber, Esq. |
| (signature) | (signature) |

Certified true and correct translation:
Etienne SOLTERMANN, att
ETIENNE SOLTERMANN
Avocat
16, rue du Roveray
CH-1207 GENEVE

6/6