UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,          :
                                     :
              Plaintiff,             :
                                     :   Case No. 07 CV 4038-PAC
    v.                               :
                                     :
THE RITZ-CARLTON HOTEL COMPANY, LLC, :
and, LA PRAIRIE, INC.,               :
                                     :
              Defendant.             :
------------------------------------------------------------X

### PLAINTIFF CLINIQUE LA PRAIRIE, S.A.'S MEMORDANUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO VOLUNTARILY DISMISS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)2

Plaintiff, Clinique La Prairie, S.A. ("Clinique La Prairie"), by and through its undersigned counsel, hereby submits it memorandum of law in support of its motion for leave to voluntarily dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), and states in support:

### STATEMENT OF THE FACTS

Throughout the past two decades, Clinique La Prairie and La Prairie, Inc. ("La Prairie") have entered into several agreements regarding disputed rights to use the name "La Prairie" for various goods and services. The most recent agreement between these two parties before the filing of this action was dated June 2, 1995. Clinique La Prairie initiated this action on April 11, 2007 in the Supreme Court of the State of New York against The Ritz-Carlton Hotel Company, LLC (the "Ritz"). The Ritz removed it to this court on May 23, 2007. On May 25, 2007, Clinique La Prairie initiated a Swiss arbitration against La Prairie pursuant to the terms of their June 2, 1995 agreement. On October 18, 2007, this Court granted La Prairie's Motion to Intervene and Motion to Stay this action pending the final resolution of the arbitration in Zurich,

Switzerland between Clinique La Prairie and La Prairie. The Swiss arbitration has since resulted in an Amendment to the Agreement of June 2, 1995 between Clinique La Prairie and La Prairie, regarding the claims asserted in the arbitration and a new agreement executed on April 8, 2008, that sets forth the terms of their relationship for the future.

The April 8, 2008 Agreement includes several clauses under the heading "IV. Reciprocal Withdrawal of all Pending Proceedings." See Declaration of George G. Mahfood, **Exhibit 2**, English Translation of the April 8, 2008 Amendment to the Agreement of June 2, 1995 ("April 8, 2008 Agreement"). Paragraph 12 of this agreement states that Clinique La Prairie will "withdraw the claim filed in the USA against Ritz. The April 8, 2008 Agreement also makes specific reference to the equal division of the costs of the arbitration between the parties, without any references to costs for this action. **Exhibit 2**, April 8, 2008 Agreement, Para. 16.

Clinique La Prairie requests leave to voluntarily dismiss this action without prejudice. Fed. R. Civ. P. 41(a)(2) applies to this voluntary dismissal because answers were filed by each defendant and the parties have not agreed to a stipulation for dismissal without prejudice. A voluntary dismissal is contemplated by the April 8, 2008 Agreement between La Prairie and Clinique La Prairie. La Prairie's rights are protected by that same April 8, 2008 Agreement and it will not suffer any legal prejudice from a dismissal without prejudice. Finally, there is no basis for a dismissal with prejudice.

## ARGUMENT

### I. The Court has Broad Discretion to Allow a Dismissal of an Action Without Prejudice.

Rule 41(a)(2) permits a court to voluntarily dismiss an action when the plaintiff requests it. *U.S. v. One 1990 Artic Cat Ext Snowmobile ID No. 9137046*, 1996 WL 132107, at *1, (S.D.N.Y. March 22, 1996). When there is no stipulation by the parties for a voluntary dismissal

2

of an action, a dismissal may be granted "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *Occunomix Int'l, LLC v. N. Ocean Ventures, Inc.*, 2003 WL 22240660, at *2 (S.D.N.Y. September 30, 2003). Although a voluntary dismissal under Rule 41(a)(2) is not a matter of right, there is a presumption that the dismissal should be granted absent evidence that the defendants will "suffer substantial prejudice as a result." *BD, ex Rel Jean Doe v. DeBuono*, 193 F.R.D. 117, 123 (S.D.N.Y 2000); *The Gap v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997). Unless otherwise stated, a dismissal under this rule is without prejudice. Fed. R. Civ. P. 41(a)(2); *Horton v. Trans World Airlines, Corp.*, 169 F.R.D. 11, 15 (E.D.N.Y. 1996). When deciding if voluntary dismissal is appropriate, courts consider: "(1) the plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on the plaintiff's part; (3) the extent to which the suit has progressed…; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *Occunomix*, 2003 WL 22240660, at *2. The rationale for Rule 41(a)(2) is principally to preclude an unfair affect on the other party by the voluntary dismissal. *Occunomix*, 2003 WL 22240660, at *2.

The defendants bear the burden of establishing that they will suffer plain legal prejudice. If defendants do not meet this burden, the court should grant the motion for voluntary dismissal. *One 1990*, 1996 WL 132107, at *1; *Conafay by Conafay v. Wyeth Lab.*, 841 F.2d 417, 419 (D.C. Cir. 1988) (holding a voluntary dismissal should not be denied if there is no clear legal prejudice to the defendant.) Legal prejudice, in this context, concerns "the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed." *Camilli v. Grimes*, 436 F.3d 120, 124 (2d Cir. 2006); *see also Conafay*, 841 F.2d at 419; *One 1990*, 1996 WL 132107, at *1 (holding that the possibility of a second lawsuit or a tactical shortcoming will not establish legal prejudice sufficient to prohibit dismissal). The most

3

important factor to ensure is that the defendant will not suffer legal prejudice from the voluntary dismissal. *Conafay*, 841 F.2d at 420.

