UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,                           :
                                                     :   Civil Action No.:  07 Civ 4038-PAC
                   Plaintiff,                        :
                                                     :
       -against-                                     :
                                                     :
THE RITZ-CARLTON HOTEL COMPANY, LLC,                 :
And LA PRAIRIE, INC.,                                :
                                                     :
                   Defendants.                       :
------------------------------------------------------------------------X

**LA PRAIRIE, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF PLAINTIFF CLINIQUE LA PRAIRIE, S.A. FOR LEAVE TO VOLUNTARILY DISMISS WITHOUT PREJUDICE AND IN SUPPORT OF A STAY PENDING ARBITRATION**

SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 768-6700

Defendant La Prairie, Inc. ("La Prairie"), by and through its undersigned counsel, hereby submits this memorandum of law in opposition to the motion of Plaintiff Clinique La Prairie, S.A. ("CLP") for leave to voluntarily dismiss this action, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) (the "Motion"), and in support of its cross-motion for a stay pending arbitration.

## PRELIMINARY STATEMENT

By bringing the Motion, CLP is again ignoring a clear arbitration clause to engage in procedural gamesmanship. CLP first attempted to circumvent the arbitration clause in the 1995 Settlement Agreement between CLP and La Prairie (the "1995 Settlement Agreement") (Declaration of Benito Delfin dated June 19, 2008 (hereinafter "Delfin Decl."), Ex. A) by originally filing this action in New York State Supreme court against The Ritz-Carlton Hotel Company, LLC (the "Ritz") on April 11, 2007. The Ritz then removed the case to this Court on May 23, 2007. Thereafter, on May 25, 2007, CLP initiated an arbitration in Switzerland against La Prairie (the "Swiss Arbitration").[1] La Prairie then moved to intervene and stay the instant action pending resolution of the Swiss Arbitration. By Order dated October 11, 2007, the Court granted La Prairie's motion to intervene and ordered that "all proceedings herein are hereby stayed, until the conclusion of arbitration proceedings pending before the arbitrators in Zurich, Switzerland between CLP and La Prairie, and the issuance of a final award therein."

After arbitration proceedings, on April 8, 2008, CLP and La Prairie entered into an amendment to the 1995 Settlement Agreement (the "2008 Amendment"). (Delfin Decl., Ex. D.) The 2008 Amendment stated that the 1995 Settlement Agreement remained in force except

---

[1] CLP's claims in the instant action were essentially raised and considered in the Swiss Arbitration. *See* Delfin Decl. Ex. B (English translation of CLP, Armin Mattli, and CT-Holding SA's arbitration demand in the Swiss Arbitration); Ex. C (English translation of Laboratoires La Prairie S.A. and La Prairie's Statement of Defense and Counterclaim in the Swiss Arbitration).

where expressly modified by the 2008 Amendment. (*Id.* at 19.) The 2008 Amendment also contained an arbitration clause which governed both the 1995 Settlement Agreement and the 2008 Amendment. (*Id.* at 23.) Under Section IV of the 2008 Amendment, CLP agreed to withdraw the instant suit, and La Prairie agreed to -- and did in fact -- withdraw a number of appeals in opposition proceedings pending before the Swiss Federal Institute of Intellectual Property in Berne IGE. (*Id.* at ¶¶ 12, 14; *see also* Declaration of Martin Ammann [hereinafter "Ammann Decl." dated June 19, 2008, ¶ 2.]) By withdrawing these opposition proceedings, La Prairie has forever lost its ability to contest these proceedings. (Ammann Decl., ¶5.)

On April 22, 2008, the Swiss arbitrators issued a written opinion, which CLP fails to attach to, or even mention, in its motion papers. The opinion stated, "all claims and counter-claims are to be deemed withdrawn with prejudice . . .." (Delfin Decl., Ex. E.)

Despite this ruling, which CLP chooses to ignore, a stipulation of discontinuance has not been filed herein because CLP contends that any such dismissal must be *without prejudice*. (*Id.*) Since this is contrary to the Swiss Arbitration decision, on May 23, 2008, La Prairie asked the Swiss arbitrators to compel CLP to withdraw the instant action, with prejudice. (Delfin Decl., Ex. F.) On May 30, 2008, the arbitration panel confirmed that it had received La Prairie's request for a determination concerning CLP's obligations under the withdrawal provisions.[2] (Delfin Decl., Ex. G.)

Thus, with full knowledge that the issue of the nature of the withdrawal obligations is pending before the Swiss Arbitration panel, CLP asks this Court to discontinue this action, without prejudice.

---

[2]    The Swiss Arbitration panel requested CLP's response, if any, by June 19, 2008.

- 3 -

The Court should not countenance CLP's second attempt at procedural gamesmanship. The Court should deny CLP's motion and stay this action pending a decision by the arbitrators as to whether this case should be dismissed with or without prejudice.

