Final closing resolution (translation from German)
(Abschreibungsbeschluss)
of April 22, 2008

# THE AD-HOC COURT OF ARBITRATION

Armin Mattli, Clinique La Prairie et al.
vs. Laboratoires La Prairie SA und La Prairie Inc.

made up of

**DR. BERNHARD F. MEYER**
MME - MEYER MÜLLER ECKERT PARTNER
KREUZSTRASSE 42
CH-8008 ZURICH/SWITZERLAND
TEL. +41 44 254 99 66
FAX +41 44 254 99 60
bernhard.meyer@mme-law.ch

**CHAIR**

| | |
|---|---|
| **PROF. DR. PETER NOBEL** | **DR. MAGDA STREULI-YOUSSEF** |
| NOBEL & HUG RECHTSANWÄLTE | WALDER WYSS & PARTNER |
| DUFOURSTRASSE 29 | RECHTSANWÄLTE |
| POSTFACH 1372 | SEEFELDSTRASSE 123 |
| CH-8032 ZÜRICH | CH-8034 ZÜRICH |
| TEL. +41 44 262 22 12 | TEL. +41 44 498 98 98 |
| FAX. +41 44 262 00 92 | FAX. +41 44 498 98 99 |
| peter.nobel@nobel-hug.ch | mstreuli@wwp.ch |
| **COARBITRATOR** | **COARBITRATOR** |

found on April 22, 2008

in re

| | |
|---|---|
| 1. **Armin Mattli,** CH-1815 Clarens, | 1. **Laboratoires La Prairie S.A.,** CH-1815 Clarens |
| 2. **Clinique La Prairie S.A.,** CH-1815 Clarens | 2. **La Prairie Inc.,** New York, U.S.A. |
| 3. **CT Holding,** CH-2000 Neuchâtel | |
| **Claimants** | **Respondents** |
| all represented by | represented by |
| **Herrn RA Pierre Schifferli**, Schifferli Rechtsanwälte, | **Rechtsanwälte Dr. Martin Ammann und** |
| 8 Avenue Jules-Crosnier, CH-1206 Genève, | **Dr. Marcel Lustenberger**, Meyer Lustenberger |
| Tel. +41 22 839 88 50, Fax +41 22 839 88 51 | Rechtsanwälte, Forchstrasse 452, CH-8032 Zürich, |
| ps@schifferlilaw.ch | Tel. +41 44 396 91 91, Fax +41 44 396 91 92 |
| | martin.ammann@ml-law.ch |
| und | marcel.lustenberger@ml-law.ch |
| **Herrn RA Dr. Alexander Faber**, Neupert & Partner, | |
| Dufourstrasse 58, CH-8702 Zollikon-Zürich, | |
| Tel. +41 44 396 80 80, Fax +41 44 396 80 88 | |
| faber@nplaw.ch | |

concerning

# Claim

### A) Background of the litigation

The parties in the present arbitration procedure are (1) Armin Mattli, (2) Clinique la Prairie S.A., and (3) CT-Holding S.A. as Claimants, as well as (1) Laboratoires La Prairie S.A. and (2) La Prairie Inc. as Respondents.

The background of the litigation is the delimitation of the areas of activity of the three Claimants and the two Respondents according to an Agreement dated June 2, 1995, in particular also with regard to the use of their respective trademarks.

The parties have proceeded with an ad-hoc arbitral procedure before a court of arbitration of three arbitrators in Zurich, Switzerland. The procedure was carried out in accordance with the provisions of the Zurich Code of Civil Procedure (ZPO).

### B) Request for legal remedy of the parties

### 1. Claimants' request for legal remedy

In their bill of indictment dated November 5, 2007 (p. 2 ff.), the Claimants raise the following requests for legal remedy:

> "1. That it be ascertained that the respondents have violated the provisions of the Agreement of 2 June 1995 concluded between the parties and are acting unlawfully by doing the following, either themselves or via third parties
>
>    1.1 by using the designation (name, brand, style, trade name or device [enseigne]) "La Prairie" or a designation derived from it or a similar name
>
>       (i) providing services or assisting in having such services provided in spas, hotel spas, fitness and wellness centers, beauty parlors or in any other establishment or operation in the area of restitution, maintaining, and fostering health and the physical and mental well-being, including medical and paramedical services, of health consultation,

> detoxification, purification and weight-reducing cures, of physiotherapy, of any kind of body massage, Shiatsu, Qi gong, acupuncture, of mental training, transcendental meditation, fitness, yoga, anti-stress, anti-aging treatments, dermatology, beauty, anti-cellulite, and UV treatments, lymphatic drainage, skin analysis, water and steam treatments (thalassic therapy, hamams, saunas), image consulting and similar services, and/or
>
> (ii)  (providing) establishments in the area of restitution, maintaining and fostering health and physical and mental well-being such as spas, wellness centers, fitness and gymnastic rooms as well as equipment, baths (saunas, hamams, swimming-pools) and rooms for relaxing to consumers, or assisting in having such establishments and equipment provided to them;

