Registered

RA Dr. Bernhard F. Meyer
MME – Meyer Müller Eckert Partner

RA Prof. Dr. Peter Nobel
Nobel & Hug Rechtsanwälte

RA Dr. Magda Streuli-Youssef
Walder Wyss & Partner

Zurich, 23. May 2008

**Dr. iur. Martin Ammann, lic.oec., LL.M.**    **Dr. Marcel Lustenberger**
martin.ammann@ml-law.ch                         marcel.lustenberger@ml-law.ch

**Ad-hoc arbitral procedure/
Request for explanatory statement**

Dear Chief Arbiter:
Dear Arbitrators:

In the matter

**Armin Mattli**
Rosenhof 4, 8808 Pfäffikon
                                    **Claimant 1 and cross-respondent 1**

**Clinique La Prairie S. A.**
Rue du Lac 101, 1815 Clarens
                                    **Claimant 2 and cross-respondent 2**

**CT-Holding SA**
Route Principale 25, 1796 Courgevaux
                                    **Claimant 3 and cross-respondent 3**

versus

**Laboratoires La Prairie S.A.**
c/o Fiduciaire Winkler, rue du Lac 101, 1815 Clarens
                                    **Respondent 1 and cross-claimant 1**

Ref.   7990\AKT\146870.DOC

**La Prairie Inc.**
680 Fifth Avenue, New York, N.Y. 10019-5429, USA

**Respondent 2 and cross-claimant 2**
together hereinafter the Respondents

both represented by Dr. Martin Ammann and Dr. Marcel Lustenberger, attorneys-at-law, Meyer Lustenberger Rechtsanwälte, Forchstrasse 452, P.O. box 1432, 8032 Zürich

concerning

**Ascertainment, injunction, claim**

we refer to the resolution for formal closing of the arbitration procedure, dated April 22, 2008 and file in the name and on behalf of the Respondents the following

**Request for an explanatory statement**

*"The court of arbitration is asked to explain to the parties whether the commitment by AM pursuant to item 12 of the Arrangement of April 8, 2008 as well as item 2 of the Resolution for Formal Closing of the Arbitration Procedure covers the withdrawal of the case in the USA against Ritz Carlton "with prejudice" or "without prejudice"."*

## I.      Formal aspects

1   The arbitral procedure mentioned at the outset and thus also the decision referring to the formal closing of this arbitral procedure was subject to the Code of Civil Procedure of the Canton of Zurich according to item 10.2 of the relevant Agreement between the parties. It is thus to be assumed that the Zurich Rules of Civil Procedure are also applicable to the present request for an explanatory statement. The Zurich Code of Civil Procedure itself does not contain any provision regarding such explanation. However, reference may be made to § 162 ff of the Zurich Constitution of Courts Act in this context, which foresees the explanation of a decision upon request without time limit.

2   According to item 23 of the Appendix to the Arrangement concluded on the occasion of the conciliation hearing of April 8, 2008, differences of opinion between the parties are now newly governed by the International Rules of Arbitration of the Swiss Chambers of Commerce. Pursuant to Art. 35 of said Rules of Arbitration, any of the parties may request an interpretation of the arbitration award within 30 days after receipt of the arbitration award. The formal closing resolution of the court of arbitration was received by the Respondents on April 23, 2008. Thus, the 30-day respite would also be observed by today's petition if said Rules of Arbitration were to be applied.

## II. Facts and circumstances

3   To date, that is, far past the expiration of the relevant 10-day delay according to item 12 of the Arrangement, the Claimants have not withdrawn the lawsuit in the USA against Ritz Carlton mentioned therein.

4   The Claimants are of the opinion that the above-mentioned withdrawal of the case is to take place "without prejudice" whereas the Respondents are of the opinion that this withdrawal of the action has to be "with prejudice."

   **EO:**   E-mail correspondence between the attorneys of the parties
            dated May 13, 2008                                              **Enclosure** [1]

            E-mail from Carolina Campeas on behalf of attorney Pierre
            Schifferli to attorney Martin Ammann, dated May 14, 2008        **Enclosure** [2]

5   This is proof of the interest in the present request for an explanatory statement.

## III. Legal aspects

6   In item 3 of the above-mentioned formal closing resolution, the court of arbitration expressly stated that "...all suits and countersuits are to be deemed as withdrawn with prejudice ..."

7   The court thereby expressed the understanding - which is probably the only reasonably acceptable one - that all pending lawsuits which had been a topic in the conciliation proceedings, were to be finally settled and that, in particular, it was to be assured that the same actions cannot be filed again.

8   Without doubt, this was also the parties' understanding with regard to the above-mentioned action by the Claimants in the USA against Ritz Carlton.

9   In this context it is to be emphasized that said action is the subject of a procedure in which the Respondents themselves are also involved as intervening party.

10  According to item 9 of the 1995 Agreement, Swiss procedural law is to be applied in the present case, not US law. Consequently, a withdrawal of the action has the result – with few exceptions which are not applicable in the present case – that a withdrawn action cannot be filed anew (cf. Guldener Max, Schweizer Zivilprozessrecht, Zürich 1979, p. 401).

11  In particular pursuant to § 107 item 3 of the Zurich Code of Civil Procedure, which is relevant in the present case, (cf. Rz. 1, above), an action cannot be withdrawn "under the proviso of a renewed filing ..." as a matter of principle.

---

13, 2008

12  In other words, the obligation of withdrawing an action also implies the obligation of withdrawing such action "with prejudice," i.e. without any proviso of filing such action again ("without prejudice").

13  It is of great importance for the business relationship between the Respondents and Ritz Carlton that the lawsuit filed by the Claimants in the USA against Ritz Carlton be definitely withdrawn once and for all.

14  The Court of Arbitration is therefore petitioned to clarify this issue in its explanatory statement.

With best regards, respectfully yours

MEYER LUSTENBERGER

Martin Ammann                Marcel Lustenberger

Enclosures as per separate listing of enclosures

In duplicate to RA Dr. Bernhard F. Meyer
One original each to RA Prof. Dr. Peter Nobel and RA Dr. Magda Streuli-Youssef

cc    RA Pierre Schifferli and RA Dr. Alexander Faber

### DECLARATION UNDER 28 U.S.C. § 1746 of Salomé Hangartner

1. I am a citizen of the country of Switzerland and am over 18 years of age. I am not a party to this action.

2. I am a professional translator. I am self-employed with over 40 years of experience in translating documents. I have supplied translation services to business organizations, governmental authorities, and courts in Switzerland and the USA.

3. I am qualified to translate documents from German to English. I have 42 years of experience translating German to English. I am accredited by the Zurich Obergericht [higher and appellate court] for German to English translation.

4. Attached hereto as Exhibit A is a true, accurate and complete English translation of the German-language registered letter dated May 23, 2008 concerning "Ad-hoc Schiedsverfahren/Erläuterungsbegehren (Ad-hoc arbitration procedure/Request for an explanatory statement)" attached hereto as Exhibit B. I was responsible for the translation of this document.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and ability.

Executed this 17th day of June, 2008

*S. de Hangartner*
Salomé Hangartner