# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| CLINIQUE LA PRAIRIE, S.A., | ) ) ) | |
| Plaintiff, | ) ) | |
| -against- | ) ) | Case No. 1:07-cv-04038-PAC |
| THE RITZ CARLTON HOTEL COMPANY, L.L.C., et al. | ) ) ) ) | |
| Defendants. | ) ) ) | |

## OPPOSITION OF DEFENDANT THE RITZ-CARLTON HOTEL COMPANY, L.L.C. TO PLAINTIFF'S MOTION FOR LEAVE TO VOLUNTARILY DISMISS WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

Defendant The Ritz-Carlton Hotel Company, L.L.C. ("Ritz-Carlton"), by and through counsel, hereby opposes the motion of Plaintiff Clinique La Prairie, S.A ("CLP") to dismiss this case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Ritz-Carlton requests that the Court continue to recognize the stay of this case and accordingly deny the motion of CLP without prejudice. Ritz-Carlton adopts and incorporates by reference the Opposition to CLP's motion filed by Defendant La Prairie, Inc. ("La Prairie").

On October 18, 2007, this Court ordered this action stayed in light of the pending Swiss arbitration between Plaintiff CLP and Defendant La Prairie. Ritz-Carlton, which is not a party to any of the agreements between CLP and La Prairie, was not a participant in the Swiss arbitration.

Ritz-Carlton has been advised by both CLP and La Prairie that the Swiss arbitration resulted in a settlement between them and that they had agreed upon dismissal of this action as part of the settlement. CLP and La Prairie have not, however, been able to agree upon whether the dismissal of this action should be with or without prejudice. Apparently the question of dismissal with or without prejudice has now been expressly submitted to the Swiss arbitrators for their ruling. *See* Request for Explanatory Statement dated May 23, 2008 from Dr. Martin Ammann *et al.* to Dr. Bernhard R. Meyer, *et al.*, annexed as Exhibit D to the Declaration of Benito Delfin, which was submitted in support of La Prairie's Opposition to CLP's ("Delfin Decl."). By letter dated May 30, 2008, the Swiss arbitrators have indicated that after June 19, 2008, they will decide this issue. *See* letter dated May 30, 2008 from Dr. Bernard F. Meyer to Schifferli Avocats, *et al.*, annexed as Exhibit E to the Delfin Decl.

This Court's Order of October 18, 2007 stated in pertinent part that "in all … respects, pursuant to Federal Arbitration Act Section 3, 9 U.S.C. Section 3, all proceedings herein are hereby stayed, until the conclusion of arbitration proceedings pending before arbitrators in Zurich, Switzerland between CLP and La Prairie, and the issuance of a final award therein." *See* Order of October 18, 2007. It is clear from the submission of La Prairie that the Swiss arbitration proceedings have not yet concluded and that the question of the dismissal of this action with or without prejudice has been submitted to the Arbitrators for adjudication. Consistent with this Court's October 18, 2007 Order, the Court should refrain from ruling on CLP's motion to dismiss until such time as the Swiss arbitrators have issued their ruling on this issue. Allowing the Swiss arbitrators to determine this issue before it is considered by the Court is not only consistent with this Court's October 18, 2007 ruling, but it is also in keeping with CLP's and La Prairie's' agreement to arbitrate their disputes. Their intention to submit their

2

disputes to arbitration in Switzerland has been set forth in all of their agreements and has been reiterated in most recent agreement of April 8, 2008. *See* April 8, 2008 Amendment to the Agreement of June 2, 1995, annexed as Exhibit 2 to the Declaration of George Mahfood, submitted contemporaneously with Plaintiff' s Motion for Leave to Voluntarily Dismiss Without Prejudice to Federal Rule of Civil Procedure 41(a)(2). Having already carefully considered and ruled on the various disputes between CLP and La Prairie, the Swiss arbitrators are in the first instance most able to decide the question of dismissal of this action with or without prejudice.

## CONCLUSION

For the reasons set forth herein, as well as in La Prairie's Opposition to Plaintiff's Motion to Dismiss, this Court should continue the stay in this action and deny Plaintiff's Motion.

Dated:  June 20, 2008                 Respectfully submitted,


                                     __/s/ David N. Wynn_____
                                     David N. Wynn (DW-8660)
                                     ARENT FOX LLP
                                     1675 Broadway
                                     New York, New York  10019
                                     Telephone No.:  (212) 484-3900
                                     Facsimile No.:  (212) 484-3990
                                     Email:  wynn.david@arentfox.com

                                     **Attorneys for The Ritz-Carlton Hotel
                                       Company, L.L.C.**

3

OF COUNSEL:

Barbara S. Wahl
Leo M. Loughlin
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC  20036
Telephone No.:  (202) 857-6415
Facsimile No.:  (202) 857-6395
Email:  wahl.barbara@arentfox.com