UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,  :
:
                Plaintiff, :
:   Case No. 07 CV 4038-PAC
v. :
:
THE RITZ-CARLTON HOTEL COMPANY, LLC, :
and, LA PRAIRIE, INC., :
:
                Defendant. :
------------------------------------------------------------X

## DECLARATION OF PIERRE SCHIFFERLI

1. I am counsel for Clinique La Prairie, S.A. in the Swiss Arbitration proceeding for which these proceedings have been stayed.

2. There is only one document which expressly addresses the parties' agreement for the dismissal of this proceeding, and that is the April 8, 2008 Amendment to the June 2, 1995 Agreement, paragraph 12 ("the Amendment"). *See* Declaration of George G. Mahfood, Exhibit 2, English Translation of the April 8, 2008 Amendment to the June 2, 1995 Agreement.

3. Paragraph 12 of the Agreement expressly states that the New York Proceeding is to be "withdrawn."

4. The intent of the parties and the discussions of the parties are embodied in the term "withdrawn". The purpose of the obligation to withdraw the action in the USA was simply to put an end to the proceedings in New York in the spirit of a settlement and compromise, that is without that any of the parties to said proceedings would suffer any adverse consequences from such a withdrawal. In other words, it was clear that the parties had no intention at all to accept any form of adjudication on the merits of the New York action.

5. The Final Resolution of the Swiss Arbitration was issued on April 22, 2008. The final heading of that document is entitled "Resolution of the final closing of the arbitral procedure." *See* Declaration of Benito Delfin, Exhibit E, English Translation of the April 22, 2008 decision in the Swiss Arbitration between La Prairie and Clinique La Prairie.

6. Paragraph 3 under this heading explicitly states that the claims and counterclaims of the arbitration proceeding are to be withdrawn with prejudice and that the arbitration proceeding is terminated.

7. Attached as Exhibit 1 to my declaration is a copy of an email I received from Martin Ammann, La Prairie's Swiss counsel stating that the German phrase *mit präjudizieller Wirkung*, as used in the April 22, 2008 Final Resolution of the Swiss Arbitration, indicates that all the arbitration claims are to be withdrawn with prejudice.

8. The German version of the April 8, 2008 Amendment to the June 2, 1995 Agreement, paragraph 12 does not contain this phrase when stating that the New York action is to be withdrawn.

9. The withdrawal with prejudice ordered by the Swiss Arbitration panel refers exclusively to the claims and counterclaims of the Swiss Arbitration, not to the New York action.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Pierre Schifferli

Executed on: June 24, 2008

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,                    :
                                              :
                    Plaintiff,                :
                                              :    Case No. 07 CV 4038-PAC
    v.                                        :
                                              :
THE RITZ-CARLTON HOTEL COMPANY, LLC, :
and, LA PRAIRIE, INC.,                        :
                                              :
                    Defendant.                :
------------------------------------------------------------X

### DECLARATION OF PIERRE SCHIFFERLI

# EXHIBIT 1

**Von:** Ammann Martin
**Gesendet:** Dienstag, 29. April 2008 11:26
**An:** 'ps@schifferlilaw.ch' <mailto:'ps@schifferlilaw.ch'>
**Cc:** Lynne.florio@laprairie.com; Gold, Martin R.; Greenberg, Ronald; 'Michael, Martin P.'; Dirk Trappmann (Trappmann.Dirk@laprairiegroup.ch); Sonja Ochsner (sonja.ochsner@laprairiegroup.ch)
**Betreff:** AW: Clinique La Prairie v. The Ritz Carlton and La Prairie

Dear colleague

Reading the e-mail correspondence below, there seems to be a misunderstanding as to the legal form of the withdrawal and dismissal of the claim of Armin Mattli against Ritz Carlton There can in fact be no doubt that the settlement agreement concluded before the arbitration court had to be understood so that the withdrawal of the action due by AM under section 12 of was to be done "with prejudice" Please note that the arbitration court in the final decision ("Abschreibebeschluss") in section 3, page 12 specificaly stated and confirmed that all claims are withdrawn with prejudice ("mit präjudizieller Wirkung"). This was also what you and I we specifially mentioned and understood at our telephone call of April 21, 2008 as to the withdrawal of the claim of AM against Ritz Carlton

I therefore urge you to immediately instruct the US lawyer of AM to act accordingly and to withdraw / dismiss the claim against Ritz Carlton "with prejudice"

I have to draw your attention to the fact that any additional postponement of this withdrawal and dismissal does hinder the beginning of a meeting planned between Gregor Mattli and Dirk Trappmann upon specific request of Gregor Mattli

With best regards

Martin Ammann