UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,              :
                            :
              Plaintiff,      :
                            :    Case No. 07 CV 4038-PAC
     v.                    :
                            :
THE RITZ-CARLTON HOTEL COMPANY, LLC,:
and, LA PRAIRIE, INC.,           :
                            :
              Defendant.     :
----------------------------------------------------------------X

**PLAINTIFF CLINIQUE LA PRAIRIE'S REPLY MEMORDANUM
IN SUPPORT OF ITS MOTION FOR LEAVE TO VOLUNTARILY
<u>DISMISS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)2</u>**

**AND
<u>RESPONSE IN OPPOSITION TO LA PRAIRIE'S MOTION TO STAY</u>**

Ferrell Law, P.A.
598 Madison Avenue
Second Floor
New York, New York  10022
Tel:  212-813-9500

TABLE OF CONTENTS

STATEMENT OF FACTS ................................................................................ 1

ARGUMENT .................................................................................................. 5

    1.    The Parties did not Agree to Submit the Terms of the Dismissal of this
        Action to Arbitration, and the Swiss Arbitrators are Not Competent to
        Address the Issue................................................................................ 5

    2.    The Determination of Whether a Voluntary Dismissal of this Action
        Should be Without Prejudice is Solely Within This Court's Discretion....... 7

    3.    La Prairie Has Not Demonstrated That It Will Suffer Plain Legal
        Prejudice if the Court Grants a Voluntary Dismissal Without Prejudice....... 8

    4.    The April 22, 2008 Final Closing Resolution of the Swiss Arbitration
        Board Applies only to the Claims and Counterclaims of the Swiss
        Arbitration Proceeding. ..................................................................... 9

CONCLUSION............................................................................................. 10

CERTIFICATE OF SERVICE ...................................................................... 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,             :
                      :
          Plaintiff,       :
                      :    Case No. 07 CV 4038-PAC
     v.                  :
                      :
THE RITZ-CARLTON HOTEL COMPANY, LLC,:
and, LA PRAIRIE, INC.,           :
                      :
         Defendant.     :
-------------------------------------------------------------X

### PLAINTIFF CLINIQUE LA PRAIRIE'S REPLY MEMORDANUM IN SUPPORT OF ITS MOTION FOR LEAVE TO VOLUNTARILY DISMISS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)2

### AND
### RESPONSE IN OPPOSITION TO LA PRAIRIE'S MOTION TO STAY

Plaintiff, Clinique La Prairie, S.A. ("Clinique La Prairie"), by and through its undersigned counsel, hereby submits its reply memorandum in support of its motion for leave to voluntarily dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and its response in opposition to La Prairie's motion to stay. It states the following in support:

### STATEMENT OF FACTS

Clinique La Prairie and La Prairie, Inc. ("La Prairie") entered into an Amendment to their June 2, 1995 Agreement, dated April 8, 2008 ("the April 8, 2008 Amendment"). *See* Declaration of George G. Mahfood, Exhibit 2, English Translation of the April 8, 2008 Amendment to the June 2, 1995 Agreement. This is the *only* document that addresses the parties' agreement regarding the dismissal of this action. The April 8, 2008 Amendment is very specific as to the proceedings that each party agreed to withdraw. The parties did not intend for these other proceedings to be adjudicated on the merits, and this is reflected in the term "withdraw" used in

April 8, 2008 Amendment.  *See* Declaration of Pierre Schifferli, Para. 4.  The German version of the April 8, 2008 Amendment does not contain the German phrase "*mit präjudizieller Wirkung*", translated as "with prejudice," in any of the paragraphs that address the withdrawal of pending proceedings.  The absence of this German phrase supports Clinique La Prairie's contention that the parties did not agree that this action be dismissed with prejudice.  *See* Exhibit 1 to the Declaration of Pierre Schifferli, Email from Mr. Ammann.

The Swiss arbitration between Clinique La Prairie and La Prairie was concluded on April 22, 2008, when the arbitrators issued a Final Closing Resolution.  *See* Declaration of Benito Delfin, Exhibit E, English Translation of the April 22, 2008 Final Closing Resolution.  The Final Closing Resolution resolves only the claims and counterclaims of the arbitration proceeding.  As an act of the arbitrators, it does not, and could not, purport to inject additional terms into the parties' April 8, 2008 Amendment.  In paragraphs 1 through 3 of the Final Closing Resolution, in the section entitled "Resolution on the final closing of the arbitral procedure", the arbitrators stated:

> 1)  At the conciliation hearing on April 8, 2008, the parties agreed on and signed the arrangement as described in Enclosure 1.  The arrangement is admissible and clear. (§188 111ZPO)

> 2)  Based on this arrangement, the parties are obliged to meet all obligations defined in Enclosure 1 and accepted by them in each case. The present resolution on the final closing of the arbitration procedure, inclusive of the arrangement in Enclosure 1, is final and binding on both parties.

