UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,                  :
                                            :
                Plaintiff,         :
                                            :  Case No. 07 CV 4038-PAC
  v.                                        :
                                            :
THE RITZ-CARLTON HOTEL COMPANY, LLC, :
and, LA PRAIRIE, INC.,                      :
                                            :
                Defendant.         :
------------------------------------------------------------X


**PLAINTIFF CLINIQUE LA PRAIRIE'S REPLY MEMORDANUM
IN SUPPORT OF ITS MOTION FOR LEAVE TO VOLUNTARILY
<u>DISMISS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)2</u>**

**AND
<u>RESPONSE IN OPPOSITION TO LA PRAIRIE'S MOTION TO STAY</u>**




# EXHIBIT 1

Resolution of June 24, 2008

# THE AD-HOC COURT OF ARBITRATION

Armin Mattli, Clinique La Prairie et al.
vs. Laboratoires La Prairie SA und La Prairie Inc.

**made up of**

DR. BERNHARD F. MEYER
MME - MEYER MÜLLER ECKERT PARTNER
KREUZSTRASSE 42
CH-8008 ZURICH/SWITZERLAND
TEL. +41 44 254 99 66
FAX +41 44 254 99 60
bernhard.meyer@mme-law.ch

**CHAIR**

| PROF. DR. PETER NOBEL | DR. MAGDA STREULI-YOUSSEF |
|---|---|
| NOBEL & HUG RECHTSANWÄLTE | WALDER WYSS & PARTNER |
| DUFOURSTRASSE 29 | RECHTSANWÄLTE |
| POSTFACH 1372 | SEEFELDSTRASSE 123 |
| CH-8032 ZURICH | CH-8034 ZURICH |
| TEL. +41 44 262 22 12 | TEL. +41 44 498 98 98 |
| FAX. +41 44 262 00 92 | FAX. +41 44 498 98 99 |
| peter.nobel@nobel-hug.ch | mstreuli@wwp.ch |
| **COARBITRATOR** | **COARBITRATOR** |

**found on June 24, 2008**

**in re**

| 1. Armin Mattli, CH-1815 Clarens, | 1. Laboratoires La Prairie S.A., CH-1815 Clarens |
| 2. Clinique La Prairie S.A., CH-1815 Clarens | 2. La Prairie Inc., New York, U.S.A. |
| 3. CT Holding, CH-2000 Neuchâtel | |
| **Claimants** | **Respondents** |
| all represented by | represented by |
| Herrn RA Pierre Schifferli, Schifferli Rechtsanwälte, | Rechtsanwälte Dr. Martin Ammann und |
| 8 Avenue Jules-Crosnier, CH-1206 Genève, | Dr. Marcel Lustenberger, Meyer Lustenberger |
| Tel. +41 22 839 88 50, Fax +41 22 839 88 51 | Rechtsanwälte, Forchstrasse 452, CH-8032 Zürich, |
| ps@schifferlilaw.ch | Tel. +41 44 396 91 91, Fax +41 44 396 91 92 |
| | martin.ammann@ml-law.ch |
| and | marcel.lustenberger@ml-law.ch |
| Herrn RA Dr. Alexander Faber, Neupert & Partner, | |
| Dufourstrasse 58, CH-8702 Zollikon-Zürich, | |
| Tel. +41 44 396 80 80, Fax +41 44 396 80 88 | |
| faber@nplaw.ch | |

Resolution of June 24, 2008 2 | 5

concerning

## Claim

I. **Background**

A. On April 21, 2008, the Court of Arbitration issued a final closing resolution in this procedure after the parties had reached an arrangement with the assistance of the Court of Arbitration.

B. On May 23, 2008, the Respondents filed the following request for an explanatory statement:

"*The court of arbitration is asked to explain to the parties whether the commitment by AM pursuant to item 12 of the Arrangement of April 8, 2008 as well as item 2 of the Resolution for Formal Closing of the Arbitration Procedure covers the withdrawal of the case in the USA against Ritz Carlton "with prejudice" or "without prejudice"."*

C. In their request for an explanatory statement, the Respondents used as an argument that it had been the understanding of the parties that all pending procedures which had been a topic in the conciliation proceedings were to be finally settled. That this was also the understanding of the parties with regard to the lawsuit in the USA against the Ritz Carlton mentioned (in this context). That therefore only a withdrawal of the action with prejudice was to be applicable in the USA.

D. By a facsimile transmission dated May 30, 2008, the Court of Arbitration set a deadline to June 19, 2008 for the Claimants to give their opinion concerning the Respondents' request for an explanatory statement.

E. With a memorial dated June 12, 2008, the Claimants issued their provisional opinion concerning the request for an explanatory statement, with the following pleas:

"*1. That the Respondents' request for an explanation be dismissed as inadmissible;*

*2. Secondarily, in case the Court of Arbitration were to consider the request for an explanatory statement as formally admissible, to grant the Claimants an appropriate, additional respite to substantively comment on the Respondents' request for an explanation.*"

F. The Claimants argue that the Federal Rules of Civil Procedure (Rule 41) are applicable to the proceedings in the USA against the Ritz Carlton Hotel Company, LLC. Under said Rules, a unilateral withdrawal of the case (voluntary dismissal) is allegedly no longer

