UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,                  :
                                            :   Civil Action No.: 07 Civ 4038-PAC
                Plaintiff,          :
                                            :
  -against-                                :
                                            :
THE RITZ-CARLTON HOTEL COMPANY, LLC,        :
and LA PRAIRIE, INC.,                       :
                                            :
                Defendants.         :
---------------------------------------------------------------X

## DECLARATION OF MARTIN AMMANN UNDER 28 U.S.C. § 1746

1.    I am counsel to defendants La Prairie, Inc. and Laboratoires La Prairie S.A. ("La Prairie") in the Swiss arbitration proceeding (the "Swiss Arbitration") between La Prairie and plaintiffs Clinique La Prairie, S.A. et al. ("CLP"). I maintain an office for the practice of law in Zurich, Switzerland.

2.    Attached as Exhibit A, is a true and correct copy of a certified English translation of the 1995 settlement agreement between La Prairie and CLP (the "1995 Settlement Agreement") with certification attached.

3.    Attached as Exhibit B, is a true and correct copy of a certified English translation of the 2008 amendment to the 1995 Settlement Agreement (the "2008 Amendment") with certification attached. As counsel to La Prairie in the Swiss Arbitration, I have personal knowledge that the 2008 Amendment was drafted under active guidance from the Swiss Arbitration panel.

4.    I have practiced under and am familiar with the Zurich Code of Civil Procedure. Pursuant to the terms of the 1995 Settlement Agreement, as amended by the parties in 2008, the

Swiss Arbitration was proceeding under Swiss substantive law and the Zurich Code of Civil Procedure. Under the Zurich Code of Civil Procedure, a withdrawal of an action is in principle always with prejudice. There are only very few exceptions to this fundamental procedural principle (such as filing of a statement of claim with the wrong court), all of which, however, are clearly not relevant to the Swiss Arbitration.

The principle that the withdrawal of an action is with prejudice is stipulated in §107 section 1 no. 3 first sentence of the Zurich Code of Civil Procedure.

Furthermore, §191 of the Zurich Code of Civil Procedure stipulates that a judgment binds the courts in later proceedings between the same parties. §191 section 2 of the Zurich Code of Civil Procedure clarifies that this applies also in a case where court proceedings are terminated based on a settlement agreement.

Attached as Exhibit C, is a true and correct copy of the relevant provisions from the Zurich Code of Civil Procedure with certified English translations attached. [. § 107 .and § 191 . of the Zürich Code of Civil Procedure.]

5.      As part of the 2008 Amendment to the 1995 Settlement Agreement between La Prairie and CLP, La Prairie agreed to withdraw the pending oppositions (proceedings no. 9273, 8974-8976, and 8977/78) before the Swiss Federal Institute of Intellectual Property in Bern (FIIP) within 10 days of execution of the 2008 Amendment.

6.      In accordance with the 2008 Amendment, La Prairie withdrew its oppositions in the opposition proceedings no. 09874-08976, 08977-08978 and 9273 at the FIIP on April 10, 2008.

7.      Under Swiss law, once an opposition in an opposition proceeding before the FIIP is withdrawn upon lapsing of the opposition deadline it cannot be reinstated. At the time CLP and



La Prairie entered into the 2008 Amendment, the time period to file oppositions had expired. Thus, when La Prairie Inc. withdrew the oppositions they were withdrawn with prejudice.

8.  As a result of these withdrawals, La Prairie has forever lost its ability to lodge opposition against the trademarks subject to the above-mentioned opposition proceedings.

9.  Attached as Exhibit D, is a true and correct copy of a certified English translation of the April 22, 2008 decision in the Swiss arbitration between La Prairie and CLP with the original decision (in German) and certification attached.

10. Attached as Exhibit E, is a true and correct copy of a certified English translation of La Prairie's May 23, 2008 request to the Swiss arbitrators with certification attached.

11. Attached as Exhibit F, is a true and correct copy of a certified English translation of the June 24, 2008 decision in the Swiss Arbitration with the original decision (in German) and certification attached.

12. Attached as ExhibitG, is a true and correct copy of a certified English translation of the July 8, 2008 decision in the Swiss Arbitration with the original decision (in German) and certification attached.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed the 22 day of August, 2008

_____
Martin Ammann