# EXHIBIT B

### DECLARATION UNDER 28 U.S.C. § 1746 of Salomé Hangartner

1. I am a citizen of the country of Switzerland and am over 18 years of age. I am not a party to this action.

2. I am a professional translator. I am self-employed with over 40 years of experience in translating documents. I have supplied translation services to business organizations, governmental authorities, and courts in Switzerland and the USA.

3. I am qualified to translate documents from German to English. I have 42 years of experience translating German to English. I am accredited by the Zurich Obergericht [higher and appellate court] for German to English translation.

4. Attached hereto as Exhibit A is a true, accurate and complete English translation of the German-language document "Anhang zur Vereinbarung vom 2. Juni 1995 (Appendix to the Agreement of June 2, 1995)," attached hereto as Exhibit B. I was responsible for the translation of this document.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and ability.

Executed this 17th day of June, 2008

*S. de Hangartner*
Salomé Hangartner

**Appendix to the Agreement of June 2, 1995**

between

**Laboratoires La Prairie S.A.**, CH-1815 Clarens,
**La Prairie Inc.**, New York, NY 10019

hereinafter jointly referred to as "**LP**",

represented by attorneys-at-law Dr. Martin Ammann and Dr. Marcel Lustenberger, Meyer Lustenberger Rechtsanwälte, Forchstrasse 452, CH-8032 Zurich

and

**Armin Mattli**, c/o Clinique La Prairie, CH-1815 Clarens,
acting on his own behalf and that of his companies, in particular
**Clinique La Prairie S.A.**, CH-1815 Clarens
**CT Holding**, CH-1796 Courgevaux

hereinafter referred to as "**AM**"

all represented by attorney-at-law Pierre Schifferli, Schifferli Rechtsanwälte, 8 Avenue Jules-Crosnier, CH-1206 Geneva

as well as

Dr. Alexander Faber, attorney-at-law, Neupert & Partner, Dufourstrasse 58, CH-8702 Zollikon-Zurich

**Recital**

Armin Mattli is the sole shareholder of CT-Holding, which in turn is the sole shareholder of Clinique La Prairie SA. Clinique La Prairie SA operates Clinique La Prairie in Montreux.

Laboratoires La Prairie SA and La Prairie Inc. are specifically active in the production and distribution of cosmetic products under the trademark "La Prairie." In 1982, Armin Mattli sold this business to La Prairie Inc. Over the years, the cooperation of the parties has been regulated by various (subsequent) agreements, the last one being an agreement dated June 2, 1995.

Some differences of opinion have arisen between the parties with regard to the interpretation and application of the Agreement of June 2, 1995, especially concerning the term "clinic," on AM's authority to distribute cosmetics, the question of whether LP is authorized to provide services under the "La Prairie" trademark, and who is authorized to distribute mineral water under the "La Prairie" trademark. Based on item 10.2 of the Agreement of June 2, 1995, the parties have submitted their

April 8, 2008

dispute to an Ad-hoc Court of Arbitration located in Zurich; AM filed their legal claim on November 5, 2007 and LP presented their counterclaim on December 19, 2007 to the Court of Arbitration.

This Appendix to the Agreement of June 2, 1995 ("the Appendix") shall serve to settle the controversies and to end the proceedings of the Ad-hoc Court of Arbitration and other proceedings. The agreement of June 2, 1995 shall remain in effect.

### I.  SUBJECT OF THIS APPENDIX

1. The present Appendix has the purpose of clarifying points at issue between the parties as well as the settlement of the proceedings pending between the parties and other parties involved.

### II.  TRADEMARK RIGHTS

2. As an amendment to the Agreement of June 2, 1995, the parties undertake to maintain the trademarks that are the subject of the Agreement of June 2, 1995, and especially to take any action required to maintain their protection at their own cost, such as, for instance, the use of trademarks – insofar as agreed by contract -, protection of and defense against breaches; renewal of trademark registrations etc. In addition, the parties mutually agree to provide possibly required declarations of consent.

### III.  TRADEMARK IDENTITY

#### A.  Use of trademarks by AM

3. AM shall have the exclusive right to use the trademarks "Clinique La Prairie" and "CLP" (as word mark, script mark or word and device marks) for the following *products*: "Foods, dietary foods, and food supplements."

   - *Foods* shall be deemed to be all substances produced or used for eating or drinking purposes, including non-alcoholic drinks such as juices, fruit juices, mineral water, etc.

4. AM shall have the exclusive right to use the trademarks "Clinique La Prairie" and "CLP" (as word mark, script mark or word and device mark) for the following *services:*

April 8, 2008

- For the operation of medical and/or health clinics and the services provided by them.

For the purposes of this Appendix, a *clinic* shall be deemed to be any medical and/or health-promoting facility that is actually operated under medical supervision or responsibility and where medical services are performed, and/or that are advertised as a medical and/or health clinic.

Centers and residences tied to a facility for medical services and the attractiveness of which is primarily based on a medical and/or health clinic within the meaning of this Appendix shall also be considered medical and/or health clinics within the meaning of this Appendix. The word and device marks "Clinique La Prairie" and "CLP" may also be used and registered by AM for such purposes (in particular in the current class 36).

5. AM is not authorized to use the trademark "Clinique La Prairie" and "CLP" or trademarks confusable with, similar to, or imitating products other than those mentioned under item 3 above, as well as for any services other than those mentioned under item 4 above.

6. AM is, in particular, not authorized to distribute cosmetics under the trademarks "Clinique La Prairie", "CLP" or under trademarks that are confusable with, similar to, or imitating such trademarks. AM may, however, distribute cosmetics under other trademarks, provided no direct or indirect reference is made to Clinique La Prairie (in particular to its heritage) in that context, nor to the trademarks mentioned above. This shall particularly apply to products distributed under the "Swiss Perfection" trademark. This restriction shall also apply to advertising, product presentation, and PR activities.

