# EXHIBIT F

## DECLARATION UNDER 28 U.S.C. § 1746 of Salomé Hangartner

1.  I am a citizen of the country of Switzerland and am over 18 years of age. I am not a party to this action.

2.  I am a professional translator. I am self-employed with over 40 years of experience in translating documents. I have supplied translation services to business organizations, governmental authorities, and courts in Switzerland and the USA.

3.  I am qualified to translate documents from German to English. I have 42 years of experience translating German to English. I am accredited by the Zurich Obergericht [higher and appellate court] for German to English translation.

4.  Attached hereto as Exhibit A is a true, accurate and complete English translation of the German-language document "BESCHLUSS/RESOLUTION dated Zurich, June 24, 2008," attached hereto as Exhibit B. I was responsible for the translation of this document.

5.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and ability.

Executed this 25th day of June, 2008

_S. de Hangartner_
Salomé Hangartner

Case 1:07-cv-04038-PAC    Document 45-7    Filed 08/25/2008    Page 3 of 14

Resolution of June 24, 2008

# THE AD-HOC COURT OF ARBITRATION

Armin Mattli, Clinique La Prairie et al.
vs. Laboratoires La Prairie SA und La Prairie Inc.

made up of

DR. BERNHARD F. MEYER
MME - MEYER MÜLLER ECKERT PARTNER
KREUZSTRASSE 42
CH-8008 ZURICH/SWITZERLAND
TEL. +41 44 254 99 66
FAX +41 44 254 99 60
bernhard.meyer@mme-law.ch

CHAIR

| PROF. DR. PETER NOBEL | DR. MAGDA STREULI-YOUSSEF |
|---|---|
| NOBEL & HUG RECHTSANWÄLTE | WALDER WYSS & PARTNER |
| DUFOURSTRASSE 29 | RECHTSANWÄLTE |
| POSTFACH 1372 | SEEFELDSTRASSE 123 |
| CH-8032 ZÜRICH | CH-8034 ZÜRICH |
| TEL. +41 44 262 22 12 | TEL. +41 44 498 98 98 |
| FAX. +41 44 262 00 92 | FAX. +41 44 498 98 99 |
| peter.nobel@nobel-hug.ch | mstreuli@wwp.ch |
| COARBITRATOR | COARBITRATOR |

found on June 24, 2008

in re

| 1. **Armin Mattli**, CH-1815 Clarens, | 1. **Laboratoires La Prairie S.A.**, CH-1815 Clarens |
|---|---|
| 2. **Clinique La Prairie S.A.**, CH-1815 Clarens | 2. **La Prairie Inc.**, New York, U.S.A. |
| 3. **CT Holding**, CH-2000 Neuchâtel | |
| **Claimants** | **Respondents** |
| all represented by | represented by |
| Herrn RA Pierre Schifferli, Schifferli Rechtsanwälte, | Rechtsanwälte Dr. Martin Ammann und |
| 8 Avenue Jules-Crosnier, CH-1206 Genève, | Dr. Marcel Lustenberger, Meyer Lustenberger |
| Tel. +41 22 839 88 50, Fax +41 22 839 88 51 | Rechtsanwälte, Forchstrasse 452, CH-8032 Zürich, |
| ps@schifferlilaw.ch | Tel. +41 44 396 91 91, Fax +41 44 396 91 92 |
| | martin.ammann@ml-law.ch |
| and | marcel.lustenberger@ml-law.ch |
| Herrn RA Dr. Alexander Faber, Neupert & Partner, | |
| Dufourstrasse 58, CH-8702 Zollikon-Zürich, | |
| Tel. +41 44 396 80 80, Fax +41 44 396 80 88 | |
| faber@nplaw.ch | |

concerning

# Claim

I. **Background**

A. On April 21, 2008, the Court of Arbitration issued a final closing resolution in this procedure after the parties had reached an arrangement with the assistance of the Court of Arbitration.

