# EXHIBIT G

### DECLARATION UNDER 28 U.S.C. § 1746 of Salomé Hangartner

1. I am a citizen of the country of Switzerland and am over 18 years of age. I am not a party to this action.

2. I am a professional translator. I am self-employed with over 40 years of experience in translating documents. I have supplied translation services to business organizations, governmental authorities, and courts in Switzerland and the USA.

3. I am qualified to translate documents from German to English. I have 42 years of experience translating German to English. I am accredited by the Zurich Obergericht [higher and appellate court] for German to English translation.

4. Attached hereto as Exhibit A is a true, accurate and complete English translation of the German-language document "BESCHLUSS/RESOLUTION dated Zurich, July 8, 2008," attached hereto as Exhibit B, with a covering fax. I was responsible for the translation of this document.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and ability.

Executed this 9th day of July 2008

_____
Salomé Hangartner

Resolution of July 8, 2008

# THE AD-HOC COURT OF ARBITRATION

Armin Mattli, Clinique La Prairie et al.
vs. Laboratoires La Prairie SA und La Prairie Inc.

made up of

**DR. BERNHARD F. MEYER**
MME - MEYER MÜLLER ECKERT PARTNER
KREUZSTRASSE 42
CH-8008 ZURICH/SWITZERLAND
TEL. +41 44 254 99 66
FAX +41 44 254 99 60
bernhard.meyer@mme-law.ch

CHAIR

| | |
|---|---|
| **PROF. DR. PETER NOBEL**<br>NOBEL & HUG RECHTSANWÄLTE<br>DUFOURSTRASSE 29<br>POSTFACH 1372<br>CH-8032 ZÜRICH<br>TEL. +41 44 262 22 12<br>FAX. +41 44 262 00 92<br>peter.nobel@nobel-hug.ch | **DR. MAGDA STREULI-YOUSSEF**<br>WALDER WYSS & PARTNER<br>RECHTSANWÄLTE<br>SEEFELDSTRASSE 123<br>CH-8034 ZÜRICH<br>TEL. +41 44 498 98 98<br>FAX. +41 44 498 98 99<br>mstreuli@wwp.ch |
| COARBITRATOR | COARBITRATOR |

found on July 8, 2008

in re

| | |
|---|---|
| 1. **Armin Mattli**, CH-1815 Clarens,<br>2. **Clinique La Prairie S.A.**, CH-1815 Clarens<br>3. **CT Holding**, CH-2000 Neuchâtel | 1. **Laboratoires La Prairie S.A.**, CH-1815 Clarens<br>2. **La Prairie Inc.**, New York, U.S.A. |
| **Claimants** | **Respondents** |
| all represented by | represented by |
| **Herrn RA Pierre Schifferli**, Schifferli Rechtsanwälte,<br>8 Avenue Jules-Crosnier, CH-1206 Genève,<br>Tel. +41 22 839 88 50, Fax +41 22 839 88 51<br>ps@schifferlilaw.ch<br><br>and<br><br>**Herrn RA Dr. Alexander Faber**, Neupert & Partner,<br>Dufourstrasse 58, CH-8702 Zollikon-Zürich,<br>Tel. +41 44 396 80 80, Fax +41 44 396 80 88<br>faber@nplaw.ch | **Rechtsanwälte Dr. Martin Ammann und<br>Dr. Marcel Lustenberger**, Meyer Lustenberger<br>Rechtsanwälte, Forchstrasse 452, CH-8032 Zürich,<br>Tel. +41 44 396 91 91, Fax +41 44 396 91 92<br>martin.ammann@ml-law.ch<br>marcel.lustenberger@ml-law.ch |

Resolution of July 8, 2008                              2 | 5

**concerning**

# Claim

Background

A. On May 23, 2008, the Respondents filed a request for an explanatory statement concerning the final closing resolution of the Court of Arbitration of April 22, 2008. By a spontaneous paper filed on May 27, 2008, the Claimants asked that they be granted the opportunity of answering the request for an explanatory statement within a reasonable respite of 20 days. By facsimile transmission of May 30, 2008, the Court of Arbitration honored this request and set a *non-extendable deadline* to June 19, 2008 for the Claimants to comment on the Respondents' request for an explanatory statement. On June 12, 2008, the Claimants exercised this right and petitioned that the request for an explanatory statement be rejected on the grounds of inadmissibility.

