UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLINIQUE LA PRAIRIE, S.A. )<br>)<br>Plaintiff, )<br>)<br>-against- )<br>)<br>THE RITZ-CARLTON HOTEL )<br>COMPANY, L.L.C., et al. )<br>)<br>Defendants. )<br>) | C.A. No. 1:07-cv-04038 (PAC) |

### DEFENDANT RITZ-CARLTON HOTEL COMPANY, L.L.C.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS WITH PREJUDICE

Defendant The Ritz-Carlton Hotel Company, L.L.C. ("Ritz-Carlton"), by and through counsel, submits this Memorandum in support of its Motion to Dismiss this action with prejudice. Ritz-Carlton adopts and incorporates by reference the Motion to Dismiss and supporting Memorandum filed by defendant La Prairie, Inc. ("La Prairie"). The Federal Arbitration Act requires that this Court uphold all arbitration decisions, including those provided by arbitration panels outside of the United States. A Swiss arbitration panel has ruled that dismissal of this matter with prejudice is relayed with "blunt clarity." The case, accordingly, should be dismissed with prejudice.

### BACKGROUND

This matter is the result of decades of disputes between plaintiff Clinique La Prairie ("CLP") and defendant La Prairie, none of which Ritz-Carlton was aware of when it entered into an agreement with defendant La Prairie to open a La Prairie cosmetic spa facility at The Ritz-Carlton New York, Central Park. As a result of Ritz-Carlton's use of

the La Prairie name and marks in connection with the spa, CLP brought suit directly against Ritz-Carlton, alleging injury to business reputation, common law unfair competition, and common law trademark infringement. This action, which in reality was a claim aimed at La Prairie, appears to have been an attempt by CLP to avoid the terms of the 1995 Settlement Agreement between CLP and La Prairie that required the resolution of all disputes between them through Swiss arbitration. La Prairie moved to intervene in this action, which this Court granted on October 11, 2007, and ordered that "all proceedings herein are hereby stayed, until the conclusion of arbitration proceedings pending before the arbitrators in Zurich, Switzerland between CLP and La Prairie, and the issuance of a final aware therein." Ritz-Carlton did not participate in the Swiss arbitration.

On or about April 8, 2008, CLP and La Prairie entered into an amendment to their 1995 Settlement Agreement (the "2008 Amendment"). An English translation of the 2008 Amendment, which has been provided by CLP, is attached hereto as Exhibit 1. In the 2008 Amendment, CLP and La Prairie specifically agreed that La Prairie had "the exclusive right to use the brand 'La Prairie' . . . for all services" relating to the application of cosmetic products and the operation of cosmetic spa facilities, while CLP had the exclusive right to use the name CLP "[f]or the operation of medical and/or health Clinic . . . ." 2008 Amendment, Exhibit 1, at ¶ 9. The 2008 Amendment further provides that CLP will "withdraw the claim filed in the USA against Ritz Carlton." *Id.* at ¶ 12.

On April 22, 2008, shortly after the execution of the 2008 Amendment the Swiss arbitrators issued a written opinion in which they ruled that "except for the rights and obligations assumed in the [2008 Amendment], all claims and counter-claims are to be

deemed withdrawn **with prejudice**." *See* April 22, 2008 Resolution of the Formal Closing of the Arbitration Procedure, English translation provided by CLP (the "April Decision"), attached hereto as Exhibit 2, at 10 (emphasis added).

Notwithstanding the unambiguous language in the April Decision, CLP petitioned this Court for dismissal of the present action without prejudice. In response to CLP's insistence on dismissal without prejudice, on May 23, 2008, La Prairie requested that the arbitration panel clarify whether the terms of the 2008 Amendment, when read in conjunction with the arbitrators' April Decision, mandated the dismissal of the present case with prejudice. *See* Exhibit 3, Request for Explanatory Statement, at 2.[1] In response to La Prairie's request, on June 24, 2008, the arbitration panel issued a Resolution (the "June Resolution"), which is attached hereto as Exhibit 4. In pertinent part, the arbitrators stated that:

> the Court of Arbitration – in keeping with intense, previous negotiation discussions – bound the parties to fulfilling all obligations as assumed by them in the arrangement. One of them, in particular, was the obligation of both parties to withdraw all pending lawsuits, including the action against Ritz Carlton in the USA. That this meant, in the opinion of the Court of Arbitration, a withdrawal with prejudice, exclusively, is evident from item 3 of the final closing resolution which states with blunt clarity: . . ."all claims and counterclaims are to be deemed as withdrawn with prejudice."

*Id.* at 4.

Ritz-Carlton respectfully requests that this Court dismiss this matter with prejudice, as La Prairie and CLP agreed, and as decided by the Swiss arbitrators.

---

[1] "The court of arbitration is asked to explain to the parties whether the commitment by [CLP] pursuant to item 12 of the Arrangement of April 8, 2008 as well as item 2 of the Resolution for Formal Closing of the Arbitration Procedures covers the withdrawal of the case in the USA against Ritz Carlton 'with prejudice' or 'without prejudice.'" English translation of the May 23, 2008 Request for Explanatory Statement, attached hereto as Exhibit 3, at 2.

## ARGUMENT

### I. CLP AND LA PRAIRIE AGREED TO DISMISS THIS ACTION WITH PREJUDICE.

The terms of the 2008 Amendment, voluntarily entered into by CLP and La Prairie, make clear that CLP and La Prairie anticipated that this action would be dismissed with prejudice, thus foreclosing CLP from reasserting any of the claims in this litigation at another point in time.

