UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,                      :
                                                :   Civil Action No.: 07 Civ 4038-PAC
              Plaintiff,          :
                                                :
  -against-                                      :
                                                :
THE RITZ-CARLTON HOTEL COMPANY, LLC,            :
and LA PRAIRIE, INC.,                           :
                                                :
             Defendants.         :
------------------------------------------------------------------X

# LA PRAIRIE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF ARBITRATION AWARD

SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................... - 1 -
FACTS .................................................................................................................................... - 1 -
ARGUMENT .......................................................................................................................... - 6 -
   I.   The Swiss Arbitration Award Must Be Confirmed ....................................................... - 6 -
      A.  Applicable Standard ................................................................................................ - 6 -
      B.  CLP Cannot Meet The Heavy Burden Of Proving That Any Of The Exceptions
          Under The Convention Apply ................................................................................ - 9 -
   II.  The Court Should Award La Prairie Attorneys' Fees For This Motion ...................... - 9 -
CONCLUSION ..................................................................................................................... - 12 -

## TABLE OF AUTHORITIES

**Cases**                           **Page(s)**

*Atlantic Marine Agencies v. Embassy of Sierra Leone,*
No. 87 Civ. 4389 (CSH), 1988 WL 13699 (S.D.N.Y. Feb. 16, 1988)..........................11

*Bell Produc. Eng'r Ass'n v. Bell Helicopter Textron,*
688 F.2d 997 (5th Cir. 1982) ...................................................................................11

*Brandeis Intsel Ltd. v. Calabrian Chems. Corp.,*
656 F. Supp. 160 (S.D.N.Y. 1987) .............................................................................7

*Eisemann v. Greene,*
204 F.3d 393 (2d. Cir. 2000) ...................................................................................10

*Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.,*
403 F.3d 85 (2d Cir. 2005).........................................................................................8

*Folkways Music Publishers, Inc v. Weiss,*
989 F.2d 108 (2d Cir. 1993).......................................................................................8

*Int'l Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.,*
774 F.2d 43, (2d Cir. 1985) .....................................................................................10

*Int'l Standard Elec. Corp. v. Bridas Sociedad Anonima Petrolera, Industrial Y Comercial,*
745 F. Supp. 172 (S.D.N.Y. 1990) .............................................................................7

*Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.,*
707 F.2d 425 (9th Cir. 1983) ...................................................................................10

*Oliveri v. Thompson,*
803 F.2d 1265 (2d Cir. 1986)...................................................................................10

*Ottley v. Schwartzberg,*
819 F.2d 373 (2d. Cir. 1987).....................................................................................8

*Reichmann v. Neumann,* 553 F. Supp. 2d 307 (S.D.N.Y. 2008) ................................9, 10

*Schlaifer Nance & Co., Inc. v. Estate of Warhol,*
194 F.3d 323 (2d Cir. 1999).....................................................................................10

*Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.,*
126 F.3d 15 (2d Cir. 1997), *cert. denied* 552 U.S. 1111 (1998)........................6, 7, 8

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Atlantic Marine Agencies v. Embassy of Sierra Leone,*
No. 87 Civ. 4389 (CSH), 1988 WL 13699 (S.D.N.Y. Feb. 16, 1988)..........................11

*Bell Produc. Eng'r Ass'n v. Bell Helicopter Textron,*
688 F.2d 997 (5th Cir. 1982) ...................................................................................11

*Brandeis Intsel Ltd. v. Calabrian Chems. Corp.,*
656 F. Supp. 160 (S.D.N.Y. 1987) .............................................................................7

*Eisemann v. Greene,*
204 F.3d 393 (2d. Cir. 2000) ...................................................................................10

*Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.,*
403 F.3d 85 (2d Cir. 2005).........................................................................................8

*Folkways Music Publishers, Inc v. Weiss,*
989 F.2d 108 (2d Cir. 1993).......................................................................................8

*Int'l Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.,*
774 F.2d 43, (2d Cir. 1985) .....................................................................................10

*Int'l Standard Elec. Corp. v. Bridas Sociedad Anonima Petrolera, Industrial Y Comercial,*
745 F. Supp. 172 (S.D.N.Y. 1990) .............................................................................7

*Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.,*
707 F.2d 425 (9th Cir. 1983) ...................................................................................10

*Oliveri v. Thompson,*
803 F.2d 1265 (2d Cir. 1986)...................................................................................10

*Ottley v. Schwartzberg,*
819 F.2d 373 (2d. Cir. 1987).....................................................................................8

