UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,                              :
                                                        :
               Plaintiff,                 :
                                                        :   Case No. 07 CV 4038-PAC
   v.                                                   :
                                                        :
THE RITZ-CARLTON HOTEL COMPANY, LLC,:
and, LA PRAIRIE, INC.,                                  :
                                                        :
               Defendant.                 :
-------------------------------------------------------------X

## PLAINTIFF'S, CLINIQUE LA PRAIRIE, S.A., MEMORDANUM OF LAW IN OPPOSITION TO DEFENDANT LA PRAIRIE, INC.'S MOTION TO CONFIRM ARBITRATION AWARD

Ferrell Law, P.A.
598 Madison Avenue
Second Floor
New York, New York 10022
Tel: 212-813-9500

Case No. 07 CV 4038-PAC

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ................................................................................................................... 1

FACTUAL BACKGROUND .................................................................................................. 1

ARGUMENT ........................................................................................................................... 5

I.    The Swiss Final Closing Resolution is Not a Final Award and Therefore Should Not Be Confirmed. .............................................................................. 5

    A.    The Final Closing Resolution is a Procedural Order Terminating the Arbitration and Not a Decision on the Merits of the Controversy. ................................................................................ 5

    B.    The Mistaken Dictum of the Swiss Arbitration Panel is Not Controlling on and Should be Disregarded by this Court. .................................. 7

II.    An Award of Attorneys' Fees is not Warranted for this Motion. ................................. 9

CONCLUSION ...................................................................................................................... 11

CERTIFICATE OF SERVICE .............................................................................................. 12

Case No. 07 CV 4038-PAC

# TABLE OF AUTHORITIES

**Cases**

*Agee v. Paramount Commc'ns Inc.*,
   114 F.3d 395 (2d Cir. 1997) .................................................................................................. 9

*ConnTech Dev. Co. v. Univ. of Conn. Educ. Prop., Inc.*,
   102 F.3d 677 (2d Cir. 1996) .................................................................................................. 5

*Horton v. Trans World Airlines, Corp.*,
   169 F.R.D. 11 (E.D.N.Y. 1996) ........................................................................................... 10

*Kaplan v. First Options of Chicago, Inc.*,
   19 F.3d 1503 (3d Cir. 1994) .................................................................................................. 5

*Klos v. Polskie Linie Lotnicze*,
   133 F.3d 164 (2d Cir. 1997) .................................................................................................. 8

*Kokkonen v. Guardian Life Ins. Co. of Amer.*,
   511 U.S. 375 (1994) ............................................................................................................... 7

*Ling Nan Zheng v. Liberty Apparel Co., Inc.*,
   556 F. Supp. 2d 284 (S.D.N.Y. 2008) ................................................................................... 7

*Pa. Power Co. v. Local Union No. 272 of Int'l Bhd. Of Elec. Workers*,
   886 F. 2d 46 (3d Cir. 1989) ................................................................................................... 5

*Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) ......................................... 9, 10

*Roadway Exp. Inc. v. Piper*,
   447 U.S. 752 (1980) ............................................................................................................. 10

*Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*,
   157 F.3d 174 (2d Cir. 1998) .................................................................................................. 5

*Root Bros. Farms v. Mak*,
   2007 WL 2789481, *5 (S.D.N.Y. Sept. 25, 2007) .............................................................. 10

*Rowe Entm't, Inc. v. The William Morris Agency*,
   2005 WL 1804233, *3 (S.D.N.Y. Aug. 1 2005) ................................................................. 10

*Torah Soft. Ltd. v. Drosnin*,
   224 F. Supp. 2d 704 (S.D.N.Y. 2002) ................................................................................... 9

*U.S. v. Int'l Bhd. Of Teamsters,*
 948 F.2d 1338 (2d Cir. 1991) .................................................................................................. 10

*Valmonte v. I.N.S.,*
 136 F.3d 914 (2d Cir. 1998) ...................................................................................................... 7

**Statutes**

28 U.S.C. §1927 ............................................................................................................................ 9, 10

**Other Authorities**

*Black's Law Dictionary*, 1100 (7th ed. 1999) ................................................................................. 7

**Regulations**

Fed. R. Civ. Pr. 41(a)(2) ................................................................................................................. 10

