UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,                    :
                                              :
                              Plaintiff,      :
                                              :   Case No. 07 CV 4038-PAC
        v.                                    :
                                              :
THE RITZ-CARLTON HOTEL COMPANY, LLC, :
and, LA PRAIRIE, INC.,                        :
                                              :
                              Defendant.      :
------------------------------------------------------------X

# PLAINTIFF CLINIQUE LA PRAIRIE, S.A.'S MEMORDANUM OF LAW IN OPPOSITION TO DEFENDANT RITZ-CARLTON HOTEL COMPANY, L.L.C.'S MOTION TO DISMISS WITH PREJUDICE

Ferrell Law, P.A.
598 Madison Avenue
Second Floor
New York, New York  10022
Tel:  212-813-9500

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION........................................................................................................................ 1

STATEMENT OF THE FACTS ................................................................................................. 2

ARGUMENT................................................................................................................................. 5

I. The Disposition of this Case was Not Before the Swiss Arbitrators; therefore, They Could Not Issue a Final Award on that Issue. ...................................... 5

II. The April 8, 2008 Amendment Does Not Require Clinique La Prairie to Withdraw this Action with Prejudice............................................................................ 7

CONCLUSION ............................................................................................................................. 9

CERTIFICATE OF SERVICE ................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                              **Page**

*Horton v. Trans World Airlines, Corp.*,
   169 F.R.D. 11 (E.D.N.Y. 1996) .................................................................................. 5

*Occunomix Int'l, LLC v. N. Ocean Ventures, Inc.*,
   2003 WL 22240660, at *2 (S.D.N.Y. September 30, 2003) ....................................... 5

*U.S. v. One 1990 Artic Cat Ext Snowmobile ID No. 9137046*,
   1996 WL 132107, at *1 (S.D.N.Y. March 22, 1996) ................................................. 5

**Regulations**

Fed. R. Civ. P. 41(a)(2) .......................................................................................................... 5

Plaintiff, Clinique La Prairie, S.A. ("Clinique La Prairie"), by and through its undersigned counsel, hereby submits it memorandum of law in opposition to defendant Ritz-Carlton Hotel Company, L.L.C.'s (the "Ritz") Motion to Dismiss with Prejudice[1], and states in support:

## INTRODUCTION

Undisputedly, the Ritz was not a party to the Swiss Arbitration. Declaration of Pierre Schifferli at ¶ 2 (hereinafter referred to as "Schifferli Decl."). Also, the Ritz was not a party to the settlement negotiations that resulted in the April 8, 2008 Amendment to the June 2, 1995 Agreement ("April 8, 2008 Amendment") between La Prairie and Clinique La Prairie. *Id.* In fact, the claims asserted by Clinique La Prairie against the Ritz in this action were not part of the controversy before the Swiss Arbitration panel. Schifferli Decl. at ¶ 5. It was never the parties' intent, as manifested in the settlement agreement and the actual language in the final closing resolution issued by the arbitral panel, to withdraw this action with prejudice, thereby precluding any adjudication on the merits of the claims asserted herein. In addition, there has been no adjudication on the merits of the claims herein, either in this Court or by the Swiss Arbitrators. The Swiss Arbitrators merely issued a procedural order terminating the arbitration proceedings based on the settlement reached by Clinique La Prairie and La Prairie in the April 8, 2008 Amendment. Therefore, this court should deny the Ritz's Motion to Dismiss with Prejudice and should dismiss this case without prejudice.

---

[1] In its Motion to Dismiss with Prejudice, the Ritz "adopts and incorporates by reference the Motion to Dismiss and supporting Memorandum filed by defendant La Prairie, Inc." La Prairie has not filed a Motion to Dismiss in this matter, so Clinique La Prairie assumes the Ritz intended to adopt and incorporate by reference La Prairie's Motion to Confirm Arbitration Award and supporting Memorandum. Clinique La Prairie herewith adopts and incorporates by reference its Memorandum of Law in Opposition to La Prairie's Motion to Confirm the Arbitration Award.

## **STATEMENT OF THE FACTS**

Clinique La Prairie and La Prairie have engaged over the course of twenty years in negotiations and agreements regarding disputed rights to use the name "La Prairie" for assorted goods and services. Prior to this action, the most recent agreement between these two parties was dated June 2, 1995 ("June 2, 1995 Agreement"). That agreement contained an arbitration clause which applied to all disputes between them.

Years after Clinique La Prairie created and gained fame and recognition for its spa services, the Ritz opened and began operating a spa in its New York Central Park hotel under the name "La Prairie". Clinique La Prairie initiated a lawsuit against the Ritz to assert its claims of unfair competition, trademark infringement, trademark dilution and injury to business reputation. The Ritz then removed the state court action to this Court. Clinique La Prairie also initiated an arbitration in Switzerland against La Prairie in accordance with the terms of the June 2, 1995 Agreement.

