UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,                        :
                                                  :
                           Plaintiff,             :
                                                  :     Case No. 07 CV 4038-PAC
        v.                                        :
                                                  :
THE RITZ-CARLTON HOTEL COMPANY, LLC,:
and, LA PRAIRIE, INC.,                            :
                                                  :
                           Defendant.             :
------------------------------------------------------------X

## DECLARATION OF PIERRE SCHIFFERLI

1.    I was counsel for Clinique La Prairie, S.A. in the Swiss Arbitration proceeding between La Prairie and Clinique La Prairie, *Armin Mattli, Clinique La Prairie et al. v. Laboratoires La Prairie SA und La Prairie Inc.*, before the Ad-Hoc Court of Arbitration in Zurich, Switzerland. I also participated in the negotiations between the parties which resulted in the April 8, 2008 Amendment to the June 2, 1995 Agreement.

2.    The Ritz-Carlton Hotel Company, LLC (the "Ritz-Carlton") was not a party to the arbitration and was not a party to the April 8, 2008 Amendment.

3.    The April 8, 2008 Amendment to the June 2, 1995 Agreement is the agreement that resolved all the issues before the Swiss Arbitration panel and led to the April 22, 2008 Final Closing Resolution issued by the Swiss Arbitration panel terminating the arbitration proceedings. The April 8, 2008 Amendment is the only document which discusses the disposition of Clinique La Prairie's action against the Ritz-Carlton in New York.

4.    The phrase "with prejudice" is not present in either the German or the English versions of the April 8, 2008 Amendment.



5.  I reviewed the claims asserted against the Ritz-Carlton in *Clinique La Prairie, S.A. v. The Ritz-Carlton Hotel Company, LLC and La Prairie, Inc.*, Case No. 07cv4038-PAC, (the "New York action") and these claims were never at issue in the claims or counterclaims before the Swiss Arbitrators.

6.  During the negotiations, Clinique La Prairie formally rejected La Prairie's written proposal that it should withdraw the New York action supporting the burden of legal expenses and court costs. This is the reason why the phrase "with prejudice" was excluded from the wording that appears in the April 8, 2008 Amendment. La Prairie never even actually requested formally a withdrawal with prejudice. What they insisted on was that Clinique would have to bear the legal costs and court expenses of the New York procedure. According to the code of civil procedure of the Canton of Zurich a withdrawal is treated as equivalent to a judgment on the merits against the party who withdraws the claim. It has the effect of a withdrawal with prejudice. Therefore the withdrawing has automatically to pay the court costs as well as the legal expenses of the counter-party. Consequently by refusing expressly to settle the costs of the New York procedure Clinique La Prairie showed clearly <u>that it was not prepared to withdraw</u> in such a way that – as a consequence of such a withdrawal – it would have had to pay legal and court costs, i.e. accept a withdrawal with prejudice. The intent of the parties was to withdraw with prejudice <u>the claims and counter-claims filed in the Swiss arbitration</u>.



7. La Prairie attempted, during the settlement negotiations, to require Clinique La Prairie to pay the legal fees and court costs associated with the New York Action by including the phrase "Regelung der Gerichtskosten und Anwaltskosten" (which means "settlement of court costs and legal fees") to the end of paragraph 12 of the April 8, 2008 Amendment. This specific phrase was suppressed by the Swiss Arbitrators. The final version does thus not contain any obligation for Clinique La Prairie to bear any court costs or legal fees arising out of the New York proceedings against the Ritz Carlton, nor to "withdraw with prejudice". La Prairie was consequently fully aware that Clinique La Prairie had no such intention nor obligation in this respect, nor any obligation to withdraw the New York claim "with prejudice", and in any case Clinique La Prairie never contracted any obligation to the Ritz Carlton (which was not its contractual partner nor a party in the Zurich arbitration).

8. The April 22, 2008 Final Closing Resolution is <u>a decision</u> that put an end to the arbitration in stating that the parties have concluded a <u>binding settlement agreement</u> on the merits of the controversy before the Swiss Arbitration panel. The order is binding for the parties but it is not a consequence of the court own findings but of the settlement. Its effect is strictly limited to the parties involved in the Swiss arbitration <u>and to the claims and counter-claims submitted in that arbitration</u>. Paragraph 3 on page 10 of the April 22, 2008 Final Closing Resolution refers obviously only to the claims and counter-claims pending in the Swiss Arbitration, and not to any other claims pending in other jurisdictions, when stating "all claims and counter-claims are deemed to be withdrawn with prejudice". This sentence continues by stating "...and the arbitral

3

procedure is herewith terminated" – but it does not say anything about the New York procedure. The connection between the claims and counter-claims and the arbitral procedure is literally stated in paragraph 3 of the decision. This final closing resolution of April 22 cannot be thus interpreted / construed in any other way.

