UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CLINIQUE LA PRAIRIE, S.A.,                     :
                                               :        Civil Action No.: 07 Civ 4038-PAC
                    Plaintiff,                 :
                                               :
        -against-                              :
                                               :
THE RITZ-CARLTON HOTEL COMPANY, LLC,           :
and LA PRAIRIE, INC.,                          :
                                               :
                    Defendants.                :
-------------------------------------------------------------------X

**LA PRAIRIE, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
CONFIRMATION OF ARBITRATION AWARD**

SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 768-6700

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................................... 1

ARGUMENT ............................................................................................................... 3

I.   THE APRIL 22nd FINAL AWARD MUST BE CONFIRMED ............................ 3

   A.   Only The Grounds Listed In The Convention May Be
        Considered When Determining Whether A Foreign
        Arbitration Award Must Be Confirmed .............................................................. 3

   B.   The April 22nd Final Award Is Final And Binding ............................................. 4

   C.   CLP's Focus On The Arbitrators' Subsequent Decisions Is A Red Herring ...................... 6

   D.   CLP's Illogical And Self-Serving Interpretation of the April 22nd
        Final Award Is Irrelevant ................................................................................. 7

II.  THE COURT SHOULD AWARD ATTORNEYS' FEES
     AND COSTS FOR THIS MOTION ........................................................................ 9

CONCLUSION ............................................................................................................. 10

**TABLE OF AUTHORITIES**

**CASES**

*Atlantic Marine Agencies v. Embassy of Sierra Leone*, No. 87 Civ. 4389 (CSH),
1988 WL 13699 (S.D.N.Y. Feb. 16, 1988)..................................................................10

*ConnTech Dev. Co. v. Univ. of Conn. Educ. Prop., Inc.*, 102 F.3d 677 (2d Cir.
1996) ............................................................................................................................4

*Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314 (5th Cir. 1994)......................................4

*Int'l Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte
Corp.*, 774 F.2d 43 (2d Cir. 1985) ..........................................................................9, 10

*Int'l Standard Elec. Corp. v. Bridas Sociedad Anonima Petrolera, Indus. Y
Comercial*, 745 F. Supp. 172 (S.D.N.Y. 1990).............................................................4

*Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.*, 707
F.2d 425 (9th Cir. 1983) .............................................................................................9

*Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503 (3d Cir. 1994)..............................4

*Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174 (2d Cir.
1998) .........................................................................................................................4, 5

*Taylor Machine Works, Inc. v. Devine*, 245 F.3d 791, 2000 WL. 1910178 (5th
Cir. 2000) ..................................................................................................................5, 6

*Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15 (2d Cir.
1997), *cert. denied* 552 U.S. 1111 (1998)...............................................................3, 4

Defendant La Prairie, Inc. ("La Prairie") respectfully submits this reply memorandum of law in further support of its motion to confirm the Swiss Arbitration award dated April 22, 2008 (the "April 22nd Final Award").

## PRELIMINARY STATEMENT

During the arbitration held in Switzerland (the "Swiss Arbitration") between La Prairie and Clinique La Prairie, S.A. ("CLP"), the parties entered into a global settlement of all outstanding disputes concerning the use of certain of their respective names and trademarks (e.g., the La Prairie name, the Clinique logo, etc.) (the "Disputed Trademarks") under the guidance of the Swiss Arbitration panel. At the time, the right to use the Disputed Trademarks were at the heart of the disputes pending in: the Swiss Arbitration, the instant case, and before the Swiss trademark office. The global settlement was memorialized by the Swiss Arbitration panel as an amendment dated April 8, 2008 (the "2008 Amendment") to a previous settlement agreement between La Prairie and CLP concerning the right to use the Disputed Trademarks  (*See* Declaration of Martin Ammann dated August 22, 2008 (hereinafter "Amman Decl."), Ex. B.) Since the parties had reached an agreement as to the permissible use of the Disputed Trademarks, the parties agreed to withdraw the instant action, the claims and counterclaims in the Swiss Arbitration, and La Prairie agreed to withdraw a number of Swiss trademark proceedings. (Ammann Decl. ¶6). Thereafter, the Swiss Arbitration issued the April 22nd Final Award, which bound the parties to perform their obligations under the 2008 Amendment and required that all claims and counterclaims be withdrawn with prejudice pursuant to the global settlement. (Ammann Decl., Ex. D.)

