UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CLINIQUE LA PRAIRIE, S.A.,

            Plaintiff,

   -against-

THE RITZ-CARLTON HOTEL COMPANY, LLC,
and LA PRAIRIE, INC.,

            Defendants.
------------------------------------------------------------------X

Civil Action No.: 07 Civ 4038-PAC

## SUPPLEMENTAL DECLARATION OF MARTIN AMMANN UNDER 28 U.S.C. § 1746

1. I am counsel to defendant La Prairie, Inc. ("La Prairie") and represented La Prairie in the Swiss arbitration proceeding (the "Swiss Arbitration") between La Prairie and plaintiff Clinique La Prairie, S.A. ("CLP"). I maintain an office for the practice of law in Zurich, Switzerland.

2. During the Swiss Arbitration CLP and La Prairie entered into a global settlement (the "2008 Amendment") that resolved the disputes concerning the use of certain of their respective names and trademarks (e.g., the La Prairie name, Clinique logo, etc.) by updating a 1995 settlement agreement between CLP and La Prairie. I was actively involved and have personal knowledge regarding the negotiations that culminated in the global settlement memorialized in the 2008 Amendment. During this process, the Swiss Arbitration panel was a major participant. The Swiss Arbitration panel presided over and actively participated in the negotiations conducted during several full days of hearings, the first of which on January 25, 2008, the second on February 28, 2008 and the third on April 8, 2008. In fact, it was the Swiss Arbitration panel who submitted to the parties the first detailed draft of the settlement agreement on February 22, 2008. During the second and the last hearing furthermore it was the chairman of the Swiss Arbitration

panel and one of his clerks that typed several amendments to the draft discussed between the parties and the Swiss Arbitration panel as well as the version of the 2008 Amendment, which was then finalized between CLP and La Prairie under the guidance of the Swiss Arbitration panel.

3. During the negotiations that lead to the 2008 Amendment, La Prairie requested CLP to pay attorneys' fees and costs for the instance action, which CLP refused to agree to. Subsequently, after the 2008 Amendment was signed, La Prairie offered not to seek attorneys' fees or costs in the instant case if the instant case was withdrawn with prejudice. I personally submitted this offer on behalf of La Prairie by telephone to the Swiss attorneys of CLP, on May 29, 2008 to Mr. Schifferli (via his associate, Carolina Campeas Talabardon) and around the same day also to Mr. Faber. Thus, CLP's suggestion that CLP's rejection to pay attorneys' fees and costs for the instant action indicates an understanding that the instant action would be withdrawn without prejudice is wrong.

4. CLP's counsels in the Swiss Arbitration proceeding never communicated the issue of withdrawing the instant action without prejudice before the 2008 Amendment was signed. It was always my understanding prior to as well as after the execution of the 2008 Amendment that the withdrawals of all the pending actions (i.e. not only the withdrawals mentioned in section 15 of the 2008 Amendment but also the withdrawals due under sections 12 and 14 of the 2008 Amendment) were to be done with prejudice. It is important to state that the wording "with prejudice" was not used in any of the references to this withdrawals mentioned in the 2008 Amendment (i.e. in sections 12, 14 and 15 of the 2008 Amendment). This was obviously the case since it was the clear understanding of the parties (in any case at least of La Prairie and the Swiss Arbitration panel) that any and all of these withdrawals had to be done with prejudice. The Swiss

Arbitration panel confirmed this understanding in section 3 of the "Resolutions" of the April 22, 2008 decision in the Swiss Arbitration (as to the withdrawals mentioned in section 15 of the 2008 Amendment; see Exhibit D to my declaration executed on August 22, 2008) and in the June 24, 2008 decision (again as to the withdrawals mentioned in section 15 of the 2008 Amendment but also as to the withdrawal due in this instance; see Exhibit F to my declaration executed on August 22, 2008).

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed the 15th day of September, 2008

_____

Martin Ammann