Rule 41(a)(2) also allows a court to condition the voluntary dismissal upon terms and conditions it may set at its discretion, including fees and costs awards. *BD ex rel Jean Doe*, 193 F.R.D. at 125; *The Gap*, 169 F.R.D. at 589. Fees and costs are only awarded if demanded by justice. *Id.* Courts have denied fees and costs, unless there is a showing of plaintiff's bad faith. *BD ex rel Jean Doe*, 193 F.R.D. at 125. The purpose for an award of fees and costs is to compensate the defendant for the risk of a re-filed suit to avoid the duplication of expenses. *The Gap*, 169 F.R.D. at 589.

## II. A Voluntary Dismissal of this Action Without Prejudice is Appropriate Because There is No Legal Prejudice to Defendants.

Voluntary dismissal without prejudice is warranted under the standards established by this Court. First, Clinique La Prairie brings this motion within weeks of the execution of the April 8, 2008 Agreement and has not been dilatory.[1] Second, there have been no allegations of "undue vexatiousness" by Clinique La Prairie and there is no evidence of such behavior by Clinique La Prairie. Third, this Court stayed this action at an early stage for the purpose of awaiting the outcome of the Swiss Arbitration. The Arbitration is now concluded and has led to a new agreement between Clinique La Prairie and La Prairie. That agreement provides for a withdrawal of this action, but no more than that. Additionally, the arbitration proceedings and the April 8, 2008 Agreement were accomplished less than a year after Clinique La Prairie initiated this suit against the Ritz. Fourth, Clinique La Prairie and La Prairie have a new agreement by which to conduct their businesses and have included a provision for the withdrawal of this matter.

---

[1] Clinique La Prairie promptly sought an agreement of the parties for a stipulation of dismissal without prejudice. After numerous telephone conversations with Mr. Gold, counsel for La Prairie, and an in-person meeting with Ms. Wahl, counsel for the Ritz, the parties were unable to reach an agreement.

4

Future litigation, if any, will be the subject of future conduct and this April 8, 2008 Agreement. Relitigation is not a concern and dismissal is fully appropriate because it is the product of a bilateral agreement of two of the parties.

### III. The April 8, 2008 Agreement Does Not Require a Dismissal With Prejudice.

Clinique La Prairie is simply required to "withdraw" this action. **Exhibit 2**, April 8, 2008 Agreement, Para. 12. The language of the April 8, 2008 Agreement does not require that this action be dismissed with prejudice. The German phrase for "with prejudice" is *"mit präjudizieller Wirkung."* That phrase does not appear in the original German of the Agreement and the English translation does not have the words "with prejudice" anywhere. A "with prejudice" dismissal is not required by the agreement and the standards for a without prejudice dismissal are present. The Ritz, which is not a party to the April 8, 2008 Agreement, is receiving the benefit of that agreement without having made any concessions to Clinique La Prairie. Therefore, neither defendant will suffer any plain legal prejudice by the voluntary dismissal without prejudice of this action.

### IV. Justice does not Demand an Award of Fees or Costs be Imposed with the Voluntary Dismissal Without Prejudice.

Rule 41(a)(2) allows a court discretion to condition a voluntary dismissal with certain terms and conditions as it deems appropriate. Fed. R. Civ. P. 41(a)(2). Most common is the imposition of an award of fees and costs; however, such an award can only be imposed if justice so demands. *BD ex rel Jean Doe*, 193 F.R.D. at 125; *The Gap*, 169 F.R.D. at 589. Justice does not demand the imposition of a fees and costs award unless there is a showing of bad faith or vexatiousness by Clinique La Prairie. *BD ex rel Jean Doe*, 193 F.R.D. at 125. No showing of bad faith by Clinique La Prairie has been, or can be, made in this instance.

Clinique La Prairie and La Prairie reached an agreement that is intended to delineate their rights and duties for the present and future. They did not agree that the dismissal of this action should be accompanied by Clinique La Prairie paying fees and costs, though they could and did address that issue as to the arbitration proceedings. (See April 8, 2008 Agreement, Para. 16, providing for each party to assume half the costs.) The judgment of the parties expressed in the agreement should be honored in connection with the dismissal of this action. It is appropriate to order the voluntary dismissal without prejudice and without an award of fees and costs to the defendants.

## CONCLUSION

Clinique La Prairie hereby requests that this Honorable Court enter an order allowing a voluntary dismissal without prejudice and directing each party to bear its own fees and costs.

•

Respectfully submitted,

**FERRELL LAW, P.A.**

By:  s/ George G. Mahfood
     Milton M. Ferrell, Jr. (MF1826)
     George G. Mahfood (GM0578)

     598 Madison Avenue
     Second Floor
     New York, New York 10022
     Tel: 212-813-9500
     Fax: 212-813-1155
     gmahfood@ferrellworldwide.com

     *Attorneys for Clinique La Prairie, S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that at true and correct copy of the foregoing was served by electronic mail on the following counsel for defendant: David Wynn, Arent Fox LLP, 1675 Broadway, New York, New York 10019, wynn.david@arentfox.com; Barbara Wohl, Arent Fox LLP, 1050 Connecticut Avenue, N.W., Washington, D.C., 20036-5339, wahl.barbara@arentfox.com; and Martin R. Gold, Sonnenschein Nath & Rosenthal LLP, 1221 Avenue of the Americas, New York, NY 10020-1089, mgold@sonnenschein.com.

                                                                  s/George G. Mahfood
                                                                  George G. Mahfood (GM0578)