## ARGUMENT

### I. This Court Should Stay The Action Pending The Swiss Arbitration Panel's Interpretation Of CLP's Withdrawal Obligations

Pursuant to Section 3 of the Federal Arbitration Act, the Court should stay this action pending a final interpretation of the withdrawal clause of the 2008 Amendment in the Swiss Arbitration. 9 U.S.C. § 3. The 2008 Amendment contains a broad arbitration clause which reads:

> Any litigation, disagreements or claims that cannot be settled amicably are to be settled by an arbitration proceeding according to the International Arbitration Rules of the Swiss Chambers of Commerce. The applicable Arbitration Rules shall be the ones in force at the time of the filing of the request for arbitration. The Arbitration Court shall be composed of three Arbitrators. The Arbitration Court shall sit in Zurich. The language of the Arbitration proceeding shall be German.

(Delfin Decl., Ex. D, at ¶ 23, p.5) .

The FAA, which governs all contracts involving interstate commerce, requires enforcement of this broad arbitration provision. Section 2 provides:

> A written provision …a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Given this strong policy in favor of arbitration, courts must "rigorously enforce" written arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985); *Perry v. Thomas*, 482 U.S. 483, 490 (1987); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("[A]ny doubts concerning the scope of arbitrable

issues should be resolved in favor of arbitration."); *see also Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) (by enacting Section 2 of the FAA, "Congress has thus mandated the enforcement of arbitration agreements."). Further, the "federal policy favoring arbitration is even stronger in the context of international transactions." *Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S.*, 9 F.3d 1060, 1063 (2d Cir. 1993).

In aid of arbitration, Section 3 of the FAA provides that a stay of judicial proceedings is <u>mandatory</u> where there is "any issue referable to arbitration under an agreement in writing." 9 U.S.C. § 3 (emphasis added). In such instances, "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *Kulukundis Shipping Co. v. Amtorg Trading Corp.*, 126 F.2d 978, 988 (2d Cir. 1942).

Courts routinely stay cases that involve arbitrable disputes relating to the interpretation of settlement agreements. *See, e.g., Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S.*, 9 F.3d 1060, 1063 (2d Cir. 1993) (staying the action and holding district court erred by not construing arbitration clause in settlement agreement broadly enough). Indeed, when the interpretation of a settlement agreement is at issue, courts refuse to invade the arbitrators' power to interpret the agreement. *Hygiene Industries v. Plastic, Metal, Novelty and Allied Workers' Union Local 132-98*, 722 F.Supp. 56, 61 (S.D.N.Y. 1989) ("Given the broad arbitration clause agreed to by the parties, the law does not permit the court to construe the Settlement Agreement at all, but leaves the decision between competing interpretations to the arbitrator."); *Continental Ins. Co. v. Allianz Ins. Co.*, 52 Fed.Appx. 557, 559 (2d Cir. 2002) (holding district court properly stayed proceedings pending arbitration "because a district court may not pass on the merits of any

- 5 -

action when determining the threshold question of arbitrability of claims.") *APA Optics, Inc. v. Khan*, No. CIV. 02-51 (PAM/JGL), 2002 WL 737486 *4 (D. Minn. Apr. 19, 2002) ("Because the parties' disputes arise out of the language of the settlement agreement and related documents, this matter falls within the ambit of the arbitration provision. Accordingly, the Court will stay the case and compel arbitration in this matter.")

Because the interpretation of the 2008 Amendment is an arbitrable dispute under the broad arbitration clause contained therein, the Court must stay the proceedings pending resolution of that issue in the Swiss Arbitration.

## II.     La Prairie Will Be Prejudiced By A Discontinuance Without Prejudice

Though the authorities discussed support staying this action pending final interpretation of the 2008 Amendment in the Swiss Arbitration, CLP's Motion also should be denied because La Prairie will suffer prejudice if CLP is allowed to dismiss the action without prejudice. *See, e.g., Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990). As described in the Amman Declaration, pursuant to the 2008 Amendment, La Prairie withdrew certain claims that can no longer be asserted based on its understanding that CLP would be withdrawing from the instant action, with prejudice. (Ammann Decl., ¶¶ 3-5.) If CLP is allowed to withdraw their claims without prejudice, then La Prairie will have detrimentally relied on its belief -- reinforced by the Swiss Arbitration award -- that CLP would discontinue the instant action, with prejudice. (*Id.*)

Further, it appears that CLP seeks a voluntarily dismissal now because it is expecting an adverse ruling from the Swiss Arbitration panel, which already held that "all claims and counter-claims are to be deemed withdrawn with prejudice . . . ." Courts have denied motion seeking a voluntary dismissal to avoid an unfavorable determination. *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (affirming district court's denial of motion to dismiss

without prejudice because "a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice.")

## CONCLUSION

La Prairie respectfully requests the Court to (1) deny CLP's Motion; and (2) stay the instant action pending arbitration.

Dated: New York, New York
       June 19, 2008

SONNENSCHEIN NATH & ROSENTHAL LLP

By:   /s/ Martin R. Gold
      Martin R. Gold (MG 6528)
      Martin P. Michael (MM 6867)
      Benito Delfin, Jr. (BD 1216)
      1221 Avenue of the Americas
      New York, New York 10020-1089
      (212) 768-6700

*Attorneys for La Prairie, Inc.*