1.2  by using the device mark of the old Clinique La Prairie in the following or a derivative or similar representation

> (device mark)
>
> or assisting in having it used for
>
> (i)  services in the area of restitution, maintaining and fostering health and the physical and mental well-being, inclusive of medical and paramedical services, of health consultations, detoxification, purification and weight-reducing cures, of physiotherapy, of any kind of body massage, Shiatsu, Qi gong, acupuncture, of mental training, transcendental meditation, fitness, yoga, anti-stress, anti-aging treatments, dermatology, beauty, anti-cellulite, and UV treatments, lymphatic drainage, skin analysis, water and steam treatments (thalassic therapy, hamams, saunas), image consulting and similar services, and/or
>
> (ii)  installations made available by the respondents or third parties in the field of restitution, maintaining and fostering health and the physical and mental well-being such as spas, wellness centers, fitness and gymnastic rooms as well as equipment, baths (saunas, hamams, swimming pools), beauty parlors and rooms for relaxing;

    1.3    by establishing a direct or indirect tie (or by assisting in establishing this tie) between Clinique La Prairie and the following services offered by the respondent or third parties

        (i)    services in the area of restitution, maintaining and fostering health and the physical and mental well-being, inclusive of medical and paramedical services, of health consultations, detoxification, purification and weight-reducing cures, of physiotherapy, of any kind of body massage, Shiatsu, Qi gong, acupuncture, of mental training, transcendental meditation, fitness, yoga, anti-stress, anti-aging treatments, dermatology, beauty, anti-cellulite, and UV treatments, lymphatic drainage, skin analysis, water and steam treatments (thalassic therapy, hamams, saunas), image consulting and similar services, and/or

        (ii)    installations made available by the respondents or third parties in the field of restitution, maintaining and fostering health and the physical and mental well-being such as spas, wellness centers, fitness and gymnastic rooms as well as equipment, baths (saunas, hamams, swimming pools), beauty parlors and rooms for relaxing;

2.    That the respondents be enjoined from offering, either by themselves or through third parties

    2.1    by using the designation (name, brand, style, trade name or device [enseigne]) "La Prairie" or a designation derived from it or a similar name

        (i)    (to provide) services or assist in having such services provided in spas, hotel spas, fitness and wellness centers, beauty parlors or in other installations and operations in the area of restitution, maintaining and fostering health and the physical and mental well-being, inclusive of medical and paramedical services, of health consultations, detoxification, purification and weight-reducing cures, of physiotherapy, of any kind of body massage, Shiatsu, Qi gong, acupuncture, of mental training, transcendental meditation, fitness, yoga, anti-stress, anti-aging treatments, dermatology, beauty, anti-cellulite, and UV treatments, lymphatic drainage, skin analysis, water and steam treatments (thalassic therapy, hamams, saunas), image consulting and similar services, and/or

        (ii)    installations made available by the respondents or third parties in the field of restitution, maintaining and fostering health and the physical and mental well-being such as spas, wellness centers, fitness and gymnastic rooms as well as equipment, baths (saunas, hamams, swimming pools), beauty parlors and rooms for relaxing; or to assist in having them made available;

Final closing resolution                          5 | 11
of April 22, 2008

   2.2    from using the device mark of the old Clinique La Prairie in the following or a derivative or similar representation

        (device mark)

        or to assist in having it used for

        (i)    Services in the area of restitution, maintaining and fostering health and the physical and mental well-being, inclusive of medical and paramedical services, of health consultations, detoxification, purification and weight-reducing cures, of physiotherapy, of any kind of body massage, Shiatsu, Qi gong, acupuncture, of mental training, transcendental meditation, fitness, yoga, anti-stress, anti-aging treatments, dermatology, beauty, anti-cellulite, and UV treatments, lymphatic drainage, skin analysis, water and steam treatments (thalassic therapy, hamams, saunas), image consulting and similar services, and/or

        (ii)   installations made available by the respondents or third parties in the field of restitution, maintaining and fostering health and the physical and mental well-being such as spas, wellness centers, fitness and gymnastic rooms as well as equipment, baths (saunas, hamams, swimming pools), beauty parlors and rooms for relaxing;

   2.3    of establishing a direct or indirect tie (or being involved in establishing such a tie) between Clinique La Prairie and the following offered by the respondents or third parties:

        (i)    Services offered in the area of restitution, maintaining and fostering health and the physical and mental well-being, inclusive of medical and paramedical services, of health consultations, detoxification, purification and weight-reducing cures, of physiotherapy, of any kind of body massage, Shiatsu, Qi gong, acupuncture, of mental training, transcendental meditation, fitness, yoga, anti-stress, anti-aging treatments, dermatology, beauty, anti-cellulite, and UV treatments, lymphatic

      drainage, skin analysis, water and steam treatments (thalassic therapy, hamams, saunas), image consulting and similar services, and/or