> 3)  *Except for the rights and obligations assumed in the arrangement*, all claims and counterclaims are to be deemed as withdrawn with prejudice *and the arbitral procedure is herewith terminated.* (emphasis added)

These provisions demonstrate that the Final Closing Resolution set conditions only for the dismissal of the claims and counterclaims in the arbitration proceeding, not this action.  Most

important is the fact that the arbitrators acknowledged the distinction between the rights and obligations created by the April 8, 2008 Amendment and the terms and conditions imposed by the Final Closing Resolution.  Paragraph 3 of the Final Closing Resolution expressly exempts the rights and obligations of the April 8, 2008 Amendment from the terms and conditions of the Final Closing Resolution ("*Except for the rights and obligations assumed in the arrangement…*").

The arbitrators thereby acknowledged that the April 8, 2008 Amendment and the Final Closing Resolution resolved different disputes between the parties.  Clinique La Prairie's claims against La Prairie in the Swiss arbitration were not co-extensive with its claims against the Ritz Carlton in this action, and vice versa.  Additionally, Clinique La Prairie has potential claims against the Ritz Carlton, arising from Clinique La Prairie's U.S. Trademark for the use of "CLP" in connection with health facilities and spas, that it would have submitted for this Court's review as part of a motion to partially lift the stay, had Clinique La Prairie and La Prairie not entered into the April 8, 2008 Amendment.  Thus, the Final Closing Resolution of the arbitration does not and cannot control the disposition of this action.

The determination of whether a United States District Court should permit a voluntary dismissal to be with or without prejudice is solely within the discretion of the Court, and is controlled by the terms of and the policies behind Fed. R. Civ. P. 41.  In order to avoid the traditional role of the Court in this determination, on June 24, 2008, La Prairie sought to obtain a ruling from the arbitrators that the terms of the Final Closing Resolution superseded the express terms of the April 8, 2008 Amendment concerning the dismissal of this action.  The arbitrators dismissed La Prairie's application.   *See* Exhibit 1, English translation of the Resolution of June 24, 2008.   The arbitrators ruled that they could not address La Prairie's request for an

explanation of whether the dismissal of this action was to be with or without prejudice. They recognized that they no longer had jurisdiction over the original disputes submitted to arbitration by the parties because the proceeding had been terminated.

Quite surprisingly, the arbitrators were not content to abide by their own ruling that there was no issue properly before them for consideration. In what can only be described as an *ultra vires* advisory opinion, the arbitrators volunteered that the Final Closing Resolution was "neither unclear nor contradictory" and that paragraph 3 of the Final Closing Resolution required withdrawal with prejudice. One can only wonder how or why the arbitrators failed to adhere to their own ruling that "*Except for the rights and obligations assumed in the arrangement* (*i.e.*, the April 8, 2008 Amendment), all claims and counterclaims are to be deemed as withdrawn with prejudice."[1]

Granting La Prairie's Motion to stay this matter, *again*, would only serve to delay the inevitable. This matter was initially stayed on La Prairie's motion pending the final resolution of the arbitration. The arbitration proceeding is now final. The parties entered into an amendment to their agreement and that amendment does not require the dismissal of this action with prejudice. Clinique La Prairie's motion for dismissal without prejudice is properly before the Court, and it satisfies all criteria for a dismissal without prejudice.

---

[1]    One must also question whether this aberrational statement by the arbitrators stems from a bias against Clinique La Prairie. This Court need not address that issue, however, because the decision of this Court is to be guided by the principles that underlie Rule 41 of the Federal Rules of Civil Procedure.

## ARGUMENT

**1.    The Parties did not Agree to Submit the Terms of the Dismissal of this Action to Arbitration, and the Swiss Arbitrators are Not Competent to Address the Issue.**

Arbitration is a creature of contract, and "the arbitrability of an issue derives fundamentally from the parties' agreement to arbitrate." *Katz v. Feinberg*, 167 F. Supp. 2d 556, 563 (S.D.N.Y. 2001). The court usually makes the determination of the scope of an arbitration clause. *Katz*, 167 F. Supp. 2d at 565-6. "The question of who should decide whether a dispute is arbitrable 'turns upon what the parties agreed about *that* matter.'" *Katz*, 167 F. Supp. 2d at 564 (emphasis in original) (internal citations omitted); *Kalmar Indus. USA, LLC v. Int'l. Bhd. of Teamsters Local 838*, 452 F. Supp. 2d 1154, 1162 (D. Kan. 2006) ("[a]s with any contract, the touchstone for interpreting an arbitration clause must be the intention of the parties."). Unless there is clear and unmistakable evidence that the parties agreed to arbitration on an issue, the courts should not assume that the parties made that agreement. *Katz*, 167 F. Supp. 2d at 564; *Gen. Motors Corp. v. Pamela Equities Corp.*, 146 F. 3d 242, 247 (5th Cir. 1998). When making the determination of whether the parties agreed to and intended to arbitrate a particular issue, ordinary contract interpretation principles apply. *Katz*, 167 F. Supp. 2d at 566. The Second Circuit has "cautioned, in determining whether a given dispute must be arbitrated the court looks to all the terms of the parties' agreement bearing on arbitration. Even though the words of the agreement's arbitration clause may be broad, its scope may be limited by language elsewhere…" *Katz*, 167 F. Supp. 2d at 566 (internal citations omitted); *InterGen N.V. v. Grina*, 344 F.3d 134, 142 (1st Cir. 2003) ("arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit) (quoting *AT&T Techs. Inc. v.*