Resolution of June 24, 2008          3 | 5

possible because the requirements (for such withdrawal) were missing. The remaining possibilities were (a) a petition for dismissal signed by all parties, or (b) a court decision, issued at the request of the claimant, both of which were without prejudice in the normal case. According to their statement, in the present case the settlement of the US procedure based on an arrangement between the parties had failed because the Respondents' attorneys insisted on a settlement with prejudice. That this was inacceptable for the Claimants because they would then be exposed to the arbitrariness of the Ritz Carlton Hotel Company. According to them, the attorney of Claimant 2 had therefore filed a request with the District Court of the Southern District of New York on May 30, 2008, for a settlement without prejudice by withdrawing the action. That this case was still pending at present, and that the issue was still, as before, whether the withdrawal was to be with prejudice or without prejudice. Furthermore, the Claimants argued that the request for an explanatory statement was inadmissible per se since the Zurich Code of Civil Procedure does not contain any provision concerning the explanation of an arrangement. The wording of GVG (Gerichtsverfassungsgesetz = Constitution of Courts Act) § 162 that such explanation was admissible only with regard to a decision issued by a court. An arrangement, even though reached with the involvement of a court, was not accessible to an explanation.

## II.   Applicable law

G. The disagreement between the parties is the result of the Ad Hoc Arbitration Proceedings in Zurich. The subject of the request for an explanatory statement by the Respondents is item 12 of the arrangement dated April 8, 2008 as well as item 2 of the final closing resolution dated April 21, 2008. The present disagreement is therefore not a new arbitral proceeding initiated after closing the objective procedure. In accordance with the original Agreement between the parties, the Zurich Code of Civil Procedure continues to be applicable to the Respondents' request for an explanatory statement (cf. final closing resolution of April 21, 2008, lit. D), and not the International Rules of Arbitration of the Swiss Chambers of Commerce pursuant to item 23 of the Arrangement (Appendix dated April 8, 2008 to the parties' Agreement dated June 2, 1995). The (US) Federal Rules of Civil Procedure are totally independent of the present procedure and are consequently not to be taken into account.

## III.   Considerations of the Court of Arbitration

H. As correctly set forth by the Claimants, settlement decisions, which terminate a procedure solely on the basis of the parties' declaration (acknowledgement, withdrawal, arrangement),

are not accessible to an explanation. Explanations of this kind are not judicial instructions but party declarations.[1]

I. In the present case, it is not the wording of the final closing resolution by the Court of Arbitration which is at issue, but item 12 of the Arrangement (Appendix dated April 8, 2008 to the Agreement of June 2, 1995), which represents an agreement between the parties. Consequently, the Respondents' request cannot be honored.

J. But even if the request could be handled materially, this would not change the result in any way: According to § 162 GVG, an unclear or contradictory decision will be explained by the Court upon request or of the court's own motion (ex officio). Thus, not just any expression by the Court is accessible to an explanation, but only an unclear or contradictory decision.

K. In its final closing resolution of April 21, 2008, the Court of Arbitration – in keeping with intense, previous negotiation discussions – bound the parties to fulfilling all obligations assumed by them in the arrangement. One of them, in particular, was the obligation of both parties to withdraw all pending lawsuits, including the action against Ritz Carlton in the USA (item 12 of the Arrangement). That this meant, in the opinion of the Court of Arbitration, a withdrawal with prejudice, exclusively, is evident from item 3 of the final closing resolution, which states with blunt clarity: "…all claims and counterclaims are to be deemed as withdrawn with prejudice…" (item 3 of the final closing resolution).

L. Consequently, the wording of the final closing resolution (decision by the Court of Arbitration) of April 22, 2008 is neither unclear nor contradictory. It needs no further elucidation.

M. That the withdrawal of a lawsuit has a precluding effect (with prejudice) also corresponds to the Zurich Rules of Civil Procedure applied by the Court of Arbitration. According to them, a withdrawal of an action is always with prejudice. This also results from § 107 section 3 as well as from § 191 section 2 of the Code of Civil Procedure (ZPO). According to § 107 section 3 ZPO the renewed filing of an action that was withdrawn after having achieved litispendence is excluded as a matter of principle.[2]

N. Against this backdrop, the Court of Arbitration issues the following

# Resolution:

---

[1] Hauser / Schweri, Kommentar zum zürcherischen Gerichtsverfassungswgesetz, Zürich 2002, § 162 N. 12.

[2] Frank / Streuli / Messmer, Kommentar zur zürcherischen Zivilprozessordnung, 3rd edition, Zurich 1997, § 107 ZPO, N 18; Guldener, Schweizerisches Zivilprozessrecht, 3rd edition, Zurich 1979, p. 237.

Resolution of June 24, 2008                    5 | 5

a. The Respondents' request for an explanatory statement is non-suited.

b. Granting an additional respite to the Claimants for their material comment is unnecessary.

c. No additional costs are to be invoiced for this resolution.

d. This resolution is passed jointly by the arbitrators, but signed only by the chairperson on behalf of the coarbitrators.

e. This resolution is initially transmitted to the attorneys of the parties by facsimile and then sent by mail as follows:

- to the attorneys of the Claimants and the Respondents each in duplicate (for themselves and to the attention of their clients), by registered mail against return receipt;
- to the two coarbitrators, by simple first class mail;
- to the Secretary of the Court of Arbitration, in duplicate, for the Secretary and to the attention of the Chair.

Executed in 8 original copies

ON BEHALF OF THE COURT OF ARBITRATION:

(signed)

DR. BERNHARD F. MEYER
**CHAIR**