    AM undertakes to adjust the content of the Web site "www.swissperfection.com" to the provisions of this agreement.

    AM is, however, authorized to point to the use of other brand products in medical and/or health clinics according to item 4, in particular also "Swiss Perfection," and to sell such products in those clinics. Reference to the products used in such clinics may also be contained in leaflets as well as on the Web sites of such clinics.

7. AM is not authorized to use the trademark "La Prairie." Except for the uses mentioned in items 3 and 4 above, this also applies to any trademarks that are confusable with, similar to, or imitating this trademark.

**B. Use of trademarks by LP**

8. LP shall have the exclusive right to use the "La Prairie" trademark (as a word mark, script mark or word and device mark) for all *products* other than those mentioned in item 3, especially also:

    - for "cosmetic products, such as skin and body care products, perfumes, decorative cosmetics," etc.

April 8, 2008

9. LP shall have the exclusive right to use the "La Prairie" trademark (as a word mark, script mark or word and device mark) for all *services* other than those mentioned in item 4, especially also:

- for distribution, sale and applications of cosmetic products, especially skin and body care products, perfumes, decorative cosmetics.

- for operation of beauty salons and facilities offering services; however, such facilities shall not have the characteristics of a medical clinic in the sense described in item 4.

    The fact that in a facility medical services are also offered by third parties (not associated with LP) in addition to cosmetic applications does not preclude LP's right to offer cosmetic applications under the trademark "La Prairie," (as a word mark, script mark, or device mark), either in its own name or that of a fourth party in this facility, on condition, however, that such facility as a whole be not run nor appears under the trademark "La Prairie." The relevant medical services must not be offered with reference to the trademark "La Prairie" nor be connected with it.

    The mere fact that the law requires the availability of a physician does not make the institution a medical and/or health clinic. At any rate, LP is not allowed to provide any medical services and no reference must be established between the medical services and the trademark "La Prairie."

10. LP is not authorized to use the trademark "La Prairie" or confusable, similar, or imitating trademarks for products pursuant to item 3 above, nor for services according to item 4 above.

11. LP is not allowed to use the trademarks "Clinique La Prairie" and "CLP." Item 4.2 of the Agreement dated June 2, 1995 is reserved.

### IV. MUTUAL WITHDRAWAL OF ALL PENDING CASES

12. AM undertakes to withdraw the action against Ritz Carlton in the USA within ten (10) days of the mutual signing of this Appendix.

13. AM undertakes to remove all publications about LP and its contractual partners on the Internet, especially about Ritz Carlton, at its own expense, within ten (10) days of the mutual signing of this Appendix.

14. LP undertakes to withdraw the objections in the opposition proceedings No. 09874-08976, 08977-08978, and 9273 before the Swiss Federal Institute of Intellectual Property in Bern (IGE) within ten (10) days of the mutual signing of this Appendix.

April 8, 2008

15. By the signature of this agreement, the claim of November 5, 2007 and the counterclaim of December 19, 2007 shall be deemed withdrawn.

16. The parties shall each bear half of the court costs of the Court of Arbitration totaling CHF 500,000.- (inclusive of cash expenditures and the clerk of the court) and they mutually waive any demand for procedural compensation.

17. The Court of Arbitration will invoice the amount not covered by the cost advance separately.

## V. DURATION

18. The duration of this Appendix corresponds to item 6 of the Agreement of June 2, 1995.

## VI. CONTINUATION OF THE 1995 AGREEMENT

19. The Agreement between the parties of June 2, 1995 shall not be terminated by this Appendix, except for items 5.1 and 5.2. In case of contradictions, this Appendix shall have priority over the Agreement of June 2, 1995.

## VII. WORLDWIDE VALIDITY OF ALL RIGHTS AND OBLIGATIONS

20. This Appendix shall be valid worldwide.

## VIII. BINDING FORCE OF THIS APPENDIX FOR THE PARTIES AND LEGAL SUCCESSORS

21. This Appendix to the Agreement shall be binding for the parties and for all companies associated with them, as well as for all possible legal successors of the parties. In case of a sale of the trademarks, the parties undertake to transfer the obligations of this Appendix to the Agreement to the purchaser.

## IX. APPLICABLE LAW AND JURISDICTION, ARBITRATION CLAUSE

22. Clause 10 of the Agreement of June 2, 1995 shall also apply to this Appendix.

23. The parties accept the following new arbitration clause, both for the Agreement of June 2, 1995 as well as for this Appendix:

    Whenever disputes, controversies, or claims cannot be settled amicably, they are to be settled by arbitration pursuant to the Rules of International Arbitration of the Swiss Chambers of Commerce and Industry in force on the date when the Notice of Arbitration is submitted. The number of arbitrators shall be three. The seat of the arbitration shall be in Zurich. The arbitration proceedings shall be conducted in German.

April 8, 2008

Executed on April 8, 2008 in Zurich in eight original copies, with one copy to be submitted to the Court of Arbitration.

| | |
|---|---|
| Zurich, April 8, 2008 | Zurich, April 8, 2008 |
| Laboratoires La Prairie S.A. | Armin Mattli |
| La Prairie Inc | Clinique La Prairie S.A. |
| | CT-Holding SA |
| (signed) | (signed) |
| RA Dr. Martin Ammann | Me. Pierre Schifferli |
| (signed) | (signed) |
| RA Dr. Marcel Lustenberger | RA Dr. Alexander Faber |