B. On May 23, 2008, the Respondents filed the following request for an explanatory statement:

"*The court of arbitration is asked to explain to the parties whether the commitment by AM pursuant to item 12 of the Arrangement of April 8, 2008 as well as item 2 of the Resolution for Formal Closing of the Arbitration Procedure covers the withdrawal of the case in the USA against Ritz Carlton "with prejudice" or "without prejudice".*"

C. In their request for an explanatory statement, the Respondents used as an argument that it had been the understanding of the parties that all pending procedures which had been a topic in the conciliation proceedings were to be finally settled. That this was also the understanding of the parties with regard to the lawsuit in the USA against the Ritz Carlton mentioned (in this context). That therefore only a withdrawal of the action with prejudice was to be applicable in the USA.

D. By a facsimile transmission dated May 30, 2008, the Court of Arbitration set a deadline to June 19, 2008 for the Claimants to give their opinion concerning the Respondents' request for an explanatory statement.

E. With a memorial dated June 12, 2008, the Claimants issued their provisional opinion concerning the request for an explanatory statement, with the following pleas:

"1. *That the Respondents' request for an explanation be dismissed as inadmissible;*

2. *Secondarily, in case the Court of Arbitration were to consider the request for an explanatory statement as formally admissible, to grant the Claimants an appropriate, additional respite to substantively comment on the Respondents' request for an explanation.*"

F. The Claimants argue that the Federal Rules of Civil Procedure (Rule 41) are applicable to the proceedings in the USA against the Ritz Carlton Hotel Company, LLC. Under said Rules, a unilateral withdrawal of the case (voluntary dismissal) is allegedly no longer

Resolution of June 24, 2008                     3 | 5

possible because the requirements (for such withdrawal) were missing. The remaining possibilities were (a) a petition for dismissal signed by all parties, or (b) a court decision, issued at the request of the claimant, both of which were without prejudice in the normal case. According to their statement, in the present case the settlement of the US procedure based on an arrangement between the parties had failed because the Respondents' attorneys insisted on a settlement with prejudice. That this was inacceptable for the Claimants because they would then be exposed to the arbitrariness of the Ritz Carlton Hotel Company. According to them, the attorney of Claimant 2 had therefore filed a request with the District Court of the Southern District of New York on May 30, 2008, for a settlement without prejudice by withdrawing the action. That this case was still pending at present, and that the issue was still, as before, whether the withdrawal was to be with prejudice or without prejudice. Furthermore, the Claimants argued that the request for an explanatory statement was inadmissible per se since the Zurich Code of Civil Procedure does not contain any provision concerning the explanation of an arrangement. The wording of GVG (Gerichtsverfassungsgesetz = Constitution of Courts Act) § 162 that such explanation was admissible only with regard to a decision issued by a court. An arrangement, even though reached with the involvement of a court, was not accessible to an explanation.

## II.  Applicable law

G.  The disagreement between the parties is the result of the Ad Hoc Arbitration Proceedings in Zurich. The subject of the request for an explanatory statement by the Respondents is item 12 of the arrangement dated April 8, 2008 as well as item 2 of the final closing resolution dated April 21, 2008. The present disagreement is therefore not a new arbitral proceeding initiated after closing the objective procedure. In accordance with the original Agreement between the parties, the Zurich Code of Civil Procedure continues to be applicable to the Respondents' request for an explanatory statement (cf. final closing resolution of April 21, 2008, lit. D), and not the International Rules of Arbitration of the Swiss Chambers of Commerce pursuant to item 23 of the Arrangement (Appendix dated April 8, 2008 to the parties' Agreement dated June 2, 1995). The (US) Federal Rules of Civil Procedure are totally independent of the present procedure and are consequently not to be taken into account.

## III.  Considerations of the Court of Arbitration

H.  As correctly set forth by the Claimants, settlement decisions, which terminate a procedure solely on the basis of the parties' declaration (acknowledgement, withdrawal, arrangement),

Resolution of June 24, 2008                                4 | 5

are not accessible to an explanation. Explanations of this kind are not judicial instructions but party declarations.[1]

I. In the present case, it is not the wording of the final closing resolution by the Court of Arbitration which is at issue, but item 12 of the Arrangement (Appendix dated April 8, 2008 to the Agreement of June 2, 1995), which represents an agreement between the parties. Consequently, the Respondents' request cannot be honored.