B. After in-depth discussion of the two parties' comments, the Court of Arbitration issued a resolution on June 24, 2008 and non-suited the request for an explanatory statement:

C. On June 24, 2008, the Claimants filed two petitions: one asking for reconsideration of the Court of Arbitration's resolution and the other a substantive comment on the Respondents' request for an explanatory statement. In their petition for reconsideration they pleaded the following:

"*1. That the Claimants be given the opportunity of being heard and their arguments in their comment on the Respondents' request for an explanatory statement of May 23, 2008, which is enclosed, be acceded to;*

*2. That the Court of Arbitration's resolution of June 24, 2008 be reconsidered for the purposes of the enclosed Claimants' comment on the arguments set forth and pleas made in the Respondents' request for an explanatory statement of May 23, 2008.*

*All consequential costs and compensations to be charged to the Respondents.*"

D. In their petition for reconsideration, the Claimants mainly censure that the Court of Arbitration's resolution allegedly violates the most basic logic. That the Court of Arbitration had acted in contradictory terms because it had interpreted its final closing resolution of April 22, 2008, in spite of having non-suited (the Respondents' request) and that, according to the Claimants' opinion, the Court had inadmissibly put forth material/legal considerations. That, moreover, said considerations had been mistaken. That the circumstance of the Court having proceeded with an explanation without having awarded the Claimants an opportunity to make a statement, was a serious matter. That by doing this, the Court had

denied the Claimants the opportunity to be heard in court. That this opportunity now had to be granted to them by the Court responding to the (Claimants') enclosed comment on the Respondents' request for an explanatory statement of May 23, 2008.

E. In the above-mentioned comment on the request for an explanatory statement of June 25, 2005, the Claimants file the following, new pleas:

*"The explanation of item 12 of the arrangement dated April 8, 2008 as well as of item 2 of the final closing resolution dated April 22, 2008 requested by the Respondents and Cross-claimants be carried out in the sense that the action in the USA against the Ritz Carlton be withdrawn without prejudice.*

*Consequential costs and compensation to be imputed to and with joint and several liability of the Respondents and Cross-claimants."*

## II. Applicable law

F. With regard to applicable law, reference is made to the Court of Arbitration's resolution of June 24, 2008 (lit. G). The present resolution is governed by the Zurich Code of Civil Procedure (Zürcher Zivilprozessordnung).

## III. Considerations of the Court of Arbitration

G. A legal remedy of reconsideration is not expressly foreseen, neither in the Zurich Code of Civil Procedure, nor in the Constitution of Courts Act. In keeping with standard procedural principles, a Court is bound by the decisions it issues and, as a rule, must not reconsider them. Excepted from this ban on reconsideration are procedural decisions or the rectification of blatant oversights in accordance with § 166 GVG.[1]

H. The Court of Arbitration's resolution of June 24, 2008 was not a procedural decision, but a final decision. Neither was there any obvious oversight or blunder on the part of the Court of Arbitration. The Court of Arbitration is therefore bound by its resolution of June 24, 2008. According to that resolution of June 24, 2008, the Court of Arbitration non-suited the Respondents' request for an explanatory statement of the final closing resolution dated April 22, 2008, since the final closing resolution was not accessible to such explanation. This ensues from cogent legal reasons and any other decision was simply not possible. The petition for reconsideration, which asks that the resolution of the Court of Arbitration of June 24, 2008 be reconsidered, can therefore not go against this decision of non-suit, which already affirmed the inaccessibility of the explanation. Furthermore, the grounds for a decision are off limits for legal remedy; the mere summary of any decision is the governing text.

---

[1] Frank / Sträuli / Messmer, Kommentar zur zürcherischen Zivilprozessordnung, 3rd edition, Zurich 1997, § 190 N 3; Hauser / Schweri, Kommentar zum zürcherischen Gerichtsverfassungsgesetz, Zurich 2002, § 166 N 1

Resolution of July 8, 2008                                            4 | 5

I.  Neither has the Claimants' right to be heard by the Court been violated. The Claimants had time from May 23 to June 19, 2008 – that is almost one month – to comment on the request for an explanatory statement. At that, the Court had expressly and in advance pointed out to them that this long deadline (requested by the Claimants themselves) was not extendable ("in keeping with their request, the Claimants are granted a **non extendable respite to June 19, 2008** to comment on the Respondents' request for an explanatory statement. Silence shall be considered a waiver of the right to comment." Facsimile transmission from the chair of the Court of Arbitration to the attorneys of the parties, dated May 30, 2008 – bold characters in the original). Within that set period of time, the Claimants had limited themselves to *formal arguments*, and "secondarily, in case the Court of Arbitration were to find the request for an explanatory statement to be formally admissible" had requested a further extension of the deadline to present a substantive comment.