The 2008 Amendment completely and with finality settled the core issues raised in this litigation --- whether Ritz-Carlton is entitled to utilize the La Prairie name and marks in connection with the cosmetic spa services offered at The Ritz Carlton New York, Central Park. Under the specific terms of the 2008 Amendment, CLP expressly agreed that La Prairie (and Ritz-Carlton, derivatively) is permitted to use the name La Prairie for all services relating to the application of cosmetic products and the operation of cosmetic spa facilities. 2008 Amendment, Exhibit 1, at ¶ 9. Because all of the claims asserted by CLP against Ritz-Carlton in this litigation relate solely to the use of the La Prairie name in connection with the cosmetic spa in The Ritz-Carlton New York, Central Park, the 2008 Amendment settled with finality the issues CLP has raised against Ritz-Carlton in this litigation. Accordingly, pursuant to the express terms of the 2008 Amendment, CLP cannot again assert any cause of action against Ritz-Carlton for its use of the La Prairie name in connection with the operation of a cosmetic health spa. Thus, under the terms of the 2008 Amendment, it is evident that CLP and La Prairie intended that this matter be dismissed with prejudice.

In addition, it is clear that CLP itself has construed the parties' obligations under the 2008 Amendment to mean dismissal with prejudice. As noted in La Prairie's

Opposition to CLP's Leave to Voluntarily Dismiss Without Prejudice, as a result of the 2008 Amendment, La Prairie withdrew with prejudice certain of its claims that were pending before the Swiss Federal Institute of Intellectual Property IGE. *See* La Prairie, Inc.'s Memorandum of Law in Opposition to the Motion of Plaintiff CLP, S.A. for Leave to Voluntarily Dismiss Without Prejudice and in Support of a Stay Pending Arbitration at 6. CLP has not objected to La Prairie's dismissal of those claims with prejudice as contrary to the terms of the 2008 Amendment, thereby confirming its understanding that the dismissals pursuant to the 2008 Amendment were to be with prejudice.

## II. THE SWISS ARBITRATION PANEL UNEQUIVOCALLY RULED THAT THIS LITIGATION MUST BE DISMISSED WITH PREJUDICE.

The 1995 Settlement Agreement between CLP and La Prairie requires the parties to settle any disputes through arbitration proceedings in Zurich, Switzerland. After CLP initiated this litigation, arbitration proceedings were instituted to settle the present matter along with other pending disputes between La Prairie and CLP. CLP and La Prairie agreed pursuant to the terms of the 2008 Amendment that this litigation would be dismissed with prejudice. The arbitrators issued the Arbitrators' April Decision with full knowledge of the 2008 Amendment and the "intense, previous negotiation discussions" between CLP and La Prairie. June Resolution, Exhibit 4, at 4. In the April Decision, and confirmed in the June Resolution, the arbitrators ruled that this lawsuit would be dismissed with prejudice. April Decision, Exhibit 2, at 10; June Resolution, Exhibit 4, at 4.

CLP's assertion in its previously filed motion to dismiss without prejudice that this Court should ignore the arbitrators' rulings is contrary to the agreement of CLP and

La Prairie that their disputes would be resolved by Swiss arbitration. It is clear that CLP and La Prairie had agreed to dismissal with prejudice. But if there had been no meeting of the minds between CLP and La Prairie as to whether the dismissal here should be with or without prejudice, that dispute would have been submitted to arbitration under the terms of both the 1995 Settlement Agreement and the 2008 Amendment. The issue was in fact submitted to the Swiss arbitrators for resolution. The arbitrators' April Decision was unambiguous in its ruling that this litigation must be dismissed with prejudice. April Decision, Exhibit 2, at 10. The arbitrators affirmed this holding in their June Resolution. In the June Resolution, the arbitrators stated that in their April Decision they had ruled that an obligation "to withdraw all pending lawsuits, including the action against Ritz-Carlton in the USA ... meant, in the opinion of the Court of Arbitration, a withdrawal with prejudice, exclusively, as evident from item 3 of the final closing resolution which states with blunt clarity 'all claims and counterclaims are to be deemed withdrawn with prejudice.'" June Resolution, Exhibit 4, at ¶ 4. Therefore, the arbitration panel, having considered the dispute between CLP and La Prairie as to whether dismissal must be with or without prejudice, ruled in unequivocal terms that the present case should be dismissed with prejudice.

The Federal Arbitration Act requires that when parties consent to have their disputes resolved through arbitration, a Court must uphold all arbitration decisions, including those provided by arbitration panels outside of the United States. *See* 9 U.S.C. § 201; *Westerbeke v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 213-14 (2d Cir. 2000); *Sociedad Armadora Aristomenis Panama, S.A. v. Tri-Coast S.S.C.*, 184 F. Supp. 738, 741 (S.D.N.Y. 1960) ("[i]t is the policy of the Federal Arbitration Act, and of the Federal

courts in applying it, to encourage arbitration and to uphold arbitration awards, whenever they justly may....")

Therefore, this Court must uphold the arbitration decision and dismiss the present action with prejudice.

## CONCLUSION

For the foregoing reasons, defendant Ritz-Carlton respectfully requests that this Court find that the parties agreed to dismissal of this matter with prejudice and that the Swiss arbitration panel unequivocally ordered such dismissal. To permit CLP to dismiss this action without prejudice would contravene the intentions of the arbitration parties and disregard the order of the Swiss arbitration panel. This Court should therefore dismiss this action with prejudice.

Dated: August 25, 2008

Respectfully submitted,

ARENT FOX LLP

/s/ David N. Wynn
David N. Wynn (DW-8660)
ARENT FOX LLP
1675 Broadway
New York, New York  10019
(212) 484-3900
Attorneys for Ritz-Carlton

OF COUNSEL:

Barbara S. Wahl (BW-1384)
Leo M. Loughlin
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC  20036
(202) 857-6000