*Reichmann v. Neumann,* 553 F. Supp. 2d 307 (S.D.N.Y. 2008) ................................9, 10

*Schlaifer Nance & Co., Inc. v. Estate of Warhol,*
194 F.3d 323 (2d Cir. 1999).....................................................................................10

*Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.,*
126 F.3d 15 (2d Cir. 1997), *cert. denied* 552 U.S. 1111 (1998)........................6, 7, 8

**STATUTES**

9 U.S.C. §§ 201-208 .................................................................................................1, 6

28 U.S.C. § 1927............................................................................................................9

**OTHER AUTHORITIES**

21 U.S.T. 2517, T.I.A.S. No. 6997 (June 10, 1958) ......................................................1, 6, 9

Defendant La Prairie, Inc., ("La Prairie") by and through its undersigned attorneys respectfully requests the Court to confirm the Swiss arbitration award dated April 22, 2008 (the "April 22nd Final Award") under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, and Chapter Two of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208.

## PRELIMINARY STATEMENT

By bringing this motion, La Prairie seeks to obtain the finality it bargained for in a negotiated settlement reached under the guidance of a Swiss arbitration panel as reflected in the April 22nd Final Award. The parties do not dispute that Clinique La Prairie ("CLP") must withdraw the instant action under the settlement reached during the Swiss arbitration. The only issue remaining is whether the dismissal is to be with or without prejudice. The recent decisions from the Swiss arbitrators confirm that the April 22nd Final Award requires the withdrawal of the instant action with prejudice.

## FACTS

In 1995, CLP and La Prairie entered into a settlement agreement (the "1995 Settlement Agreement") to resolve certain disputes concerning, among other things, the right to use the La Prairie name and trademark. (Declaration of Martin Ammann dated August 22, 2008 (hereinafter "Ammann Decl."), Ex. A.) The 1995 Settlement Agreement contained a Swiss choice of law clause and a broad arbitration clause requiring arbitration in Switzerland under the Zurich Code of Civil Procedure. (*Id.*)

CLP originally filed this action in New York State Supreme court against The Ritz-Carlton Hotel Company, LLC (the "Ritz") on April 11, 2007. The Ritz then removed the case to this Court on May 23, 2007. Thereafter, on May 25, 2007, CLP initiated an arbitration in

Switzerland against La Prairie (the "Swiss Arbitration"). La Prairie then moved to intervene and stay the instant action pending resolution of the Swiss Arbitration. By Order dated October 11, 2007, the Court granted La Prairie's motion to intervene and ordered that "all proceedings herein are hereby stayed, until the conclusion of arbitration proceedings pending before the arbitrators in Zurich, Switzerland between CLP and La Prairie, and the issuance of a final award therein."

During the Swiss Arbitration proceedings, on April 8, 2008, the parties settled the matter by entering into an amendment to the 1995 Settlement Agreement (the "2008 Amendment"). (Ammann Decl., Ex. B.) The 2008 Amendment stated that the 1995 Settlement Agreement remained in force except where expressly modified by the 2008 Amendment. (*Id.* at ¶ 19.) Since the 2008 Amendment did not contain a new choice of law clause, the original Swiss choice of law clause found in the 1995 Settlement Agreement still applied. Both the 1995 Settlement Agreement and the 2008 Amendment contain broad arbitration clauses requiring arbitration of disputes in Zurich, Switzerland.

Section IV of the 2008 Amendment requires both parties to withdraw pending litigations. CLP must withdraw the instant suit, and La Prairie is required to withdraw a number of appeals in trademark opposition proceedings pending before the Swiss Federal Institute of Intellectual Property in Berne IGE. (*Id.* at ¶¶ 12, 14; *see also* Ammann Decl., ¶ 6.) La Prairie immediately withdrew the opposition proceedings and such withdrawals are effectively with prejudice under Swiss law since they may not be reasserted. (Ammann Decl., ¶¶ 7, 8.)