Case No. 07 CV 4038-PAC

Plaintiff, Clinique La Prairie, S.A. ("Clinique La Prairie"), by and through its undersigned counsel, hereby submits its memorandum of law in opposition to La Prairie, Inc.'s ("La Prairie") Motion to Confirm the Arbitration Award[1], and states in support:

## INTRODUCTION

La Prairie's Motion to Confirm the Arbitration Award must be denied because the settlement agreement between Clinique La Prairie and La Prairie, and the final closing resolution of the Swiss Arbitration panel, make it abundantly clear that the parties did *not* intend to have this action against the Ritz Carlton dismissed with prejudice. La Prairie is attempting to obtain an outcome that it failed to bargain for and win in the Swiss arbitration.

## FACTUAL BACKGROUND

Throughout the past twenty years, Clinique La Prairie and La Prairie have entered into several agreements regarding disputed rights to the use of the name "La Prairie" for various goods and services. The agreement that governed the relationship between Clinique La Prairie and La Prairie prior to the initiation of this action was dated June 2, 1995 ("June 2, 1995 Agreement"). On May 25, 2007, in accordance with the arbitration clause of the June 2, 1995 Agreement, Clinique La Prairie initiated a Swiss arbitration against La Prairie.

By that time, Clinique La Prairie had commenced this action against the Ritz Carlton, a non-signatory to the June 2, 1995 Agreement, on April 11, 2007 in the Supreme Court of the State of New York, and asserted claims of unfair competition, trademark infringement, trademark dilution and injury to business reputation. The Ritz Carlton removed the action to this court on May 23, 2007 ("the New York Action"). On October 18, 2007, this Court granted La

---

[1] Clinique La Prairie herewith adopts and incorporates by reference its Memorandum of Law in Opposition to the Ritz-Carlton Hotel Company, L.L.C.'s Motion to Dismiss with Prejudice and supporting Memorandum of Law.

1

Prairie's Motion to Intervene and Motion to Stay this action pending the final resolution of the arbitration in Switzerland between Clinique La Prairie and La Prairie.

During that arbitration, Clinique La Prairie and La Prairie settled the action by entering into an Amendment to the Agreement of June 2, 1995 which was executed on April 8, 2008 ("April 8, 2008 Amendment"). This settlement agreement terminated the arbitration by resolving all the issues before the Swiss Arbitration panel. (Attached as Exhibit B to the Declaration of Martin Ammann.) The April 8, 2008 Amendment includes several clauses under the Fourth heading entitled "Reciprocal Withdrawal of all Pending Proceedings." Specifically, paragraph 12 on page 4 of the settlement agreement states that Clinique La Prairie will "withdraw the claim filed in the USA against Ritz Carlton within ten (10) days after the mutual signing of this Amendment." Significantly, the clause does not say that the withdrawal would be with prejudice. As a result of the settlement agreement, on April 22, 2008, the Swiss Arbitration panel issued a Final Closing Resolution ("Final Closing Resolution"), which is a procedural order terminating the arbitration and stating that the parties had reached an agreement on the merits. Declaration of Pierre Schifferli at ¶¶ 3 and 8 (hereinafter referred to as "Schifferli Decl.").

After the issuance of the Final Closing Resolution, La Prairie requested that the Swiss Arbitration panel provide an explanation of the terms of the April 8, 2008 Amendment regarding the withdrawal of the pending proceedings. In response to La Prairie's request, the Swiss arbitrators *held* that "[a]s correctly set forth by [Clinique La Prairie], settlement decisions, which terminate a procedure solely on the basis of the parties' declaration (acknowledgement, withdrawal, arrangement), are not accessible to an explanation. Explanations of this kind are not judicial instructions but party declarations." June 24, 2008 Decision at pp. 3-4, ¶ H (attached as

Case No. 07 CV 4038-PAC

Exhibit F to the Declaration of Martin Ammann). Accordingly, the Swiss arbitrators **held** that "[La Prairie's] request for an explanatory statement is non-suited." *Id.* at p. 5. In sum, the Swiss arbitrators agreed with Clinique La Prairie that the Swiss Arbitration panel was not competent to address the withdrawal of the action against the Ritz Carlton. The reason is simple: that issue is governed by the parties' settlement agreement, which is the reason why the arbitration came to a conclusion, and consequently the dismissal of this suit is governed by the local rules of procedure of this Court. As a result, the Swiss arbitrators actually **denied** La Prairie's request – a material fact that La Prairie incredibly failed to mention to this Court.