Significantly, the Ritz was not a party to the June 2, 1995 Agreement and therefore was not subject to its arbitration clause. Accordingly, a separate proceeding to assert Clinique La Prairie's claims against the Ritz was required and filed. Clinique La Prairie initiated both actions to assert its claims against La Prairie and the Ritz. Upon La Prairie's request, this court allowed La Prairie to intervene and granted its Motion to Stay this action pending the conclusion of the Swiss arbitration.

During that arbitration, Clinique La Prairie and La Prairie settled by entering into an Amendment to the Agreement of June 2, 1995 which was executed on April 8, 2008 ("April 8, 2008 Amendment"). This settlement agreement terminated the arbitration by resolving all the issues before the Swiss Arbitration panel. (Attached as Exhibit B to the Declaration of Martin Amman.) The April 8, 2008 Amendment includes several clauses under the Fourth heading

2

entitled "Reciprocal Withdrawal of all Pending Proceedings." Specifically, paragraph 12 on page 4 of the settlement agreement states that Clinique La Prairie will "withdraw the claim filed in the USA against Ritz Carlton within ten (10) days after the mutual signing of this Amendment." Significantly, the clause does not say that the withdrawal would be with prejudice. As a result of the settlement agreement, on April 22, 2008, the Swiss Arbitration panel issued a Final Closing Resolution ("Final Closing Resolution"), which is a procedural order terminating the arbitration and stating that the parties had reached an agreement on the merits. Schifferli Decl. at ¶¶ 3 and 8.

After the issuance of the Final Closing Resolution, La Prairie requested that the Swiss Arbitration panel provide an explanation of the terms of the April 8, 2008 Amendment regarding the withdrawal of the pending proceedings. In response to La Prairie's request, the Swiss arbitrators *held* that "[a]s correctly set forth by [Clinique La Prairie], settlement decisions, which terminate a procedure solely on the basis of the parties' declaration (acknowledgement, withdrawal, arrangement), are not accessible to an explanation. Explanations of this kind are not judicial instructions but party declarations." June 24, 2008 Decision at pp. 3-4, ¶ H (attached as Exhibit F to the Declaration of Martin Ammann). Accordingly, the Swiss arbitrators *held* that "[La Prairie's] request for an explanatory statement is non-suited." *Id.* at p. 5. In sum, the Swiss arbitrators agreed with Clinique La Prairie that the Swiss Arbitration panel was not competent to address the withdrawal of the action against the Ritz. The reason is simple: that issue is governed by the parties' settlement agreement, which is the reason why the arbitration came to a conclusion, and consequently the dismissal of this suit is governed by the local rules of procedure of this Court. As a result, the Swiss arbitrators actually *denied* La Prairie's request – a material fact that the Ritz incredibly failed to mention to this Court.

3

Instead, the Ritz, without disclosing it to this Court, only relies on irrelevant and mistaken dictum in the Swiss arbitrators' *denial* of La Prairie's request. After denying La Prairie's request because the Swiss arbitrators lacked jurisdiction to decide the issue raised by La Prairie (i.e., whether this action should be dismissed with prejudice), the Swiss arbitrators gratuitously added that, "*if* the request could be handled materially" (which it could not be), the obligation to withdraw the lawsuit against the Ritz-Carlton in the USA with prejudice was "evident from item 3 of the final closing resolution, which states with blunt clarity: '. . . all claims and counterclaims are to be deemed as withdrawn with prejudice . . .'".[2] June 24, 2008 Decision at pp. 4, ¶ J (Ex. F to the Decl. of Martin Ammann). This dictum is simply wrong as a matter of basic logical reasoning.

Specifically, item 3 of the Final Closing Resolution, in whole, provides that: "***Except for*** the rights and obligations assumed in the arrangement, all claims and counterclaims are to be deemed as withdrawn with prejudice and the arbitral procedure is herewith terminated." Final Closing Resolution at p. 10, ¶ 3 (Ex. D to the Decl. of Martin Ammann) (emphasis added).[3] And one of the "obligations assumed in the arrangement" was the obligation to "withdraw the claim filed in the USA against Ritz Carlton within ten (10) days after the mutual signing of this Amendment." Accordingly, basic logical reasoning shows that the final closing resolution in effect provides that *except for* the obligation to withdraw the action against the Ritz in the USA,

---

[2] Thereafter, Clinique La Prairie requested a reconsideration of that June 24, 2008 Resolution due to the erroneous inclusion of the non-binding and obviously mistaken dictum of the Swiss arbitrators about the intent of the parties. In response, in their July 8, 2008 Decision, the Swiss Arbitration panel confirmed their ruling in the June 24, 2008 Decision that La Prairie's request was ***denied***. July 8, 2008 Resolution at p. 3 ¶ H (attached as Exhibit G to the Declaration of Martin Ammann). The Swiss Arbitration panel did ***not*** confirm a non-existing holding that this action must be withdrawn with prejudice.