9.   In paragraph 3 of the decision of the Arbitral Tribunal of April 22, 2008, it is stated "Except for the rights and duties assumed under the settlement agreement" all claims and counterclaims are deemed to have been withdrawn with prejudice". Since the withdrawal of the claim in New York is a "duty" under the settlement agreement, this New York claim is obviously no claim which is deemed to have been withdrawn with prejudice.

In paragraph 2 of the decision it is stated that the parties are bound to fulfill all their obligations under Appendix 1 (the Settlement Agreement of April 8, 2008). One of these duties is precisely to "withdraw the claim" in the USA. Therefore paragraph 3 (stating that all – Swiss arbitration – claims and counter-claims are deemed to have been withdrawn with prejudice) can logically not contemplate possibly the claim in the USA – which still has to be withdrawn under the settlement agreement – as having already been withdrawn with prejudice.

10.   As to the June 24, 2008 Resolution issued by the Arbitral Tribunal, the only ruling made by the Swiss Arbitrators in that document is that La Prairie's request was non-suited. The interpretation they included in that Resolution is not a decision, but only their non-binding opinion made in the frame of La Prairie's application for clarification. The Swiss Arbitrators declared La Prairie's request inadmissible, precisely

- because only a court decision can be the object of a requested clarification and not an obligation contained in a settlement agreement – such as the obligation to

4

withdraw the claim in the USA – on the basis of which, as in this case, the court issues a final order, and

- <u>because the withdrawal of the claim in the USA was not the subject matter of the decision (final closing order) of April 22, but was only an obligation contained in the settlement agreement itself.</u> An authoritative interpretation – having the <u>value of an award and enforceable as such</u> – of this settlement agreement (including the issue of the "withdrawal" in New York) binding the parties could take place only in the frame of a <u>new</u> arbitration procedure commenced by Laboratoires La Prairie SA and La Prairie Inc. with the purpose of constraining Clinique La Prairie to withdraw their claims in the USA with prejudice.

11. The adverse parties in the New York action are simply mistaken because:

   a. La Prairie knew perfectly well that Clinique La Prairie had <u>refused</u> a withdrawal of the NY action "with prejudice", i.e. had formally cancelled the words "settling the court costs and legal expenses" from the repeated written proposals of La Prairie; and had explained orally its position to La Prairie and its Counsels during the arbitration settlement discussions; and

   b. because the withdrawal of the New York Action against the Ritz-Carlton does not concern one of the Swiss Arbitration claims or counter-claims, and

   c. because obviously the withdrawal of a New York action is governed by U.S. federal civil procedure rules. In addition, the fact that the withdrawal of the New York action would take place according to U.S. federal civil procedure rules has been clearly expressed by one of the arbitrators, Mr. Peter NOBEL, in answer to La Prairie's counsel, Mr. AMMANN, who again tried during the last round of the

5



settlement discussions, to fix the financial consequences of the withdrawal in New York in favour of his clients.

12. I further insist on the fact that the Arbitral Tribunal in its decision of June 24, 2008 had refused to admit and consider the interpretation application of La Prairie, which clearly demonstrates that an authoritative and binding legal interpretation concerning the legal qualification of the withdrawal (with or without prejudice) has not taken place contrary to what the Ritz Carlton alleges at page 6 of its "Motion to dismiss with prejudice".

13. It further appears that the legal consequences of a "with prejudice" withdrawal in New York go quite beyond those of a withdrawal with prejudice following the Zurich Civil Procedure Code. Indeed, according to the Zurich Civil Procedure Code, there is no obstacle, even after a withdrawal with prejudice, for a Plaintiff to submit later a statement of claim absolutely identical in its wording provided it is based on other (previous) and/or new facts as the initial claim which has been withdrawn. Since the Ritz Carlton is not a party to the settlement agreement concluded in the Zurich arbitration procedure, a "withdrawal with prejudice" in New York may have as a consequence – based on US federal civil procedure rules – to enjoin Clinique La Prairie from filing a new claim against the Ritz Carlton even if the Ritz Carlton would not respect the terms and conditions of the transaction (which it could actually do since it is not a party to said Zurich settlement agreement) or otherwise violate Clinique La Prairie's trademark rights or other rights in the USA. This would be clearly contrary to the obvious will of the parties and the arbitrators and to the contents and spirit of the settlement agreement concluded in Zurich.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

_____
Pierre Schifferli

Executed on: September 8, 2008