La Prairie complied with the April 22nd Final Award and withdrew its counterclaims in the Swiss Arbitration and the Swiss trademark proceedings. These withdrawals were effectively

with prejudice - that is they cannot be reinstated.  (Ammann Decl., ¶¶6-8.)  CLP, however, took

the position that CLP can withdraw the instant action without prejudice, enabling it to file the

withdrawn claims the next day.  La Prairie then sought clarification from the Swiss Arbitration

panel.  (Ammann Decl., Ex. E.)  In response, the panel held that although the 2008 Amendment

could not be clarified as a procedural matter, the April 22nd Final Award was clear on its face in

requiring CLP and La Prairie to withdraw all claims including the instant action with prejudice.

(Ammann Decl. Ex. F.)  This is all that matters since La Prairie seeks confirmation of the April

22nd Final Award.

CLP offers no compelling reason for this Court to deny confirming the April 22nd Final

Award.  As discussed in La Prairie's moving brief, the bases for refusing to confirm a foreign

arbitration award are limited to the enumerated grounds listed in the Convention on the

Recognition and Enforcement of Foreign Arbitral Award (the "Convention").  (La  Prairie Mov.

Br. (6-9).) The only argument that CLP advances that falls within the grounds listed in the

Convention is that the April 22nd Final Award is not final.  In making this argument, CLP

misstates the law by arguing that an award may only be confirmed if the arbitrators reach a final

decision on the merits.  This is nonsense.  None of the cases cited by CLP stand for this

proposition.  An award is final when, as here, the issues submitted to arbitration are resolved

without the need for further litigation.  The April 22nd Final Award provides the requisite finality

because the disagreements over the Disputed Trademarks  -- whether in the Swiss Arbitration,

the instant case, or in the Swiss trademark proceeding -- were resolved by the global settlement

memorialized in the 2008 Amendment, which is attached to, and incorporated by, the April 22nd

Final Award.  (Ammann Decl. Ex. D.)

CLP's other arguments, that the June 24, 2008 decision is *dicta*, and that the panel

mistakenly interpreted their April 22nd Final Award, are not permissible grounds for denying

confirmation under the Convention and should not be considered by the Court.  Even if these

arguments could be considered, CLP's reading of the April 22nd Final Award is not only

illogical, but irrelevant, because only the view of the Swiss Arbitration panel matters, and the

panel has made it clear that the April 22nd Final Award requires withdrawal of all pending

actions with prejudice.  Similarly, CLP's attempt to characterize the subsequent decisions of the

Swiss Arbitration as *dicta* is nothing more than an attempt to obfuscate the issues.  The June 24,

2008 and July 8, 2008 decisions merely stated what is obvious from a plain reading of April 22nd

Final Award -- that all claims and counterclaims were to be withdrawn with prejudice.

CLP fails to meet the high burden of demonstrating a valid basis for denying

confirmation of the April 22nd Final Award.  Therefore, the April 22nd Final Award must be

confirmed.  Since CLP's opposition brief fails to explain how CLP's refusal to dismiss the

instant with prejudice is supported legally or factually, the Court also should grant La Prairie its

attorneys' fees and costs in making the instant motion.

**ARGUMENT**

**I.    THE APRIL 22nd FINAL AWARD MUST BE CONFIRMED**

**A.    Only The Grounds Listed In The Convention May Be Considered When Determining Whether A Foreign Arbitration Award Must Be Confirmed**

CLP does not address, and therefore concedes, that a foreign arbitration award must be

confirmed unless one of the enumerated grounds in the Convention is demonstrated under the

high burden for opposing confirmation. *See e.g.*, *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys*

*"R" Us, Inc.*, 126 F.3d 15, 20 (2d Cir. 1997), *cert. denied* 552 U.S. 1111 (1998) ("There is now

considerable caselaw holding that, in an action to confirm an award rendered in, or under the law

of, a foreign jurisdiction, the grounds for relief enumerated in Article V of the Convention are

the <u>only grounds available for setting aside an arbitral award</u>.")  (emphasis added); *Int'l Standard*