    (ii)  installations made available in the field of restitution, maintaining and fostering health and the physical and mental well-being such as spas, wellness centers, fitness and gymnastic rooms as well as equipment, baths (saunas, hamams, swimming pools), beauty parlors and rooms for relaxing;

3.  That the respondents be held jointly and severally liable to restitute to claimant 2 the profits in an amount to be set by a court of arbitration, but minimum CHF 10,000,000.00, plus interest at 5% p.a. as of the 06 November 2007 which the respondents as well as the companies being controlled by the same entity as the respondent have achieved overall since 01 July 2002 by their unlawful actions violating the Agreement of 02. June 1995, which are to be ascertained and enjoined in accordance with items 1 and 2 of the request for legal remedy.

### REQUEST FOR ORDERING PRECAUTIONARY MEASURES

4.  That the respondents, for the purposes of precautionary measures, be enjoined for the duration of the present arbitration procedure until its definite, final settlement, and at once from themselves or via third parties

    4.1  newly using, or assisting that it be used, the designation (name, brand, style, trade mark or enseigne) "La Prairie" or any designation derived thereof or similar to it for

        (i)  Services provided in spas, hotel spas, fitness and wellness centers, beauty parlors, or in any other establishments and operation by the respondents or by third parties in the area of restitution, maintaining and fostering health and the physical and mental well-being, inclusive of medical and paramedical services, of health consultations, detoxification, purification and weight-reducing cures, of physiotherapy, of any kind of body massage, Shiatsu, Qi gong, acupuncture, of mental training, transcendental meditation, fitness, yoga, anti-stress, anti-aging treatments, dermatology, beauty, anti-cellulite, and UV treatments, lymphatic drainage, skin analysis, water and steam treatments (thalassic therapy, hamams, saunas), image consulting and similar services, and/or

        (ii)  installations made available by the respondents or third parties in the field of restitution, maintaining and fostering health and the physical and mental well-being such as spas, wellness centers, fitness and gymnastic rooms as well as equipment, baths (saunas, hamams, swimming pools), beauty parlors and rooms for relaxing;

Final closing resolution  7 | 11
of April 22, 2008

    4.2    *to newly use the device mark of the old Clinique La Prairie in the following representation or one derived from it or a similar representation*

(device mark)

*or to assist in having it used for*

    (i)    *services in the area of restitution, maintaining and fostering health and the physical and mental well-being, inclusive of medical and paramedical services, of health consultations, detoxification, purification and weight-reducing cures, of physiotherapy, of any kind of body massage, Shiatsu, Qi gong, acupuncture, of mental training, transcendental meditation, fitness, yoga, anti-stress, anti-aging treatments, dermatology, beauty, anti-cellulite, and UV treatments, lymphatic drainage, skin analysis, water and steam treatments (thalassic therapy, hamams, saunas), image consulting and similar services, and/or*

    (ii)    *installations made available by the respondents or third parties in the field of restitution, maintaining and fostering health and the physical and mental well-being such as spas, wellness centers, fitness and gymnastic rooms as well as equipment, baths (saunas, hamams, swimming pools), beauty parlors and rooms for relaxing;*

    4.3    *newly establish a direct or indirect link (or to assist in the establishment of such a link) between Clinique La Prairie and the following offered by the respondents or third parties*

    (i)    *services in the area of restitution, maintaining and fostering health and the physical and mental well-being, inclusive of medical and paramedical services, of health consultations, detoxification, purification and weight-reducing cures, of physiotherapy, of any kind of body massage, Shiatsu, Qi gong, acupuncture, of mental training, transcendental meditation, fitness, yoga, anti-aging treatments, dermatology, beauty, anti-stress, anti-cellulite, and UV treatments, lymphatic drainage, skin analysis, water and steam treatments (thalassic therapy, hamams, saunas), image consulting and similar services, and/or*

Final closing resolution                                          8 | 11
of April 22, 2008

> (ii) *installations made available (by the respondents or third parties) in the field of restitution, maintaining and fostering health and the physical and mental well-being such as spas, wellness centers, fitness and gymnastic rooms as well as equipment, baths (saunas, hamams, swimming pools), beauty parlors and rooms for relaxing;*

Everything with consequential costs and compensation to be imputed to and with joint and several liability of the respondents."