*Commc'n Workers of Am.*, 475 U.S. 643, 648 (1986)).  Any silence or ambiguity as to whether the parties agreed to submit a particular issue to arbitration should be decided in favor of determining that the parties did not agree to submit the issue to an arbitrator.  *Gen. Motors Corp.*, 146 F.3d at 248.

Clinique La Prairie initiated this action against the Ritz Carlton Hotel Company, LLC (the "Ritz"), for trademark infringement.  La Prairie intervened and was a granted a stay pending arbitration pursuant to an arbitration clause in the June 2, 1995 agreement between Clinique La Prairie and La Prairie.  The Ritz was not and is not a party to the June 2, 1995 agreement.  The conditions under which this Court may dismiss this action are not subject to the arbitration clause between Clinique La Prairie and La Prairie.

Clinique La Prairie and La Prairie agreed to amend the June 2, 1995 agreement, resulting in the April 8, 2008 Amendment.  In the April 8, 2008 Amendment, Clinique La Prairie and La Prairie agreed to withdraw several pending proceedings against one another that were not part of the Swiss arbitration.  The terms of the April 8, 2008 Amendment concerning the withdrawal of this action are set forth in Paragraph 12.  Paragraph 12 does not state that Clinique La Prairie agreed to dismiss this action with prejudice.  Rather, the parties agreed that Clinique La Prairie would "withdraw" this action.

The terms for the dismissal of the arbitration proceeding were set forth in a separate decision of the arbitrators that was not an agreement of the parties.  That decision, by its express terms, and by operation of fundamental principles of contract law, could not and did not alter the terms of the parties agreement as embodied in the April 8, 2008 Amendment.

The power to set conditions for the dismissal of this action rests exclusively with this Court under Rule 41 of the Federal Rules of Civil Procedure.  La Prairie's attempt to circumvent

that authority, by resorting to the expired Swiss arbitration board, failed as it should.  The

Resolution of June 24, 2008 dismissed La Prairie's request because the request was not properly

the subject of an ongoing arbitration proceeding.

2.     **The Determination of Whether a Voluntary Dismissal of this Action Should be Without Prejudice is Solely Within This Court's Discretion.**

After an answer has been filed, an "action may be dismissed at the plaintiff's request **only**

by court order…"   Fed. R. Civ. P. 41(a)(2) (emphasis added); *Pizzulli v. The Northwestern*

*Mutual Life Ins. Co.*, 2006 WL 490097, *1 (S.D.N.Y. Feb. 28, 2006) ("[a]s per Fed. R. Civ. P.

41(a)(2), voluntary dismissal without prejudice requires an order of the Court"); *OccuNomix*

*Intern, LLC v N. Ocean Adventures, Inc.*, 2003 WL 22240660, *2 (S.D.N.Y. Sept. 30, 2003).

There are no exceptions in the Rule that suggest that another body, such as an arbitration panel,

has the authority to make this determination.   This determination is to be made in the sound

discretion of the court.  *The Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y.

1997); *Wright and Miller, Federal Practice and Procedure Deskbook* §103 (the court has

considerable power in plaintiff's voluntary dismissal and the court's discretion extends to

whether to permit the voluntary dismissal and the terms and conditions of any dismissal).  Rule

41(a)(2) gives the district court judicial, not arbitrary, discretion.  *Wright and Miller, Federal*

*Practice and Procedure: Civil* §2364.

La Prairie has not cited any authority that contradicts these basic principles.  Instead, it

argues that the arbitration clause in the April 8, 2008 Amendment requires this issue to be

decided by the Swiss arbitration board.  However, in its Resolution of June 24, 2008, the Swiss

arbitration board ruled that La Prairie's request could not be honored.  The arbitrators expressly

recognized that La Prairie sought review not of the Final Closing Resolution but of the April 8,

2008 Amendment, "which represents an agreement between the parties." *See* Exhibit 1, English translation of the Resolution of June 24, 2008, Para. I.