J. But even if the request could be handled materially, this would not change the result in any way: According to § 162 GVG, an unclear or contradictory decision will be explained by the Court upon request or of the court's own motion (ex officio). Thus, not just any expression by the Court is accessible to an explanation, but only an unclear or contradictory decision.

K. In its final closing resolution of April 21, 2008, the Court of Arbitration – in keeping with intense, previous negotiation discussions – bound the parties to fulfilling all obligations assumed by them in the arrangement. One of them, in particular, was the obligation of both parties to withdraw all pending lawsuits, including the action against Ritz Carlton in the USA (item 12 of the Arrangement). That this meant, in the opinion of the Court of Arbitration, a withdrawal with prejudice, exclusively, is evident from item 3 of the final closing resolution, which states with blunt clarity: "…all claims and counterclaims are to be deemed as withdrawn with prejudice…" (item 3 of the final closing resolution).

L. Consequently, the wording of the final closing resolution (decision by the Court of Arbitration) of April 22, 2008 is neither unclear nor contradictory. It needs no further elucidation.

M. That the withdrawal of a lawsuit has a precluding effect (with prejudice) also corresponds to the Zurich Rules of Civil Procedure applied by the Court of Arbitration. According to them, a withdrawal of an action is always with prejudice. This also results from § 107 section 3 as well as from § 191 section 2 of the Code of Civil Procedure (ZPO). According to § 107 section 3 ZPO the renewed filing of an action that was withdrawn after having achieved litispendence is excluded as a matter of principle.[2]

N. Against this backdrop, the Court of Arbitration issues the following

## Resolution:

---

[1] Hauser / Schweri, Kommentar zum zürcherischen Gerichtsverfassungswgesetz, Zürich 2002, § 162 N. 12.
[2] Frank / Streuli / Messmer, Kommentar zur zürcherischen Zivilprozessordnung, 3rd edition, Zurich 1997, § 107 ZPO, N 18; Guldener, Schweizerisches Zivilprozessrecht, 3rd edition, Zurich 1979, p. 237.

Resolution of June 24, 2008                    5 | 5

a.  The Respondents' request for an explanatory statement is non-suited.

b.  Granting an additional respite to the Claimants for their material comment is unnecessary.

c.  No additional costs are to be invoiced for this resolution.

d.  This resolution is passed jointly by the arbitrators, but signed only by the chairperson on behalf of the coarbitrators.

e.  This resolution is initially transmitted to the attorneys of the parties by facsimile and then sent by mail as follows:

- to the attorneys of the Claimants and the Respondents each in duplicate (for themselves and to the attention of their clients), by registered mail against return receipt;
- to the two coarbitrators, by simple first class mail;
- to the Secretary of the Court of Arbitration, in duplicate, for the Secretary and to the attention of the Chair.

Executed in 8 original copies

ON BEHALF OF THE COURT OF ARBITRATION:

(signed)

DR. BERNHARD F. MEYER
**CHAIR**

Case 1:07-cv-04038-PAC    Document 45-7    Filed 08/25/2008    Page 9 of 14

Beschluss vom 24.06.2008

# DAS AD-HOC SCHIEDSGERICHT

Armin Mattli, Clinique La Prairie et al.
vs. Laboratoires La Prairie SA und La Prairie Inc.

**bestehend aus**

DR. BERNHARD F. MEYER
MME - MEYER MÜLLER ECKERT PARTNER
KREUZSTRASSE 42
CH-8008 ZURICH/SWITZERLAND
TEL. +41 44 254 99 66
FAX +41 44 254 99 60
bernhard.meyer@mme-law.ch