J.  From the above it is clear that the Claimants were granted the right to be heard, on the one hand, and that, on the other hand, the prerequisite for a further respite was not given. The Claimants prevailed with their main plea. The Court of Arbitration did not admit the request for an explanatory statement. This is why the Claimants are not aggrieved by the Resolution of the Court of Arbitration of June 24, 2008.

K.  It is also true, however, that the Claimants see a grievance in the fact that the Court of Arbitration, in a secondary substantiation, expressed the opinion that item 2 of the final closing resolution was neither unclear nor contradictory and that its subject was the withdrawal of all pending cases, including the action against Ritz Carlton in the USA, with prejudice. Allegedly, the Claimants were unable to comment on this secondary substantiation. The latter is contrary to the records and incorrect. The Claimants had a lot of time to comment on the substantive aspects. But they gambled – in spite of the deadline designated as *non extendable* by the Court of Arbitration – that they would be able to comment again on the substantive aspects should they *lose on their main issue*.

L.  As mentioned above, the Court of Arbitration has followed the main plea of the Claimants and has not admitted the request for an explanatory statement. The secondary plea, in case they lost, thus does not become an issue. The Claimants have not presented any secondary plea in case they won. It would also have failed due to the fact that the Court of Arbitration designated the respite as *non extendable*. The Claimants had to take into account that the Court of Arbitration would decide after expiration of the non-extendable respite. Such a decision could also contain considerations relating to substantive law – as in the present case. The Claimants themselves missed the opportunity of giving a substantive comment within the *non-extendable* deadline.

M.  For the reasons set forth above, the Claimants' petition for reconsideration as well as the subsequently filed, substantive arguments concerning the request for an explanatory statement of June 25, 2008 are not admitted. The Court of Arbitration therefore passes the following

Resolution of July 8, 2008                     5 | 5

## RESOLUTION:

1) The Claimants' petition for reconsideration is not entered into.

2) No additional costs shall be levied for this resolution.

3) This resolution is passed jointly by the arbitrators, but signed singly by the chair on behalf of the coarbitrators.

4) This resolution shall be transmitted to the attorneys, initially by facsimile transmission and then by mail, as follows:

   - to the attorneys of the Claimants and the Respondents each in duplicate (for themselves and to the attention of their clients), by registered mail against return receipt;
   - to the two coarbitrators, by simple first class mail;
   - to the Secretary of the Court of Arbitration, in duplicate, for the Secretary and to the attention of the Chair.

Executed in 8 original copies

ON BEHALF OF THE COURT OF ARBITRATION:

(signed)

DR. BERNHARD F. MEYER
CHAIR

Beschluss vom 8.07.2008

# DAS AD-HOC SCHIEDSGERICHT

Armin Mattli, Clinique La Prairie et al.
vs. Laboratoires La Prairie SA und La Prairie Inc.

bestehend aus

DR. BERNHARD F. MEYER
MME - MEYER MÜLLER ECKERT PARTNER
KREUZSTRASSE 42
CH-8008 ZURICH/SWITZERLAND
TEL. +41 44 254 99 66
FAX +41 44 254 99 60
bernhard.meyer@mme-law.ch

**VORSITZENDER**

| | |
|---|---|
| PROF. DR. PETER NOBEL<br>NOBEL & HUG RECHTSANWÄLTE<br>DUFOURSTRASSE 29<br>POSTFACH 1372<br>CH-8032 ZÜRICH<br>TEL. +41 44 262 22 12<br>FAX. +41 44 262 00 92<br>peter.nobel@nobel-hug.ch | DR. MAGDA STREULI-YOUSSEF<br>WALDER WYSS & PARTNER<br>RECHTSANWÄLTE<br>SEEFELDSTRASSE 123<br>CH-8034 ZÜRICH<br>TEL. +41 44 498 98 98<br>FAX. +41 44 498 98 99<br>mstreuli@wwp.ch |
| **MITSCHIEDSRICHTER** | **MITSCHIEDSRICHTERIN** |