On April 22, 2008, the Swiss arbitrators issued a final closing resolution (the "April 22nd Final Award") referring to the fact that "[a]t the conciliation hearing on April 8, 2008, the parties agreed on and signed the [2008 Amendment]." (Ammann Decl., Ex. D.) The April 22nd Final

Award expressly incorporated the 2008 Amendment stating that the closing resolution "*inclusive of the [2008 Amendment] . . . is final and binding on both parties.*" (*Id.*) (emphasis added) The April 22nd Final Award ordered that "all claims and counter-claims are to be deemed withdrawn with prejudice . . .." (*Id.*)

This conclusion is consistent with Swiss law, which governs the arbitration, under which withdrawals of lawsuits are presumed to be with prejudice. It is also consistent with the clear intent of the parties to the 2008 Amendment, Article IV of which requires that both parties withdraw various litigations. (Amman Decl., Ex. B.) Since La Prairie's withdrawal of Swiss trademark opposition is with prejudice under Swiss law, it is inconceivable that the parties intended that CLP's withdrawal of the present action could be otherwise. Nevertheless, CLP takes the position that it is entitled to withdraw the instant suit without prejudice. Since this is contrary to the clear language of the April 22nd Final Award, on May 23, 2008, La Prairie asked the Swiss arbitrators to remove any doubt and clarify whether the April 22nd Final Award requires the dismissal of this action with prejudice. (Ammann Decl., Ex. E.)

On or about June 2, 2008, with full knowledge that La Prairie had sought clarification before the Swiss Arbitration panel, CLP filed a motion before this Court for leave to dismiss this action, without prejudice. CLP conveniently failed to mention in its moving papers that La Prairie's request for clarification was then pending before the Swiss Arbitration panel. On June 19, 2008, La Prairie opposed CLP's motion for a dismissal without prejudice and sought a continuation of the stay until the Swiss Arbitration panel clarified whether the instant action must be withdrawn with or without prejudice.

On June 24, 2008, the Swiss Arbitration panel issued a written decision declaring that the April 22nd Final Award's mandate that "all claims are to be withdrawn with prejudice" includes the instant action. (Ammann Decl., Ex. F.). The June 24, 2008 decision states:

> In [the April 22nd Final Award], the Court of Arbitration -- in keeping with intense, previous negotiation discussions -- bound the parties to fulfilling all obligations assumed by them in the [2008 Amendment]. One of them, in particular, was the obligation of both parties to withdraw all pending lawsuits, **including the action against Ritz Carlton in the USA**. . .. That this meant, in the opinion of the Court of Arbitration, **a withdrawal with prejudice**, exclusively, is evident from item 3 of the [April 22nd Final Award] which states with blunt clarity: ". . . all claims and counterclaims are to be deemed as withdrawn with prejudice . . ."

(*Id.*) (emphasis added). The June 24, 2008 decision also noted that "the wording of the [April 22nd Final Award] is neither unclear nor contradictory. It needs no further elucidation." (*Id.*) The Swiss Arbitration panel further explained that its position that "the withdrawal of a lawsuit has a precluding effect (with prejudice) also corresponds to the Zurich Rules of Civil Procedure applied by the Court of Arbitration.. . . [because under the Zurich Rules of Civil Procedure] a withdrawal of an action is <u>always with prejudice</u>.[1]" (*Id.*) (emphasis added) Thus, the Swiss Arbitration panel expressly rejected CLP's position that the instant action may be withdrawn without prejudice.

On June 24, 2008, CLP asked the Swiss Arbitration panel to *reconsider* its June 24, 2008 decision. Specifically, CLP sought an "explanation of item 12 [concerning the withdrawal of the action against the Ritz] of the [2008 Amendment] as well as of item 2 of the [April 22nd Final

---

[1] The 2008 Amendment required the withdrawal of claims, but it did not explicitly state that such claims were to be withdrawn with prejudice. However, the 2008 Amendment was negotiated by Swiss attorneys under Swiss law, which only contemplates withdrawals with prejudice.

- 4 -

Award] [that] . . . the action in the USA against the Ritz Carlton be withdrawn without prejudice." (Ammann Decl., Ex. G.) On June 30, 2008, -- less than one week after seeking reconsideration from the Swiss Arbitration -- CLP submitted a reply brief to this Court on its motion for a voluntary dismissal that inconsistently argued that the Swiss Arbitration panel is not competent to address whether the withdrawal of the instant action must be done with prejudice. CLP's reply papers in the instant action failed to even mention CLP's request for reconsideration before the Swiss Arbitration panel. CLP's conduct is part of a pattern of procedural gamesmanship employed in this action. For instance, CLP represented to the Court that the Swiss Arbitration was "concluded", while seeking a ruling from the Swiss Arbitration panel that CLP should be allowed to withdraw the instant action without prejudice. By requesting such relief from the Swiss arbitrators, CLP concedes that the panel could resolve the matter.