Instead, La Prairie, without disclosing it to this Court, only relies on irrelevant and mistaken dictum in the Swiss arbitrators' **denial** of La Prairie's request. After denying La Prairie's request because the Swiss arbitrators lacked jurisdiction to decide the issue raised by La Prairie (i.e., whether this action should be dismissed with prejudice), the Swiss arbitrators gratuitously added that, "*if* the request could be handled materially" (which it could not be), the obligation to withdraw the lawsuit against the Ritz-Carlton in the USA with prejudice was "evident from item 3 of the final closing resolution, which states with blunt clarity: '. . . all claims and counterclaims are to be deemed as withdrawn with prejudice . . .'".[2] June 24, 2008 Decision at pp. 4, ¶ J (Ex. F to the Decl. of Martin Ammann). This dictum is simply wrong as a matter of basic logical reasoning.

---

[2] Thereafter, Clinique La Prairie requested a reconsideration of that June 24, 2008 Resolution due to the erroneous inclusion of the non-binding and obviously mistaken dictum of the Swiss arbitrators about the intent of the parties. In response, in their July 8, 2008 Decision, the Swiss Arbitration panel confirmed their ruling in the June 24, 2008 Decision that La Prairie's request was **denied**. July 8, 2008 Resolution at p. 3 ¶ H (attached as Exhibit G to the Declaration of Martin Ammann). The Swiss Arbitration panel did **not** confirm a non-existing holding that this action must be withdrawn with prejudice.

3

Specifically, item 3 of the Final Closing Resolution, in whole, provides that: "***Except for*** the rights and obligations assumed in the arrangement, all claims and counterclaims are to be deemed as withdrawn with prejudice and the arbitral procedure is herewith terminated." Final Closing Resolution at p. 10, ¶ 3 (Ex. D to the Decl. of Martin Ammann) (emphasis added).[3] And one of the "obligations assumed in the arrangement" was the obligation to "withdraw the claim filed in the USA against Ritz Carlton within ten (10) days after the mutual signing of this Amendment." Accordingly, basic logical reasoning shows that the final closing resolution in effect provides that *except for* the obligation to withdraw the action against the Ritz Carlton in the USA, all claims and counterclaims are to be deemed as withdrawn with prejudice. Again, it is basic logical reasoning.[4]

Accordingly, it is clear from the settlement agreement and the Final Closing Resolution that the parties did ***not*** intend to have this action against the Ritz Carlton dismissed with prejudice. The mistaken dictum of the Swiss arbitrators failed to consider the "except for" clause in its own final closing resolution that expressly carved out exceptions to the dismissal of claims and counterclaims with prejudice. One of those exceptions was the obligation to dismiss this action against the Ritz Carlton. It follows that La Prairie's Motion to Confirm the Arbitration Award should be denied – La Prairie is merely attempting, through an evident lack of candor to this Court, to gain something that it failed to bargain for in the settlement agreement.

---

[3] The Final Closing Resolution is nothing more than a decision terminating the arbitration and stating that the parties had reached an agreement on the merits. Schifferli Decl. at ¶¶ 3 and 8.

[4] This is the same as, for example, if you say "except for A, then B" and "if A=C," then it is true that "except for C, then B."

# ARGUMENT

### I. The Swiss Final Closing Resolution is Not a Final Award and Therefore Should Not Be Confirmed.

La Prairie's Motion to Confirm the Arbitration Award cannot be granted because there was no final arbitration award, especially on the issue squarely before this Court. The Swiss Arbitration proceeding was terminated via a procedural order by the Swiss Arbitration panel. La Prairie's attempt to characterize the dictum of the June 24, 2008 Decision by the Swiss Arbitration panel as a ruling in its favor is not only inaccurate but misleading to this Court. What really happened is that the Swiss Arbitration panel non-suited La Prairie's request for lack of jurisdiction. Therefore, La Prairie's Motion to Confirm the Arbitration Award must be denied.