[3] The Final Closing Resolution is nothing more than a decision terminating the arbitration and stating that the parties had reached an agreement on the merits. Schifferli Decl. at ¶¶ 3 and 8.

4

all claims and counterclaims are to be deemed as withdrawn with prejudice. Again, it is basic logical reasoning.[4]

Accordingly, it is clear from the settlement agreement and the Final Closing Resolution that the parties did *not* intend to have this action against the Ritz Carlton dismissed with prejudice. The mistaken dictum of the Swiss arbitrators failed to consider the "except for" clause in its own final closing resolution that expressly carved out exceptions to the dismissal of claims and counterclaims with prejudice. One of those exceptions was the obligation to dismiss this action against the Ritz. It follows that the Ritz's Motion should be denied – the Ritz is merely attempting, through an evident lack of candor to this Court, to gain something that its ally – La Prairie - failed to bargain for in the settlement agreement.

## ARGUMENT

**I.   The Disposition of this Case was Not Before the Swiss Arbitrators; therefore, They Could Not Issue a Final Award on that Issue.**

Rule 41(a)(2) authorizes a court to voluntarily dismiss an action when the plaintiff requests it. Fed. R. Civ. P. 41(a)(2); *U.S. v. One 1990 Artic Cat Ext Snowmobile ID No. 9137046*, 1996 WL 132107, at *1 (S.D.N.Y. March 22, 1996). This court has the *exclusive* power to set conditions for the dismissal of this action under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(a)(2); *Occunomix Int'l, LLC v. N. Ocean Ventures, Inc.*, 2003 WL 22240660, at *2 (S.D.N.Y. September 30, 2003) (without a stipulation by the parties for a voluntary dismissal, dismissal may only be granted by court order.) A dismissal under this rule is without prejudice, unless otherwise stated. Fed. R. Civ. P. 41(a)(2); *Horton v. Trans World Airlines, Corp.*, 169 F.R.D. 11, 15 (E.D.N.Y. 1996).

---

[4]   This is the same as, for example, if you say "except for A, then B" and "if A=C," then it is true that "except for C, then B."

5

After the Swiss Arbitration was terminated, La Prairie, in an attempt to circumvent this Court's authority, requested that the Swiss Arbitrators explain whether the withdrawal of the New York action was to be with prejudice. That request was denied, and the arbitrators were clear as to why they denied the request, holding that:

> As correctly set forth by [Clinique La Prairie], settlement decisions, **which terminate a procedure solely on the basis of the parties' declaration** (acknowledgement, withdrawal, arrangement), are not accessible to an explanation. Explanations of this kind are not judicial instructions by party declarations.
>
> In the present case, it is not the wording of the final closing resolution by the Court of Arbitration which is at issue, but item 12 of the Arrangement (Appendix dated April 8, 2008 to the Agreement of June 2, 1995), which represents an agreement between the parties. **Consequently, [La Prairie's] request cannot be honored.**

June 24, 2008 Decision at pp. 3-4 ¶¶ H and I (emphasis added).

Each of the quotes and partial quotes relied upon by the Ritz in its Motion is directly from the Swiss Arbitration panel's dictum, thereby completely ignoring the Arbitration panel's actual holding that it lacked jurisdiction to explain the parties' agreement. It is startling that this ruling by the Swiss Arbitration panel appears nowhere in the Ritz's (or La Prairie's) moving papers. Its attempt to hide the true holding of the Swiss Arbitrators with partial quotes from the dictum of the June 24, 2008 Decision can, at best, be described as disingenuous.

The Final Closing Resolution, by its express terms, and by operation of the fundamental principles of contract law, could not and did not alter the terms of the parties' agreement as embodied in the April 8, 2008 Amendment. In a single sentence, the Swiss Arbitrators made a distinction between the parties' rights and obligations under the April 8, 2008 Amendment and the Swiss Arbitrators' termination of the claims and counterclaims of the arbitration proceeding: "**Except for the rights and obligations assumed in the arrangement**, all claims and

6

counterclaims are to be deemed as withdrawn with prejudice and the arbitral procedure is herewith terminated." Final Closing Resolution at p. 10, ¶ 3 (Ex. D to the Decl. of Martin Ammann) (emphasis added). The Swiss Arbitrators further clarified their reasoning behind this procedural order in their June 24, 2008 Decision by holding that they did not have the jurisdiction to explain the terms of an agreement entered into by the parties. Therefore, under its exclusive authority and independent judgment, this Court should enter an order dismissing this action without prejudice and denying the Ritz's Motion to Dismiss with Prejudice.