*Elec. Corp. v. Bridas Sociedad Anonima Petrolera, Indus. Y Comercial*, 745 F. Supp. 172, 181-

82 (S.D.N.Y. 1990) (refusing to apply "manifest disregard of law" standard on a motion to

vacate a foreign arbitral award).  CLP's argument that the April 22nd Final Award is not final is

the only basis that falls within the enumerated grounds specified in the Convention.  CLP's

arguments that: 1) the June 24, 2008 decisions is *dicta,* and 2) CLP's reading of the April 22nd

Final Award is correct as a matter of "basic logical reasoning" do not fall within the grounds

listed in the Convention and must therefore be ignored by the Court in ruling on this motion.

### B.    The April 22nd Final Award Is Final And Binding

CLP misrepresents the law by arguing that the April 22nd Final Award is not final

because the Swiss Arbitration panel did not reach the merits of the dispute.  Citing *Executone*

*Info. Sys., Inc. v.  Davis*, 26 F.3d 1314 (5th Cir. 1994), CLP erroneously argues that to "qualify

as a binding award the findings of the arbitrator must be a decision on the merits of the

controversy." (CLP Opposition Br. at 5.)  Neither *Executone* (which examined whether an

arbitration award was within the scope of the arbitration clause), nor any of the other cases cited

by CLP, stands for such a proposition.[1]  Rather, the Second Circuit has held that "an arbitration

---

[1]    Indeed, in nearly every case cited by CLP, the arbitration award was confirmed by the court in its entirety.  *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 177 (2d Cir. 1998) (rejecting argument that arbitration award was not sufficiently final and affirming district court's decision to confirm the arbitration award); *ConnTech Dev. Co. v. Univ. of Conn. Educ. Prop., Inc.*, 102 F.3d 677, 685 (2d Cir. 1996) (same); *Executone*, 25 F.3d at 1329 (affirming the district court's confirmation of the arbitration award).  The lone exception is *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1523 (3d Cir. 1994), which confirmed the arbitration award as against one of the defendants, but modified with respect to the other defendants because the court held that they were not bound by the arbitration agreement.  *Kaplan* is inapposite because there is no dispute that the parties were bound by the arbitration agreement.

award, to be final, must resolve all the issues submitted to arbitration, and that it must resolve

them definitively enough so that the rights and obligations of the two parties, with respect to the

issues submitted, do not stand in need of further adjudication." *Rocket Jewelry Box, Inc. v.*

*Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998) (cited by CLP) (emphasis omitted).

Thus, a settlement that fully resolves the issues can be final, since there is no requirement that

the arbitrators must make a decision on the merits of the issues in controversy.

The April 22nd Final Award attached and expressly incorporated the 2008 Amendment,

stating:

> Based on this arrangement, the parties are obliged to meet all
> obligations defined in [the 2008 Amendment] and accepted by
> them in each case. **The present resolution on the final closing of
> the arbitration procedure, inclusive of the arrangement in [the
> 2008 Amendment], <u>is final and binding</u> on both parties.**

(Amman Decl., Ex. D.) (emphasis added)  By doing so, the April 22nd Final Award is a global

settlement similar to a consent judgment or a stipulated award.  The April 22nd Final Award

provides the necessary finality because no further litigation is necessary to resolve the underlying

disputes.  In fact, CLP admits that the "[April 22nd Final Award] is a decision that put an end to

the arbitration in stating that the parties have concluded a binding settlement on the merits of the

controversy before the Swiss Arbitration panel."  (Schifferli Decl., ¶ 8.)  Following the execution

of the 2008 Amendment, all of the outstanding issues raised in the Swiss Arbitration, which were

central to the disputes pending in other forums, were fully and finally settled.  Accordingly, the

April 22nd Final Award is final and must be confirmed.  *See Taylor Machine Works, Inc. v.*

*Devine*, 245 F.3d 791, 2000 WL 1910178, at *2 (5th Cir. 2000) (unpublished decision).