### 2. Respondents' request for legal remedy

In their statement of defense and counterclaim of December 19, 2007 (p. 3 ff.), the Respondents file the following request for legal remedy

> "1. That the Claimants' request for arbitration be dismissed in full;
> 2. That the Claimants' request for ordering precautionary measures be dismissed in full;
> 3. All with consequential costs and compensation to be imputed to and with joint and several liability of the Claimants;"

At the same time, the Respondents filed the following counterclaim:

> "1. That the Claimants be forbidden to market and advertise, either themselves or through third parties, any cosmetic products with reference to the trademark LA PRAIRIE, or to any trademark containing the brand name LA PRAIRIE, in particular the trademark CLINIQUE LA PRAIRIE;
>
> 2. All with consequential costs and compensation to be imputed to and with joint and several liability of the Claimants."

### C) Chronology of the procedure

*[Remark of the translator:*

*This section only contains the chronology of the procedural steps in the arbitration procedure and is therefore not translated.]*

Final closing resolution                9 | 11
of April 22, 2008

### D) Place of jurisdiction / applicable law

Applicability of the arbitration clause and the competence of the court of arbitration agreed in Art. 10.2 of the Agreement dated June 2, 1995 was not in dispute:

> *"Disputes arising from this Agreement on which the parties are unable to come to terms shall be submitted for an award to a court of arbitration of three with domicile in Zurich, without recourse to formal legal proceedings. The procedure shall be based on the Zurich Code of Civil Procedure."* (The German original is transcribed verbatim, with possible typographical errors.)

(Remainder of the page empty on purpose)

Against this backdrop, and in application of § 188 sections 2 & 3 and § 191 section 2 ZPO,

as well as in agreement with the parties, on today's date the court of arbitration issues the following

## Resolution on the final closing of the arbitral procedure:

1) At the conciliation hearing on April 8, 2008, the parties agreed on and signed the arrangement as described in <u>Enclosure 1</u>. The arrangement is admissible and clear (§ 188 III ZPO).

2) Based on this arrangement, the parties are obliged to meet all obligations defined in <u>Enclosure 1</u> and accepted by them in each case. The present resolution on the final closing of the arbitration procedure, inclusive of the arrangement in <u>Enclosure 1</u>, is final and binding on both parties.

3) Except for the rights and obligations assumed in the arrangement, all claims and counter-claims are to be deemed as withdrawn with prejudice and the arbitral procedure is herewith terminated.

4) The arbitration fees to be paid by the parties are calculated as follows:

| | |
|---|---:|
| - arbitration fees (inclusive of cash disbursements and keeper of the records) | CHF 500,000.- |
| - less prepaid cost advances | - <u>CHF 200,000.-</u> |
| - amount not covered by cost advances | <u>CHF 300,000.-</u> |

The parties shall pay the arbitration fee by moieties. The parties are bound to pay in the remaining amount of CHF 150,000.- each within 30 days to the following account:

**Dr. Bernhard F. Meyer**
**Account No. 1.648.130-135**
**Swift Code RAHNCHZZ**
**Clearing No. 8779**
**IBAN Code CH7608779001648130135**
**Caption: AM/LP**
**With Rahn & Bodmer Banquiers**
**Talstrasse 15, 8001 Zurich/Switzerland**

Final closing resolution                                        11 | 11
of April 22, 2008

5) Note is taken of the waiver of procedural compensations and also of the fact that each party will bear its own party's costs.

6) This resolution on the formal closing of the arbitration procedure shall initially be transmitted by facsimile transmission to the parties' attorneys and thereafter by mail as follows:

   - to the attorneys of the claimants and the respondents, each in duplicate (one for the attorneys and one for the attention of their clients), by registered mail with return receipt;
   - to the two coarbitrators, by simple first-class mail;
   - to the secretary of the court of arbitration in duplicate for the secretary and to the attention of the chair.

Issued in 8 copies

THE COURT OF ARBITRATION:

_____          _____          _____
DR. MAGDA STREULI-               DR. BERNHARD. F. MEYER          PROF. DR. RER. PUBL. PETER
     YOUSSEF                            CHAIR                              NOBEL
   COARBITRATOR                                                         COARBITRATOR

## DECLARATION UNDER 28 U.S.C. § 1746 of Salomé Hangartner

1. I am a citizen of the country of Switzerland and am over 18 years of age. I am not a party to this action.

2. I am a professional translator. I am self-employed with over 40 years of experience in translating documents. I have supplied translation services to business organizations, governmental authorities, and courts in Switzerland and the USA.

3. I am qualified to translate documents from German to English. I have 42 years of experience translating German to English. I am accredited by the Zurich Obergericht [higher and appellate court] for German to English translation.

4. Attached hereto as Exhibit A is a true, accurate and complete English translation of the German-language document "Abschreibungsbeschluss vom 22. April 2008 (Resolution on the final closing of the arbitral procedure)," attached hereto as Exhibit B. I was responsible for the translation of this document.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and ability.

Executed this 17th day of June, 2008

*S. de Hangartner*
Salomé Hangartner