There are two other problems with La Prairie's argument. First, the parties have already negotiated and agreed to the withdrawal of the action without resort to an arbitral decision. The April 8, 2008 Agreement clearly states that this action is to be withdrawn. There is no requirement of a dismissal with prejudice. Second, the Swiss arbitration board issued a final resolution terminating the arbitration proceeding. The Final Closing Resolution issued by the Swiss Arbitration board states that the arbitration is finally concluded and terminated, and the Swiss Arbitration board has now ruled that it will not decide the issue.

### 3.    La Prairie Has Not Demonstrated That It Will Suffer Plain Legal Prejudice if the Court Grants a Voluntary Dismissal Without Prejudice.

The judges of this Court traditionally look to five factors to determine whether a voluntary dismissal is appropriate: (1) the plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on the plaintiff's part; (3) the extent to which the suit has progressed…; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *See Occunomix*, 2003 WL 22240660, at *2. The defendants bear the burden of establishing that they will suffer plain legal prejudice.

La Prairie's only proffered basis for legal prejudice is that it has withdrawn claims which can no longer be asserted, and it did so in reliance on its belief that Clinique La Prairie would withdraw this action with prejudice. If that is truly La Prairie's belief, then it is a unilateral mistake that is contradicted by the obvious absence of the German clause for "with prejudice," "*mit präjudizieller Wirkung*" from the April 8, 2008 Amendment. La Prairie is a sophisticated organization with decades of experience in negotiating agreements with Clinique La Prairie. If it

had truly sought a dismissal of this action with prejudice, it would have insisted on the inclusion of the phrase "*mit präjudizieller Wirkung*" in the April 8, 2008 Amendment. It did not.

Also, it is well established that the possibility of a second lawsuit or a tactical advantage to the plaintiff does not establish sufficient legal prejudice. *"BD" v. DeBuono*, 193 F.R.D. 117, 124-5 (S.D.N.Y. 2000) (holding that the possibility that a plaintiff will refile an action does not constitute substantial legal prejudice "[o]therwise, no action could ever be dismissed without prejudice."); *U.S. v. One 1990 Artic Cat Ext Snomobile ID No. 9137046*, 1996 WL 132107, *1 (S.D.N.Y. March 22, 1996) (holding that the possibility of a second lawsuit or a tactical shortcoming will not establish legal prejudice sufficient to prohibit dismissal).

4.    **The April 22, 2008 Final Closing Resolution of the Swiss Arbitration Board Applies only to the Claims and Counterclaims of the Swiss Arbitration Proceeding.**

A Review of the Final Closing Resolution as a whole, instead of the partial quotes provided by La Prairie in its opposition, demonstrates that the Resolution applies only to the claims and counterclaims then pending in the arbitration proceeding. The Resolution states "on today's date the court of arbitration issues the following Resolution on the final closing of the arbitral procedure." *See* Declaration of Benito Delfin, Exhibit E, p. 10. The arbitrators distinguished between the rights and obligations under the April 8, 2008 Amendment and the claims and counterclaims addressed in the arbitration proceeding.

The arbitration proceeding and the April 8, 2008 Amendment are each limited in scope. The April 8, 2008 Agreement refers specifically to this action and to several other proceedings that are to be withdrawn. The April 8, 2008 Amendment does not address the claims and counterclaims in the arbitration proceeding. Those claims were resolved by the Swiss arbitration board in its Final Closing Resolution of April 22, 2008. The Final Closing Resolution does not

9

address the other pending proceedings because the resolution of those proceedings was not before the arbitrators.

## **CONCLUSION**

Clinique La Prairie hereby requests that this Honorable Court enter an order allowing a voluntary dismissal without prejudice and directing each party to bear its own fees and costs.

Respectfully submitted,

**FERRELL LAW, P.A.**

By:     s/ George G. Mahfood
        Milton M. Ferrell, Jr. (MF1826)
        George G. Mahfood (GM0578)

        598 Madison Avenue
        Second Floor
        New York, New York 10022
        Tel: 212-813-9500
        Fax: 212-813-1155
        gmahfood@ferrellworldwide.com

*Attorneys for Clinique La Prairie, S.A.*

10

## CERTIFICATE OF SERVICE

I hereby certify that at true and correct copy of the foregoing was served by electronic mail on the following counsel for defendant: David Wynn, Arent Fox LLP, 1675 Broadway, New York, New York 10019, wynn.david@arentfox.com; Barbara Wohl, Arent Fox LLP, 1050 Connecticut Avenue, N.W., Washington, D.C., 20036-5339, wahl.barbara@arentfox.com; and Martin R. Gold, Sonnenschein Nath & Rosenthal LLP, 1221 Avenue of the Americas, New York, NY 10020-1089, mgold@sonnenschein.com.

s/George G. Mahfood
George G. Mahfood (GM0578)

11