**VORSITZENDER**

| | |
|---|---|
| PROF. DR. PETER NOBEL | DR. MAGDA STREULI-YOUSSEF |
| NOBEL & HUG RECHTSANWÄLTE | WALDER WYSS & PARTNER |
| DUFOURSTRASSE 29 | RECHTSANWÄLTE |
| POSTFACH 1372 | SEEFELDSTRASSE 123 |
| CH-8032 ZÜRICH | CH-8034 ZÜRICH |
| TEL. +41 44 262 22 12 | TEL. +41 44 498 98 98 |
| FAX. +41 44 262 00 92 | FAX. +41 44 498 98 99 |
| peter.nobel@nobel-hug.ch | mstreuli@wwp.ch |
| **MITSCHIEDSRICHTER** | **MITSCHIEDSRICHTERIN** |

hat am 24. Juni 2008

in Sachen

| | |
|---|---|
| 1. Armin Mattli, CH-1815 Clarens, | 1. Laboratoires La Prairie S.A., CH-1815 Clarens |
| 2. Clinique La Prairie S.A., CH-1815 Clarens | 2. La Prairie Inc., New York, U.S.A. |
| 3. CT Holding, CH-2000 Neuchâtel | |
| **Kläger** | **Beklagte** |
| alle vertreten durch | vertreten durch |
| Herrn RA Pierre Schifferli, Schifferli Rechtsanwälte, | Rechtsanwälte Dr. Martin Ammann und |
| 8 Avenue Jules-Crosnier, CH-1206 Genève, | Dr. Marcel Lustenberger, Meyer Lustenberger |
| Tel. +41 22 839 88 50, Fax +41 22 839 88 51 | Rechtsanwälte, Forchstrasse 452, CH-8032 Zürich, |
| ps@schifferlilaw.ch | Tel. +41 44 396 91 91, Fax +41 44 396 91 92 |
| | martin.ammann@ml-law.ch |
| und | marcel.lustenberger@ml-law.ch |
| Herrn RA Dr. Alexander Faber, Neupert & Partner, | |
| Dufourstrasse 58, CH-8702 Zollikon-Zürich, | |
| Tel. +41 44 396 80 80, Fax +41 44 396 80 88 | |
| faber@nplaw.ch | |

**betreffend**

Beschluss vom 24.06.2008                    2 | 5

# Forderung

### festgestellt:

I. **Hintergrund**

A. Am 21. April 2008 hat das Schiedsgericht in diesem Verfahren einen Abschreibungsbeschluss erlassen, nachdem die Parteien mit Hilfe des Schiedsgerichts einen Vergleich abgeschlossen hatten.

B. Am 23. Mai 2008 haben die Beklagten folgendes Erläuterungsbegehren gestellt:

„*Das Schiedsgericht wird ersucht, den Parteien zu erklären, ob die Verpflichtung von AM gemäss Ziffer 12 des Vergleichs vom 8. April 2008 sowie Ziffer 2 des Abschreibungsbeschlusses den Rückzug der Klage in den USA gegen Ritz Carlton mit präjudizieller Wirkung (d.h. „with prejudice") oder ohne präjudizielle Wirkung (d.h. „without prejudice") umfasst."*

C. Die Beklagten argumentieren in ihrem Erläuterungsbegehren, es sei das Verständnis der Parteien gewesen, dass alle offenen Klagen, die im Vergleichsverfahren thematisiert wurden, endgültig abgeschlossen werden sollten. Dies sei insbesondere auch das Verständnis der Parteien bezüglich der erwähnten Klage in den USA gegen das Ritz Carlton gewesen. Es komme deshalb nur ein Klagerückzug mit präjudizieller Wirkung in den USA in Frage.

D. Mit Fax vom 30. Mai 2008 setzte das Schiedsgericht den Klägern Frist bis zum 19. Juni 2008, um zum beklagtischen Erläuterungsbegehren Stellung zu nehmen.