hat am 8. Juli 2008

in Sachen

| | |
|---|---|
| 1. **Armin Mattli,** CH-1815 Clarens,<br>2. **Clinique La Prairie S.A.,** CH-1815 Clarens<br>3. **CT Holding,** CH-2000 Neuchâtel | 1. **Laboratoires La Prairie S.A.,** CH-1815 Clarens<br>2. **La Prairie Inc.,** New York, U.S.A. |
| **Kläger** | **Beklagte** |
| alle vertreten durch | vertreten durch |
| **Herrn RA Pierre Schifferli,** Schifferli Rechtsanwälte,<br>8 Avenue Jules-Crosnier, CH-1206 Genève,<br>Tel. +41 22 839 88 50, Fax +41 22 839 88 51<br>ps@schifferlilaw.ch | **Rechtsanwälte Dr. Martin Ammann und<br>Dr. Marcel Lustenberger,** Meyer Lustenberger<br>Rechtsanwälte, Forchstrasse 452, CH-8032 Zürich,<br>Tel. +41 44 396 91 91, Fax +41 44 396 91 92<br>martin.ammann@ml-law.ch<br>marcel.lustenberger@ml-law.ch |
| und | |
| **Herrn RA Dr. Alexander Faber,** Neupert & Partner,<br>Dufourstrasse 58, CH-8702 Zollikon-Zürich,<br>Tel. +41 44 396 80 80, Fax +41 44 396 80 88<br>faber@nplaw.ch | |

**betreffend**

Beschluss vom 8.07.2008                                         2 | 5

# Forderung

### festgestellt:

I. **Hintergrund**

A. Am 23. Mai 2008 haben die Beklagten ein Erläuterungsbegehren zum Abschreibungsbeschluss des Schiedsgerichts vom 22. April 2008 gestellt. Mit spontaner Eingabe vom 27. Mai 2008 verlangten die Kläger, es sei ihnen Gelegenheit zur Beantwortung des Erläuterungsbegehrens innert einer angemessenen Frist von 20 Tagen zu geben. Mit Fax vom 30. Mai 2008 kam das Schiedsgericht diesem Begehren nach und setzte den Klägern eine *nicht erstreckbare Frist* bis zum 19. Juni 2008, um zum Erläuterungsbegehren der Beklagten Stellung zu nehmen. Am 12. Juni 2008 nahmen die Kläger dieses Recht wahr und beantragten, das Erläuterungsbegehren sei als unzulässig abzuweisen.

B. Nach einlässlicher Beratung der Stellungnahmen beider Parteien hat das Schiedsgericht am 24. Juni 2008 einen Beschluss erlassen und ist auf das Erläuterungsbegehren nicht eingetreten.

C. Am 25. Juni 2008 reichten die Kläger zwei Eingaben ein, ein Wiedererwägungsgesuch zum Beschluss des Schiedsgerichts sowie eine materielle Stellungnahme zum Erläuterungsbegehren der Beklagten. Im Wiedererwägungsgesuch beantragen sie folgendes:

„1. *Es sei den Klägern das rechtliche Gehör zu gewähren und auf ihre Argumente in ihrer heutigen hier beiliegenden Stellungnahme zum Erläuterungsbegehren der Beklagten vom 23. Mai 2008 einzugehen;*

2. *Es sei der Beschluss des Schiedsgerichts vom 24. Juni 2008 im Sinne der in der beiliegenden Stellungnahme der Kläger zum Erläuterungsbegehren der Beklagten vom 23. Mai 2008 vorgebrachten Argumente und gestellten Anträge in Wiedererwägung zu ziehen.*

*Alles unter Kosten- und Entschädigungsfolgen zu Lasten der Beklagten."*

D. Die Kläger rügen in ihrem Wiedererwägungsgesuch hauptsächlich, der Beschluss des Schiedsgerichts verstosse gegen elementarste Logik. Das Schiedsgericht habe widersprüchlich gehandelt, indem es seinen Abschreibungsbeschluss vom 22. April 2008 trotz Nichteintreten interpretiert und unzulässigerweise materiellrechtliche Überlegungen gemacht habe. Die rechtlichen Überlegungen seien überdies falsch gewesen. Schwer wiege auch der Umstand, dass das Schiedsgericht eine Erläuterung vorgenommen habe, ohne den Klägern Gelegenheit zur Stellungnahme zu geben. Das Schiedsgericht habe damit den Klägern das rechtliche Gehör verweigert. Dieses sei ihnen nun zu gewähren, indem auf ihre beiliegende Stellungnahme zum Erläuterungsbegehren der Beklagten vom 23. Mai 2008 einzugehen sei.