On July 8, 2008, the Swiss Arbitration panel rejected CLP's request for reconsideration and reaffirmed the April 22nd Final Award (as clarified by the June 24, 2008 decision), stating that the instant action must be withdrawn with prejudice. (Ammann Decl., Ex. G.) The July 8, 2008 decision states that the "June 24, 2008 [decision] was not a procedural decision, but a <u>final decision</u>." (*Id.*) (emphasis added). Since the Swiss Arbitration panel has determined that the instant action must be withdrawn with prejudice, this Court should confirm the April 22nd Final Award (as clarified by the June 24, 2008 decision) and dismiss this action with prejudice.

## ARGUMENT

I. **The Swiss Arbitration Award Must Be Confirmed**

   A. **Applicable Standard**

Section 201 of the FAA states that the "[Convention] shall be enforced in the United States courts in accordance with this chapter.[2]" The applicability of the Convention is outlined in Article I, which states:

> 1. This Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal. It shall also apply to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought.

The Convention applies to the April 22nd Final Award because the award was made by a Swiss arbitration panel applying Swiss law to a dispute involving foreign business entities, and confirmation is sought before this Court.

"Under the Convention, the district court's role in reviewing a foreign arbitral award is strictly limited." *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997), *cert. denied* 552 U.S. 1111 (1998) (The "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.") Indeed, the FAA requires that the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. The Second Circuit has stated:

> Under Article V of the Convention, the grounds for refusing to recognize or enforce an arbitral award are:

---

[2] Switzerland is a signatory to the Convention.

> (a) The parties to the agreement . . . were . . . under some incapacity, or the said agreement is not valid under the law . . .; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings . . .; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration . . .; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties . . .; or
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.
>
> Convention art. V(1). Enforcement may also be refused if "[t]he subject matter of the difference is not capable of settlement by arbitration," or if "recognition or enforcement of the award would be contrary to public policy" of the country in which enforcement or recognition is sought. *Id.* art. V(2). These seven grounds are the only grounds explicitly provided under the Convention.

*Yusuf*, 126 F.3d at 19.

"There is now considerable caselaw holding that, in an action to confirm an award rendered in, or under the law of, a foreign jurisdiction, the grounds for relief enumerated in Article V of the Convention are the only grounds available for setting aside an arbitral award." *Yusuf*, 126 F.3d at 20 (emphasis added); *see e.g., Int'l Standard Elec. Corp. v. Bridas Sociedad Anonima Petrolera, Industrial Y Comercial*, 745 F. Supp. 172, 181-82 (S.D.N.Y. 1990) (refusing to apply "manifest disregard of law" standard on a motion to vacate a foreign arbitral award); *Brandeis Intsel Ltd. v. Calabrian Chems. Corp.*, 656 F. Supp. 160, 167 (S.D.N.Y. 1987) ("In my view, the 'manifest disregard' defense is not available under Article V of the Convention or

otherwise to a party . . . seeking to vacate an award of foreign arbitrators based upon foreign law.")[3]

"The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies." *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005). The Second Circuit has explained that the burden to oppose enforcement of an arbitral award is a heavy one, holding that the "showing required to avoid summary confirmance is high." *Yusuf*, 126 F.3d at 23 (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d. Cir. 1987)). Indeed, given the strong public policy in favor of international arbitration, review of an arbitration award under the Convention is "very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Yusuf*, 126 F.3d at 23 (quoting *Folkways Music Publishers, Inc v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)). Furthermore, "this court has generally refused to second guess an arbitrator's resolution of a contract dispute.. . . An arbitrator's decision is entitled to substantial deference, and the arbitrator need only explicate his reasoning under the contract in terms that offer even a barely colorable justification for the outcome reached in order to withstand judicial scrutiny." *Yusuf*, 126 F.3d at 23 (internal quotation marks and citations omitted).

---

[3] Although "manifest disregard of the law" does not allow courts to depart from foreign arbitration awards, there was no such departure here. The Swiss Arbitration panel was not advised of "the existence of a clearly governing legal principle but decide[d] to ignore or pay no attention to it." *Yusuf*, 126 F.3d at 24. Indeed, the Swiss Arbitration panel noted that the dismissal of the instant action with prejudice is supported by Swiss law and the Zurich Code of Civil Procedure. (Ammann Decl., Ex. F; *see also* Ammann Decl., Ex. C.)