### A. The Final Closing Resolution is a Procedural Order Terminating the Arbitration and Not a Decision on the Merits of the Controversy.

An arbitration award is final if it decides all the issues submitted to the arbitrators so completely that no further litigation is required to finalize the parties' obligations. *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176-7 (2d Cir. 1998); *ConnTech Dev. Co. v. Univ. of Conn. Educ. Prop., Inc.*, 102 F.3d 677, 686 (2d Cir. 1996). To qualify as a binding award the findings of the arbitrator must be a decision on the merits of the controversy. *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314 (5th Cir. 1994). "An arbitrator's decision on the merits will be affirmed as long as it 'draws its essence' from the contract." *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1512 (3d Cir. 1994) (quoting *Pa. Power Co. v. Local Union No. 272 of Int'l Bhd. Of Elec. Workers*, 886 F. 2d 46, 48 (3d Cir. 1989). The only question "is whether the award, however arrived at, is rationally inferable from the contract." *Executone*, 26 F.3d at 1325. These decisions defining a final arbitration award mandate that the

arbitrators make determinations and issue decisions on the merits of the controversy and that those decisions draw their essence from the underlying contract.

The Final Closing Resolution is not a final award in the Swiss Arbitration because the arbitrators made no decision on the merits of the issues in controversy. The parties' resolved their dispute on their own through the April 8, 2008 Amendment. In the Preliminary Statement of the April 8, 2008 Amendment, the parties state the following: "The purpose of this Amendment to the Agreement of June 2, 1995 ("The Amendment") *is to settle the differences that arose as well as the Ad Hoc Arbitration proceeding and any other proceedings.*" April 8, 2008 Amendment at p. 2 (emphasis added).

The Swiss Arbitrators themselves drew an unmistakable distinction between the parties' obligations under the April 8, 2008 Amendment and the procedural decision by the Swiss Arbitrators to withdraw with prejudice the claims and counterclaims of the arbitration: "***Except for the rights and obligations assumed in the arrangement***, all claims and counterclaims are to be deemed as withdrawn with prejudice and the arbitral procedure is herewith terminated." Final Closing Resolution at p. 10, ¶ 3 (Ex. D to the Decl. of Martin Ammann) (emphasis added). Clearly, only the claims and counterclaims raised in the arbitration are withdrawn with prejudice by settlement of the parties, thereby terminating the arbitration. Schifferli Decl., ¶ 8.

Moreover, in the first paragraph of the June 24, 2008 Decision, the Swiss Arbitration panel stated that it issued a final closing resolution in the arbitration proceeding "after the parties had reached an agreement." June 24, 2008 Decision at p 2, ¶ I.A. (Ex. F to the Decl. of Martin Ammann). In none of the three decisions did the Swiss Arbitration panel offer any rulings on the merits of the controversy before them. Instead, they repeatedly yielded to the agreement

negotiated by the parties which resolved the disputes. Therefore, there is no final award that can be confirmed by this Court.

### B. The Mistaken Dictum of the Swiss Arbitration Panel is Not Controlling on and Should be Disregarded by this Court.

Black's Law Dictionary defines "obiter dictum" as "a judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential…" *Black's Law Dictionary*, 1100 (7th ed. 1999). Obviously, dictum is not controlling, and wrong dictum should be completely disregarded. *See Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 279 (1994) ("it is to the holdings of our cases, rather than their dicta, that we must attend…"); *Valmonte v. I.N.S.*, 136 F.3d 914 (2d Cir. 1998) (general expressions "ought not control the judgment in a subsequent suit"); *Ling Nan Zheng v. Liberty Apparel Co., Inc.*, 556 F. Supp. 2d 284, 296 (S.D.N.Y. 2008) (dictum should not be given preclusive effect).