**II.    The April 8, 2008 Amendment Does Not Require Clinique La Prairie to Withdraw this Action with Prejudice.**

The language of the April 8, 2008 Amendment does not require that this action be dismissed with prejudice. Clinique La Prairie and La Prairie freely negotiated and executed the April 8, 2008 Amendment. This is a binding contract between them in and of itself. The contract is clear and unambiguous in setting out Clinique La Prairie and La Prairie's intent to resolve the disputes before the Swiss Arbitration and in setting out their obligations under the contract. Both the Final Closing Resolution and the June 24, 2008 Decision by the Swiss Arbitration panel confirm the obligations assumed by Clinique La Prairie and La Prairie as explicitly expressed in the April 8, 2008 Amendment.

Moreover, Clinique La Prairie formally rejected La Prairie's written request to withdraw the New York action and to pay all the legal expenses and court costs. Schifferli Decl. at ¶¶ 6 & 7. Under the code of civil procedure of the Canton of Zurich, a withdrawal is the equivalent to a judgment on the merits. *Id.* By expressly refusing to pay the legal expenses of the New York Action, Clinique La Prairie demonstrated it had no intent to withdraw that action with prejudice. *Id.* This evidence demonstrates that it was not the parties' intent to withdraw this action with prejudice. There is no ambiguity in the terms of the April 8, 2008 Amendment and there have

7

been no allegations by any party of any ambiguity in the April 8, 2008 Amendment.[5] Therefore, under the express terms of the April 8, 2008 Amendment, Clinique La Prairie is simply required to "withdraw" this action. Neither the Ritz nor La Prairie has offered any evidence that the settling parties in Switzerland had the intent to withdraw this action with prejudice under the terms of the April 8, 2008 Amendment. Indeed, to say that Clinique La Prairie is required to dismiss this action with prejudice is contrary to the express terms of the settlement agreement and the Swiss final resolution.

Both Clinique La Prairie and La Prairie are sophisticated entities with a long history of negotiations with each other. This history alone, inclusive of each of the disputes that arose over the last twenty years, belies the argument that the parties intended to withdraw the New York action with prejudice but failed to include that intent explicitly in the written agreement. Instead, the history between these two parties further supports Clinique La Prairie's statement that there was no intent by the parties to dismiss this action with prejudice.

A "with prejudice" dismissal is not required by the April 8, 2008 Amendment and the standards for a without prejudice dismissal are present. Without making a single compromise and despite the fact that it is not a party to it, the Ritz is receiving the benefit of the April 8, 2008 Amendment. Therefore, the court should enter an order dismissing this action without prejudice, and denying the Ritz's Motion to Dismiss with Prejudice.

---

[5] Should this court find there is ambiguity in the terms of the April 4, 2008 Amendment, due to the fact that there is no mention of withdrawal with or without prejudice, then parol evidence is admissible. *Aetna Ins. Co. v. Dickler*, 100 F. Supp. 875, 877 (S.D.N.Y. 1951).

## CONCLUSION

Clinique La Prairie hereby requests that this Honorable Court enter an order dismissing this case without prejudice; denying the Ritz's Motion to Dismiss with Prejudice; and directing each party to bear its own fees and costs.

Respectfully submitted,

**FERRELL LAW, P.A.**

By:   s/ George G. Mahfood
      Milton M. Ferrell, Jr. (MF1826)
      George G. Mahfood (GM0578)

      598 Madison Avenue
      Second Floor
      New York, New York 10022
      Tel: 212-813-9500
      Fax: 212-813-1155
      gmahfood@ferrellworldwide.com
      *Attorneys for Clinique La Prairie, S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that at true and correct copy of the foregoing was served by electronic mail on the following counsel for defendant: David Wynn, Arent Fox LLP, 1675 Broadway, New York, New York 10019, wynn.david@arentfox.com; Barbara Wohl, Arent Fox LLP, 1050 Connecticut Avenue, N.W., Washington, D.C., 20036-5339, wahl.barbara@arentfox.com; and Martin R. Gold, Sonnenschein Nath & Rosenthal LLP, 1221 Avenue of the Americas, New York, NY 10020-1089, mgold@sonnenschein.com., on this 8th day of September 2008.

                                              s/George G. Mahfood  
                                              George G. Mahfood (GM0578)