*Taylor* is instructive.  In *Taylor*, the parties reached a settlement agreement during an

arbitration. *Taylor*, 2000 WL 1910178, at *1.  The arbitrator then entered an award based on the

settlement. *Id.* Following a request from the parties to clarify the award, the arbitrator in *Taylor*

"incorporated the entire settlement agreement into the modified award." *Id.* The district court

confirmed the award and the Fifth Circuit affirmed. *Id.,* at * 2. *Taylor* supports the proposition

that courts have the power and duty to confirm arbitration awards that incorporate settlement

agreements reached by the parties when they fully resolve the disputes at issue in the arbitration.[2]

### C.    CLP's Focus On The Arbitrators' Subsequent Decisions Is A Red Herring

CLP argues that the Swiss Arbitration panel's June 24, 2008 decision "non-suited" La

Prairie's request for clarification. This misses the point and is an attempt to confuse the relevant

issues on this motion. As discussed above, the April 22nd Final Award is a final award that must

be confirmed because CLP has not advanced any of the enumerated grounds for denying

confirmation. This alone should end the inquiry.

It is true that the Swiss Arbitration panel stated that La Prairie's request for an

explanatory statement could not be addressed procedurally. It is undisputed, however, that the

Swiss Arbitration panel is the only body that can provide an authoritative interpretation of the

2008 Amendment and the April 22nd Final Award, and in both the June 24, 2008 and July 8,

2008 decisions, the panel stated its opinion that the April 22nd Final Award did not need a further

explanation because it was clear on its face. Accordingly, it is meaningless that the Panel non-

---

[2]    Here, the Disputed Trademarks were at the heart of all of the pending claims. CLP's
claim that the "disposition of the New York lawsuit was never before the arbitrators to decide,"
is demonstrably false.   First, it is clear that that the withdrawal of the instant case was squarely
before the Swiss Arbitration panel. The panel oversaw the global settlement of all disputes,
including the instant action, concerning the Disputed Trademarks. Because a global resolution
was agreed to, the Swiss Arbitration panel bound the parties to forever release all claims in all
forums. Second, on June 24, 2008, CLP requested the panel to reconsider its June 24, 2008
decision and provide CLP with a ruling that CLP could withdraw the instant action without
prejudice, which the panel denied.

suited La Prairie's request for clarification.  Simply put, the parties were bound by the April 22nd

Final Award's clear mandate that all claims and counterclaims were to be withdrawn with

prejudice.[3]

### D.    CLP's Illogical And Self-Serving Interpretation of the April 22nd Final Award Is Irrelevant

CLP argues that the position taken by the Swiss Arbitration panel is illogical because the

panel somehow failed to realize that its April 22nd Final Award carves out the instant suit from

the broad language that "all claims and counterclaims are to be deemed withdrawn with

prejudice."  This argument fails for a number of reasons.

First, a disagreement with the result of a foreign arbitration award is not one of the

enumerated grounds for opposing confirmation under the Convention.  One cannot oppose the

confirmation of a foreign arbitration award simply because the result is not favorable.

Second, the interpretation of the April 22nd Final Award is solely reserved for the Swiss

Arbitration panel.  Neither CLP, nor this Court, can substitute its view on this issue.  Here, the

April 22nd Final Award is clear on its face -- a fact which the Swiss Arbitration panel confirmed

in its June 24, 2008 and July 8, 2008 decisions.  Therefore, CLP's opinion as to what the April

22nd Final Award means is irrelevant.

Third, even assuming CLP's strained reading of the April 22nd Final Award for purposes

of this motion, CLP's reading is nonsensical.  CLP argues that the April 22nd Final Award's use

---

[3]    CLP's attempt to distinguish the panel's comments as *dicta* is contradicted by its June 24, 2008 request for reconsideration and plea for a ruling from the Swiss Arbitration panel to permit CLP to withdraw the instant claim without prejudice.  By seeking this relief, CLP concedes that it was bound by the April 22nd Final Award to withdraw the instant action with prejudice.

of the phrase "except for the rights and obligations assumed in the [2008 Amendment],[4]"

somehow creates a carve out for the instant action. (Amman Decl., Ex. D.) According to CLP,

since the withdrawal of the instant action is an "obligation" under the 2008 Amendment, then the

withdrawal of this action must be excepted from the April 22nd Final Award's mandate that "all

claims and counterclaims are to be deemed withdrawn with prejudice." (*Id.*) The plain language

of the April 22nd Final Award does not support this reading. The panel did not write "except for

the claims outside of the Swiss Arbitration" or "except for the claims pending in the United

States." Nor did the panel write that only the claims and counterclaims in the Swiss Arbitration

are to be deemed withdrawn with prejudice. Instead, the panel bound the parties to their global

settlement and required that every claim, whether in the Swiss Arbitration, before the Swiss

trademark office, or pending in the United States, must be released with prejudice. No other

reading makes sense.