E. Mit Eingabe vom 12. Juni 2008 nahmen die Kläger zum Erläuterungsbegehren vorläufig Stellung und stellten folgende Anträge:

„1. *Das Erläuterungsbegehren der Beklagten sei als unzulässig abzuweisen;*

2. *Eventualiter, für den Fall, dass das Schiedsgericht das Erläuterungsbegehren formell als zulässig erachten sollte, sei den Klägern eine angemessene Nachfrist anzusetzen, um zum Erläuterungsbegehren der Beklagten materiell Stellung zu nehmen."*

F. Die Kläger argumentieren, auf das Verfahren in den USA gegen die Ritz Carlton Hotel Company, LLC, seien die Federal Rules of Civil Procedure (Rule 41) anwendbar. Unter diesen Rules sei ein einseitiger Rückzug der Klage („voluntary dismissal") nicht mehr möglich, weil die Voraussetzungen dafür fehlten. Die verbleibenden Möglichkeiten seien (a) ein von allen Parteien unterzeichnetes Rückzugsgesuch, oder (b) ein auf Antrag des Klägers erlassener Gerichtsentscheid, die beide im Normalfall ohne präjudizielle Wirkung erfolgen würden. Im vorliegenden Fall sei die Erledigung des USA-Verfahrens auf Basis einer Parteivereinbarung daran gescheitert, dass die Anwälte der Beklagten auf eine Beendigung mit präjudizieller Wirkung beharrten. Dies sei für die Kläger unzumutbar, weil sie dann der Willkür der Ritz Carlton Hotel Company ausgeliefert wären. Am 30. Mai 2008 hätte der US Anwalt der Klägerin 2 deshalb beim District Court of the Southern District of New York einen

Beschluss vom 24.06.2008                    3 | 5

Antrag auf unpräjudizielle Beendigung des Verfahrens durch Klagerückzug eingereicht. Dieses Verfahren sei zur Zeit noch hängig und der Streitpunkt sei nach wie vor, ob der Rückzug mit oder ohne präjudizieller Wirkung zu erfolgen habe. Ferner argumentieren die Kläger, das Erläuterungsbegehren sei ohnehin unzulässig, da die züricherische Zivilprozessordnung keine Bestimmung betreffend Erläuterung eines Vergleiches enthalte. Der Wortlaut von § 162 GVG bestimme, dass die Erläuterung nur mit Bezug auf einen von einem Gericht gefällten Entscheid zulässig sei. Ein Vergleich, selbst wenn unter Mitwirkung des Gerichts zustande gekommen, sei der Erläuterung nicht zugänglich.

II. Anwendbares Recht

G. Die Uneinigkeit der Parteien resultiert aus dem Ad Hoc Schiedsverfahren in Zürich. Gegenstand des Erläuterungsbegehrens der Beklagten sind Ziffer 12 des Vergleichs vom 8. April 2008 sowie Ziffer 2 des Abschreibungsbeschlusses vom 21. April 2008. Bei der vorliegenden Meinungsverschiedenheit handelt es sich somit nicht um ein neues Schiedsverfahren, welches nach Abschluss des gegenständlichen Verfahrens eingeleitet wurde. Deshalb ist, gemäss ursprünglicher Vereinbarung der Parteien, die züricherische Zivilprozessordnung weiterhin auf das beklagtische Erläuterungsbegehren anwendbar (vgl. Abschreibungsbeschluss vom 21. April 2008, lit. D) und nicht die Internationale Schiedsordnung der Schweizer Handelskammern gemäss Ziff. 23 des Vergleichs (Anhang vom 8. April 2008 zur Vereinbarung der Parteien vom 2. Juni 1995). Die Federal Rules of Civil Procedure stehen in keinem Zusammenhang mit dem vorliegenden Verfahren und sind unbeachtlich.

III. Erwägungen des Schiedsgerichts

H. Wie die Kläger richtig ausführen, sind Erledigungsentscheide, welche das Verfahren aufgrund einer blossen Parteierklärung (Anerkennung, Rückzug, Vergleich) beenden, der Erläuterung nicht zugänglich. Bei Erklärungen dieser Art handelt es sich nicht um richterliche Anordnungen, sondern um Parteierklärungen.[1]

I. Streitig ist im vorliegenden Fall nicht der Wortlaut des Abschreibungsbeschlusses des Schiedsgerichts, sondern Ziff. 12 des Vergleichs (Anhang vom 8. April 2008 zur Vereinbarung vom 2. Juni 1995), der eine Parteivereinbarung darstellt. Auf das Begehren der Beklagten kann somit nicht eingetreten werden.