Beschluss vom 8.07.2008          3 | 5

E.    In der genannten Stellungnahme zum Erläuterungsbegehren vom 25. Juni 2008 stellen die Kläger folgende neuen Anträge:

*„Die von den Beklagten und Widerklägerinnen beantragte Erläuterung von Ziff. 12 des Vergleichs vom 08. April 2008 sowie von Ziff. 2 des Abschreibungsbeschlusses vom 22. April 2008 sei in dem Sinne vorzunehmen, dass die Klage in den USA gegen Ritz Carlton ohne präjudizielle Wirkung zurückzuziehen ist.*

*Unter Kosten- und Entschädigungsfolgen zu Lasten der Beklagten und Widerklägerinnen unter solidarischer Haftung."*

## II.    Anwendbares Recht

F.    Bezüglich anwendbares Recht wird auf den Beschluss des Schiedsgerichts vom 24. Juni 2008 verwiesen (lit. G). Der vorliegende Beschluss stützt sich auf die Zürcher Zivilprozessordnung.

## III.    Erwägungen des Schiedsgerichts

G.    Ein Rechtsbehelf Wiedererwägung ist weder in der Zürcherischen Zivilprozessordnung noch im Gerichtsverfassungsgesetz ausdrücklich vorgesehen. Nach anerkannten prozessualen Grundsätzen ist ein Gericht an die von ihm erlassenen Entscheidungen gebunden und darf sie in der Regel nicht in Wiedererwägung ziehen. Ausgenommen von diesem Verbot der Wiederewägung sind prozessleitende Entscheide oder die Berichtigung offenkundiger Versehen gemäss § 166 GVG.[1]

H.    Der Beschluss des Schiedsgerichts vom 24. Juni 2008 war kein prozessleitender Entscheid, sondern ein Endentscheid. Es lag auch kein offenkundiges Versehen seitens des Schiedsgerichts vor. Das Schiedsgericht ist somit an seinen Beschluss vom 24. Juni 2008 gebunden. Gemäss diesem Beschluss vom 24. Juni 2008 ist das Schiedsgericht auf das Erläuterungsbegehren der Beklagten zum Abschreibungsbeschluss vom 22. April 2008 nicht eingetreten, da der Abschreibungsbeschluss der Erläuterung nicht zugänglich war. Das ergibt sich aus rechtlich zwingenden Gründen und ein anderer Entscheid ist gar nicht möglich. Das Wiedererwägungsgebehren, mit welchem beantragt wird, der Beschluss des Schiedsgerichtes vom 24. Juni 2008 sei in Wiedererwägung zu ziehen, kann sich deshalb nicht gegen diesen Nichteintretensentscheid richten, der die Unzugänglichkeit der Erläuterung bereits feststellte. Im Übrigen entziehen sich Begründungen eines Entscheids den Rechtsmitteln; massgeblich ist nur das Dispositiv eines Entscheides.

I.    Auch das rechtliche Gehör der Kläger wurde nicht verletzt. Die Kläger hatten vom 23. Mai bis zum 19. Juni 2008 – also fast einen Monat lang – Zeit, zum Erläuterungsbegehren Stellung zu nehmen. Dabei hatte sie das Schiedsgericht vorgängig ausdrücklich darauf aufmerksam gemacht, dass diese lange (und von den Klägern selbst beantragte) Frist *nicht erstreckbar* sei („Den Klägern wird antragsgemäss eine **nicht erstreckbare Frist bis 19. Juni 2008**

---

[1] Frank / Sträuli / Messmer, Kommentar zur zürcherischen Ziviliprozessordnung, 3. Auflage, Zürich 1997, § 190 N 3; Hauser / Schweri, Kommentar zum zürcherischen Gerichtsverfassungsgesetz, Zürich 2002, § 166 N 1.