### B. CLP Cannot Meet The Heavy Burden Of Proving That Any Of The Exceptions Under The Convention Apply

None of the seven enumerated exceptions contained in Article V of the Convention apply. First, there is no question that the parties had the capacity to enter into, and did enter into, a valid contract. Convention art. V(1)(a). Second, having commenced the Swiss Arbitration and thereafter sought reconsideration, CLP had notice of the arbitration proceedings. Convention art. V(1)(b). Third, the award covers the interpretation and enforcement of the 2008 Amendment which falls within the broad arbitration provision contained therein. Convention art. V(1)(c). Fourth, the Swiss Arbitration panel was properly composed of three arbitrators and applied the Zurich Code of Civil Procedure in accordance with the arbitration agreement of the parties. Convention art. V(1)(d). Fifth, in its decisions of June 24, 2008 and July 8, 2008, the Swiss Arbitration panel explained that the April 22nd Final Award is final and binding on the parties. Convention art. V(1)(e). Lastly, it is well-established that contractual disputes are capable of settlement by arbitration and that public policy favors the recognition and enforcement of such awards. Convention art. V(2)(a)-(b).

### II. The Court Should Award La Prairie Attorneys' Fees For This Motion

It is well-established that a "court may sanction attorneys under Title 28 when excessive litigation costs are caused by unreasonable, vexatious proceedings." *Reichmann v. Neumann*, 553 F. Supp. 2d 307, 319 (S.D.N.Y. 2008). In addition, "a court may sanction an attorney or a party pursuant to its inherent power to manage its own affairs." *Id.* The same standard governs an award of attorneys' fees under either 28 U.S.C. § 1927 or the court's inherent powers. *Id.* "Under Second Circuit case law, to impose sanctions pursuant to either § 1927 and the court's inherent powers 'a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith-that is, motivated by

improper purposes such as harassment or delay.'" *Id.* (quoting *Eisemann v. Greene,* 204 F.3d 393, 396 (2d. Cir. 2000) (internal quotation marks omitted). Indeed, "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986).

It is quite clear that the instant case must be withdrawn with prejudice and that CLP's position is frivolous. After the Swiss arbitrators clarified their April 22nd Final Award in their June 24, 2008 decision, CLP requested the arbitration panel to reconsider its decision. When the Swiss arbitrators rejected CLP's request for reconsideration on July 8, 2008, CLP no longer had any colorable basis to maintain its position, and it should have withdrawn this case with prejudice. *See, e.g., Reichmann,* 553 F.Supp.2d at 320 ("A claim is colorable when it reasonably *might* be successful, while a claim lacks a colorable basis when it is utterly devoid of a legal or factual basis") (quoting *Schlaifer Nance & Co., Inc. v. Estate of Warhol,* 194 F.3d 323, 337 (2d Cir. 1999) (emphasis original). CLP's ultimate failure to withdraw this action with prejudice evidences bad faith because by doing so CLP unjustifiably refused to abide by the rulings of the Swiss arbitrators. *Reichmann,* 553 F.Supp. 2d at 321 ("A suit is brought in bad faith if it is motivated by improper purposes such as harassment or delay . . . [and ] [b]ad faith can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.") (internal quotation marks and citations omitted); *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.,* 707 F.2d 425, 428 (9th Cir. 1983) (holding "an unjustified refusal to abide by an arbitrator's

award may equate an act taken in bad faith"); *Int'l Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (stating "'when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may be properly award.'") (quoting *Bell Produc. Eng'r Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982)); *Atlantic Marine Agencies v. Embassy of Sierra Leone*, No. 87 Civ. 4389 (CSH), 1988 WL 13699, at *1 (S.D.N.Y. Feb. 16, 1988) (holding where a party "has failed to put forth any basis for its refusal to abide by the decision of the arbitration panel, [the court] can only conclude that it has acted in bad faith" and awarding attorneys' fees and costs).

La Prairie's July 11, 2008 letter to the Court seeking permission to move to confirm the April 22nd Final Award (as clarified and confirmed by the June 24 and July 8, 2008 decisions) and dismiss this action with prejudice put CLP on notice that La Prairie would incur unnecessary attorneys' fees if CLP did not agree to dismiss this action with prejudice, thus compelling La Prairie to go forward with this motion. The Court should grant La Prairie attorneys' fees for the present motion.

## CONCLUSION

For the foregoing reasons, La Prairie respectfully requests that the Court confirm the April 22nd Final Award, dismiss the lawsuit with prejudice, and award La Prairie attorneys' fees in connection with the instant motion.

Dated: New York, New York
       August 25, 2008

SONNENSCHEIN NATH & ROSENTHAL LLP

By: /s/ Martin R. Gold
    Martin R. Gold (MG 6528)
    Martin P. Michael (MM 6867)
    Benito Delfin, Jr. (BD 1216)
    1221 Avenue of the Americas
    New York, New York 10020-1089
    (212) 768-6700

*Attorneys for La Prairie, Inc.*

17619549