La Prairie requested that the Swiss Arbitrators provide an explanation of the terms of the April 8, 2008 Amendment regarding the withdrawal of the pending actions. In its June 24, 2008 Decision, the Swiss Arbitration panel denied La Prairie's request because it lacked jurisdiction to determine that issue. June 24, 2008 Decision at pp. 3-4 ¶¶ H and I, and p. 5 ¶ a. Instead of disclosing to this Court the Swiss arbitrators' actual ruling, La Prairie disingenuously provided a partial quote and then preposterously argued that the Swiss arbitrators' dictum was the actual holding. Indeed, La Prairie failed to provide the Swiss Arbitration panel's reasoning for denying its request:

> As correctly set forth by [Clinique La Prairie], settlement decisions, which terminate a procedure solely on the basis of the parties' declaration (acknowledgement, withdrawal, arrangement), are not accessible to an

7

> explanation. Explanations of this kind are not judicial instructions by party declarations.
>
> In the present case, it is not the wording of the final closing resolution by the Court of Arbitration which is at issue, but item 12 of the Arrangement (Appendix dated April 8, 2008 to the Agreement of June 2, 1995), which represents an agreement between the parties. **Consequently, [La Prairie's] request cannot be honored.**

*Id.* at pp. 3-4 ¶¶ H and I (emphasis added).

La Prairie also failed to reveal that the Swiss Arbitration panel held that the June 24, 2008 Decision was a final decision to which it was bound, confirming *again* that La Prairie's request for an explanatory statement was not possible because the panel lacked jurisdiction to decide the issue. July 8, 2008 Resolution at p. 3 ¶ H. Furthermore, the Swiss Arbitration panel stated that their June 24, 2008 Decision "ensue[d] from cogent legal reasons and any other decision was simply not possible." *Id.* Despite La Prairie's misleading claim that the Swiss arbitrators **held** that a withdrawal with prejudice is required, the Swiss arbitrators in fact held, in *two separate rulings,* that they could not even consider La Prairie's request for an explanation.

The fundamental objective of contract interpretation is to give effect to the intent of the parties. *Klos v. Polskie Linie Lotnicze*, 133 F.3d 164, 168 (2d Cir. 1997). The disposition of the New York lawsuit was never before the arbitrators to decide. Schifferli Decl. at ¶ 5. Therefore, the dictum of the Swiss Arbitration panel in their June 24, 2008 Decision, regarding their statement on the disposition of the New York Action, is irrelevant, non-binding and, and most important, incorrect and outside of its jurisdiction. The fact is that Clinique La Prairie never intended to withdraw with prejudice the New York action against the Ritz. Clinique La Prairie formally rejected La Prairie's written request to withdraw the New York action and to pay all the legal expenses and court costs. Schifferli Decl. at ¶¶ 6 & 7. Under the code of civil procedure of the Canton of Zurich, a withdrawal is the equivalent to a judgment on the merits. *Id.* By

expressly refusing to pay the legal expenses of the New York Action, Clinique La Prairie demonstrated it had no intent to withdraw that action with prejudice. *Id.* This evidence demonstrates that it was not the parties' intent to withdraw this action with prejudice. La Prairie is fully aware that that is the reason why the German phrase meaning "with prejudice" was not included in the April 8, 2008 Amendment and was only included in the final resolution as to the claims and counterclaims before the arbitral panel. Schifferli Decl. at ¶ 5.

La Prairie cannot rely on the dictum of the Swiss Arbitration panel to request confirmation of a final arbitration award that does not exist. It cannot be allowed to hide the ball with partial quotes and inaccurate recitations of the decision of the Swiss arbitrators. The Swiss Arbitration panel issued a purely procedural order to terminate the arbitration proceeding based on the parties' own resolution of the controversy. The Swiss Arbitration panel held that they did not have the jurisdiction to explain the intent of the parties in the April 8, 2008 Amendment. There is no final award in the Swiss Arbitration; there certainly is no award requiring the dismissal of this action with prejudice. Indeed, to say that Clinique La Prairie is required to dismiss this action with prejudice is contrary to the express terms of the settlement agreement and the Swiss final resolution. Therefore, the court must deny La Prairie's Motion to Confirm the Arbitration Award.