The "basic logical reasoning" advanced by CLP also fails because the withdrawal of the

claims and counterclaim in the Swiss Arbitration and before the Swiss trademark office are all

obligations under the same article entitled "IV. Mutual Withdrawal Of All Pending Cases."

(Amman Decl., Ex. B.) None of the withdrawal obligations therein states that *any* of the

withdrawals were to be with prejudice -- yet CLP admits that the withdrawal of the Swiss

arbitration claims and counterclaims had to be done with prejudice because under Swiss law,

which governs the 2008 Amendment, the withdrawal of an action is always with prejudice. (*Id.*,

*see also* Schifferli Decl., ¶ 6.) The fact that the 2008 Amendment does not mention prejudice at

all is not surprising considering that the 2008 Amendment was drafted by the Swiss Arbitration

---

[4]    This language is meant to bind the parties to honoring the obligations contained in the 2008 Amendment, while allowing the parties to mutually release all claims with prejudice.

panel and Swiss lawyers.  (*See* Declaration of Martin Ammann dated September 15, 2008

(hereinafter the "Supplemental Ammann Decl.") at ¶ 2.)   CLP offers no reasonable explanation

as to why the withdrawal of the instant action should be singularly carved out from the April 22nd

Final Award's requirement that all claims and counterclaims must be withdrawn with prejudice.[5]

Indeed, under CLP's "logic" *every* claim and counterclaim should have been withdrawn without

prejudice since Article IV does not mention prejudice in any of the withdrawal provisions.  This

would render the language that "all claims and counterclaims are to be deemed as withdrawn

with prejudice" superfluous, which cannot be the case.

Even assuming that CLP's reading of the April 22nd Final Award made sense -- which it

does not -- it is illogical that the parties could resolve all of the issues submitted before the panel

and allow CLP to refile the same claims the very next day.  This simply cannot have been the

deal that the parties entered into before the Swiss Arbitration panel. (Supplemental Ammann

Decl., ¶ 4.)

## II.    THE COURT SHOULD AWARD ATTORNEYS' FEES AND COSTS FOR THIS MOTION

As discussed above, CLP has not offered any basis for its refusal to comply with the

April 22nd Final Award.  CLP's efforts to misstate the law further evidence its bad faith in

refusing to comply with the April 22nd Final Award and warrant an award of attorneys' fees and

costs.  *See Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.*, 707 F.2d

425, 428 (9th Cir. 1983); *Int'l Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF*

---

[5]    CLP's statement that it refused to pay the costs and fees of the instant action is irrelevant. Moreover, La Prairie consequently offered to forego fees and costs if CPL would settle the instant case with prejudice.  (Supplemental Ammann Decl., ¶ 3.)

*Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *Atlantic Marine Agencies v. Embassy of Sierra Leone*, No. 87 Civ. 4389 (CSH), 1988 WL 13699, at *1 (S.D.N.Y. Feb. 16, 1988).

## CONCLUSION

For the foregoing reasons, La Prairie respectfully requests that the Court confirm the April 22nd Final Award, dismiss the lawsuit with prejudice, and award La Prairie attorneys' fees in connection with the instant motion.

Dated: New York, New York
       September 15, 2008

SONNENSCHEIN NATH & ROSENTHAL LLP


By:    /s/ Martin R. Gold
       Martin R. Gold (MG 6528)
       Martin P. Michael (MM 6867)
       Benito Delfin, Jr.  (BD 1216)
       1221 Avenue of the Americas
       New York, New York  10020-1089
       (212) 768-6700

*Attorneys for La Prairie, Inc.*

17621462