J. Aber selbst wenn die materielle Behandlung des Begehrens möglich wäre, könnte dies am Ergebnis nichts ändern: Gemäss § 162 GVG wird ein unklarer oder widersprüchlicher Entscheid vom Gericht auf Antrag oder von Amtes wegen erläutert. Der Erläuterung

---

[1] Hauser / Schweri, Kommentar zum zürcherischen Gerichtsverfassungsgesetz, Zürich 2002, § 162 N 12.

Beschluss vom 24.06.2008                4 | 5

zugänglich ist somit nicht schlechthin jede Äusserung des Gerichts, sondern nur eine unklare oder widersprüchliche Entscheidung.

K. Das Schiedsgericht hat die Parteien in Ziff. 2 des Abschreibungsbeschluss vom 21. April 2008 – in Übereinstimmung mit intensiven, vorangegangenen Vergleichsgesprächen - verpflichtet, sämtliche von ihnen im Vergleich übernommenen Pflichten zu erfüllen. Dazu gehörte insbesondere die Pflicht beider Parteien, alle pendenten Verfahren, inklusive der Klage gegen Ritz Carlon in den USA (Ziff. 12 des Vergleichs), zurückzuziehen. Dass dabei nach Ansicht des Schiedsgerichts nur ein Rückzug mit präjudizieller Wirkung gemeint war, geht aus Ziff. 3 des Abschreibungsbeschlusses hervor. Dieser hält mit aller Deutlichkeit fest: „…gelten sämtliche Klagen und Widerklagen mit präjudizieller Wirkung als zurückgezogen" (Ziff. 3 Abschreibungsbeschluss).

L. Der Wortlaut Abschreibungsbeschluss (Entscheid des Schiedsgerichts) vom 22. April 2008 ist demnach weder unklar noch widersprüchlich. Er bedarf keiner weiteren Erläuterung.

M. Dass ein Klagerückzug präjudizielle Wirkung hat, entspricht auch der vom Schiedsgericht angewandten zürcherischen Zivilprozessordnung. Danach erfolgt ein Klagerückzug immer mit präjudizieller Wirkung. Dies ergibt sich sowohl aus § 107 Ziff. 3, als auch aus § 191 Abs. 2 ZPO. Gemäss § 107 Ziff. 3 ZPO ist die Wiedereinbringung einer Klage, die nach Eintritt der Rechtshängigkeit zurückgezogen wurde, grundsätzlich ausgeschlossen.[2]

N. Vor diesem Hintergrund erlässt das Schiedsgericht folgenden

## Beschluss:

1) Auf das Erläuterungsbegehren der Beklagten wird nicht eingetreten.

2) Eine Nachfristansetzung für die Kläger zur materiellen Stellungnahme erübrigt sich.

3) Für diesen Beschluss werden keine zusätzlichen Kosten erhoben.

4) Dieser Beschluss wird von den Schiedsrichtern gemeinsam gefällt, aber vom Vorsitzenden im Auftrag der Mitschiedsrichter allein unterschrieben.

---

[2] Frank / Streuli / Messmer, Kommentar zur zürcherischen Zivilprozessordnung, 3. Auflage, Zürich 1997, § 107 ZPO, N 18; Guldener, Schweizerisches Zivilprozessrecht, 3. Auflage, Zürich 1979, S. 237.

Beschluss vom 24.06.2008                    5 | 5

5)  Dieser Beschluss wird den Parteivertretern vorab per Fax zugestellt und per Post wie folgt versandt:

- an die Parteivertreter der Kläger und der Beklagten je im Doppel (für sich und zu Handen ihrer Klientschaft), Einschreiben gegen Rückschein;
- an die beiden Mitschiedsrichter, per einfacher Briefpost;
- an die Sekretärin des Schiedsgerichts im Doppel für sich und zuhanden des Vorsitzenden.

Ausgefertigt in 8 Exemplaren

NAMENS DES SCHIEDSGERICHTS:

_____
DR. BERNHARD. F. MEYER
VORSITZENDER