Beschluss vom 8.07.2008                                  4 | 5

       **angesetzt,** um zum Erläuterungsbegehren der Beklagten Stellung zu nehmen. Stillschweigen wird als Verzicht auf Stellungnahme gewertet."; Fax des Vorsitzenden des Schiedsgerichts an die Parteivertreter vom 30. Mai 2008 – Fettdruck im Original). Die Kläger hatten sich innert der gesetzten Frist auf *formelle Argumente* beschränkt, und „[e]ventualiter, für den Fall, dass das Schiedsgericht das Erläuterungsbegehren formell als zulässig erachten sollte" eine weitere Nachfrist zur materiellen Stellungnahme verlangt.

J.   Daraus erhellt, dass den Klägern einerseits das rechtliche Gehör gewährt wurde und dass andererseits die Voraussetzung für eine Nachfrist nicht vorlag. Die Kläger haben im Hauptantrag obsiegt. Das Schiedsgericht ist auf das Erläuterungsbegehren nicht eingetreten. Deshalb sind die Kläger durch den Beschluss des Schiedsgerichts vom 24. Juni 2008 nicht beschwert.

K.   Freilich sehen die Kläger eine Beschwer darin, dass das Schiedsgericht in einer Eventualbegründung auch die Ansicht vertreten hat, Ziff. 2 des Abschreibungsbeschlusses sei weder unklar noch widersprüchlich und hätte den Rückzug aller pendenten Verfahren, inkl. der Klage gegen Ritz Carlton in den USA, mit präjudizieller Wirkung zum Gegenstand gehabt. Zu dieser Eventualbegründung hätten sich die Kläger nicht äussern können, wird vorgebracht. Letzteres ist aktenwidrig und unrichtig. Die Kläger hatten viel Zeit, sich zur materiellen Seite zu äussern. Sie haben aber - trotz der vom Schiedsgericht ausdrücklich als *nicht erstreckbar* bezeichneten Frist - darauf spekuliert, beim *Unterliegen ihres Hauptantrags* gegebenenfalls nochmals materiell Stellung nehmen zu können.

L.   Wie erwähnt ist das Schiedsgericht dem Hauptantrag der Kläger gefolgt und auf das Erläuterungsbegehren nicht eingetreten. Der Eventualantrag, für den Fall des Unterliegens, konnte somit gar nicht zum Zuge kommen. Für den Fall des Obsiegens haben die Kläger keinen Eventualantrag gestellt. Er wäre auch daran gescheitert, dass das Schiedsgericht die Frist als *nicht erstreckbar* bezeichnete. Die Kläger mussten damit rechnen, dass das Schiedsgericht nach Ablauf der nicht erstreckbaren Frist entscheidet. Eine solche Entscheidung durfte auch – wie vorliegend – materiellrechtliche Argumente enthalten. Die Kläger haben es selbst versäumt, innert der *nicht erstreckbaren* Frist materiell Stellung zu nehmen.

M.   Auf das Wiedererwägungsgesuch sowie auf die am 25. Juni 2008 nachgereichten materiellen Argumente der Kläger zum Erläuterungsbegehren wird aus den dargelegten Gründen nicht eingetreten. Das Schiedsgericht erlässt deshalb folgenden

## Beschluss:

1)   Auf das Wiedererwägungsgesuch der Kläger wird nicht eingetreten.

2)   Für diesen Beschluss werden keine zusätzlichen Kosten erhoben.

Beschluss vom 8.07.2008                          5 | 5

3) Dieser Beschluss wird von den Schiedsrichtern gemeinsam gefällt, aber vom Vorsitzenden im Auftrag der Mitschiedsrichter allein unterschrieben.

4) Dieser Beschluss wird den Parteivertretern vorab per Fax zugestellt und per Post wie folgt versandt:

- an die Parteivertreter der Kläger und der Beklagten je im Doppel (für sich und zu Handen ihrer Klientschaft), Einschreiben gegen Rückschein;
- an die beiden Mitschiedsrichter, per einfacher Briefpost;
- an die Sekretärin des Schiedsgerichts im Doppel für sich und zuhanden des Vorsitzenden.

Ausgefertigt in 8 Exemplaren

NAMENS DES SCHIEDSGERICHTS:

_____
DR. BERNHARD. F. MEYER
VORSITZENDER