## II. An Award of Attorneys' Fees is not Warranted for this Motion.

To impose sanctions under its inherent power or under 28 U.S.C. §1927, the "court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71 (2d Cir. 2000) (quoting *Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)); *Torah Soft. Ltd. v. Drosnin*, 224 F. Supp. 2d 704, 721 (S.D.N.Y. 2002). A court should exercise its inherent power with restraint and discretion. *Roadway Exp. Inc. v. Piper*, 447

U.S. 752, 764 (1980); *Revson*, 221 F. 3d. at 78. Sanctions can only be awarded for actions which are completely without color and are for some improper purpose, such as delay. *Revson*, 221 F. 3d. at 78; *Rowe Entm't, Inc. v. The William Morris Agency*, 2005 WL 1804233, *3 (S.D.N.Y. Aug. 1 2005). "A claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Revson*, 221 F. 3d. at 78-79 (internal quotations and citations omitted). Bad faith is a prerequisite to an award of sanctions under §1927. *Revson*, 221 F. 3d. at 79 (quoting *U.S. v. Int'l Bhd. Of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991)). In order to impose sanctions the court must find with a "high degree of specificity" clear evidence of bad faith. *Root Bros. Farms v. Mak*, 2007 WL 2789481, *5 (S.D.N.Y. Sept. 25, 2007).

Fed. R. Civ. Pr. 41(a)(2) authorizes a plaintiff to request a court order for voluntary dismissal.[5] Unless otherwise stated, a dismissal under this rule is without prejudice. Fed. R. Civ. P. 41(a)(2); *Horton v. Trans World Airlines, Corp.*, 169 F.R.D. 11, 15 (E.D.N.Y. 1996). Clinique La Prairie's request for voluntary dismissal without prejudice is colorable and is made in good faith. In fact, it is the ***only*** position that is consistent with the bargain reached that settled the arbitration. Despite La Prairie's effort to distort the facts and the Swiss Arbitration panel's rulings, the record shows that there is both legal and factual support for Clinique La Prairie's request for voluntary dismissal ***without*** prejudice. As already established, there has been no adjudication on the merits of the claims asserted in this action by this Court or by the Swiss Arbitration panel, and the parties did not contract for the withdrawal of this action with prejudice. To the contrary, the parties' negotiations and settlement agreement, and the final resolution of the

---

[5] Clinique La Prairie made a request for voluntary dismissal without prejudice on June 2, 2008 in its Motion for Leave to Voluntarily Dismiss. That motion is still pending before this court.

Case No. 07 CV 4038-PAC

Swiss Arbitration panel, show that the intent was *not* to dismiss this action with prejudice. Clinique La Prairie is simply exercising its right under the local rules of procedure to meet its obligation to dismiss this action without prejudice.

La Prairie is precluded from arguing that it will suffer prejudice as a result of a voluntary dismissal without prejudice because it was a voluntary participant in the negotiations that led to the April 8, 2008 Amendment. Clinique La Prairie is not required to withdraw this action with prejudice under that agreement. Therefore, this court should deny La Prairie's request for attorneys' fees.

## CONCLUSION

Clinique La Prairie hereby requests that this Honorable Court enter an order dismissing this action without prejudice; denying La Prairie's Motion to Confirm the Arbitration Award; and directing each party to bear its own fees and costs.

Respectfully submitted,

**FERRELL LAW, P.A.**

By:  s/ George G. Mahfood
Milton M. Ferrell, Jr. (MF1826)
George G. Mahfood (GM0578)

598 Madison Avenue
Second Floor
New York, New York 10022
Tel: 212-813-9500
Fax: 212-813-1155
gmahfood@ferrellworldwide.com

*Attorneys for Clinique La Prairie, S.A.*

Case No. 07 CV 4038-PAC

## CERTIFICATE OF SERVICE

I hereby certify that at true and correct copy of the foregoing was served by electronic mail on the following counsel for defendant: David Wynn, Arent Fox LLP, 1675 Broadway, New York, New York 10019, wynn.david@arentfox.com; Barbara Wohl, Arent Fox LLP, 1050 Connecticut Avenue, N.W., Washington, D.C., 20036-5339, wahl.barbara@arentfox.com; and Martin R. Gold, Sonnenschein Nath & Rosenthal LLP, 1221 Avenue of the Americas, New York, NY 10020-1089, mgold@sonnenschein.com, on this 8th day of September 2008.

                                                                         s/George G. Mahfood  
                                                                         George G. Mahfood (GM0578)