David N. Wynn, Esq. (DW 8660)
ARENT FOX LLP
1675 Broadway, 32nd Floor
New York, New York 10019
Tel: No.: (212) 484-3900
Fax No.: (212) 484-3990
wynn.david@arentfox.com

Barbara S. Wahl, Esq. (Admitted pro hac vice)
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Tel: No.: (202) 857-6000
Fax No.: (202) 857-6395
wahl.barbara@arentfox.com

Attorneys for Defendant
The Ritz Carlton Hotel Company, L.L.C.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLINIQUE LA PRAIRIE, S.A.  )<br>)<br>Plaintiff,  )<br>)<br>-against-  )<br>)<br>THE RITZ-CARLTON HOTEL  )<br>COMPANY, L.L.C., et al.  )<br>)<br>Defendants.  )<br>) | C.A. No. 1:07-cv-04038 (PAC) |

**REPLY OF DEFENDANT RITZ-CARLTON HOTEL COMPANY, L.L.C. IN**
**SUPPORT OF ITS MOTION TO DISMISS WITH PREJUDICE**

In its Opposition to the Motion to Dismiss with Prejudice ("Opposition"), Plaintiff Clinique La Prairie, S.A. ("CLP") failed to rebut, and by its silence has conceded, two key points that require dismissal of this lawsuit with prejudice: 1. in the absence of a

NYC/400840.1                           1

meeting of the minds between CLP and La Prairie, Inc. ("La Prairie") as to the form of dismissal, the Swiss arbitrators are to decide the dispute and they have ruled that this case must be dismissed with prejudice; and 2. CLP can never again assert against the Ritz-Carlton Hotel Company, L.L.C. (the "Ritz-Carlton") the claims CLP has brought in this case. Moreover, CLP's argument for dismissal without prejudice -- that the arbitrators had no authority to rule because CLP's and La Prairie's April 2008 settlement agreement removed the arbitrators' jurisdiction -- actually supports dismissal with prejudice. As demonstrated by the motions before this Court, it is evident that there was no meeting of the minds between CLP and La Prairie as to dismissal, and that the dispute was quite properly adjudicated by the Swiss arbitrators, who unequivocally ruled that dismissal with prejudice is required. This lawsuit should accordingly be dismissed with prejudice.

### A. The Arbitrators Are Charged With Ruling On Disputes Between CLP and La Prairie and Have Done So Here.

CLP concedes, as it must, that the agreements between itself and La Prairie, including an April 8, 2008 Amendment to a June 1995 agreement between CLP and La Prairie (the "2008 Amendment"), require all disputes between them to be resolved by a panel of Swiss arbitrators. *See* Opposition at 7; *see also* 2008 Amendment, which was annexed as Exhibit 1 to the Ritz-Carlton's Memorandum in Support of its Motion to Dismiss with Prejudice, at ¶ 5. CLP further concedes, again as it must, that the Swiss arbitrators ruled on April 22, 2008, that "[e]xcept for the rights and obligations assumed in the [2008 Amendment], all claims and counter-claims are to be deemed withdrawn with prejudice." *See* April 22, 2008 Resolution of the Formal Closing of the Arbitration Procedure, which was annexed to the Ritz-Carlton's Memorandum in Support of its Motion to Dismiss with Prejudice as Exhibit 2 (the "April Decision"), at 10. CLP must

also concede that on June 24, 2008, the arbitration panel issued a Resolution in which they affirmed that ruling. *See* June 24, 2008 Resolution, which was annexed to the Ritz-Carlton's Memorandum in Support of its Motion to Dismiss with Prejudice as Exhibit 3 (the "June Decision"), at 4. Thus, the Swiss arbitrators were unequivocal in their decision that the dismissal of this case must be with prejudice.

The only real point of contention between the parties here is whether the Swiss arbitrators had the authority to issue such a ruling. CLP contends that the arbitrators had no ability to do so because CLP and La Prairie had already agreed in the 2008 Amendment to dismissal of this case without prejudice, which took the issue out of the arbitrators' hands, while La Prairie and the Ritz-Carlton argue that the Swiss arbitrators had full authority to adjudicate this issue. It is clear that the Swiss arbitrators in fact had jurisdiction because CLP and La Prairie did not actually agree in the 2008 Amendment on the type of dismissal here, leaving the dispute to be determined by the arbitrators.

CLP's own motion to dismiss without prejudice, and the supporting declarations, as well as La Prairie's Motion to Confirm Arbitration Award, and the supporting documentation, demonstrate that there was never a meeting of the minds between CLP and La Prairie with regard to whether this case would be dismissed with or without prejudice. The 2008 Amendment apparently did not resolve this issue. Obviously there was and is no agreement between CLP and La Prairie on this point, and the question of dismissal remained one of contention after their execution of the 2008 Amendment.

The 2008 Amendment and other agreements between CLP and La Prairie are clear that any disputes between them must be resolved by Swiss arbitrators. *See* 2008 Amendment at 5. The April Decision excluded issues CLP and La Prairie had agreed

upon in their 2008 Amendment, but CLP and La Prairie in fact did not agree on the form of dismissal, which remained a live dispute for the Swiss arbitrators to decide. And the Swiss arbitrators did indeed rule on that issue, holding that dismissal must be with prejudice. *See* April Decision at 10; June Decision at 4. The Swiss arbitrators' rulings that this lawsuit must be dismissed with prejudice was not dicta, as CLP has argued (Opposition at 4), but adjudications on the merits of a live dispute that CLP and La Prairie had agreed to arbitrate. The Swiss arbitrators' determinations of dismissal with prejudice were both within the scope of their mandate and final. Accordingly, this lawsuit should be dismissed with prejudice.

    **B.**    **CLP Concedes That It Can Never Again Assert Against The Ritz-Carlton the Claims It Has Brought Here, Requiring Dismissal With Prejudice.**

In this action, CLP asserted claims against the Ritz-Carlton for injury to business reputation, common law unfair competition, and common law trademark infringement arising from the Ritz-Carlton's use of the La Prairie name and marks in connection with a cosmetic spa facility at The Ritz-Carlton New York, Central Park. CLP does not dispute that pursuant to the 2008 Amendment, La Prairie, and derivatively the Ritz-Carlton, has "the exclusive right to use the brand 'La Prairie' . . . for all services" relating to the application of cosmetic products and the operation of cosmetic spa facilities. 2008 Amendment at ¶ 9. The 2008 Amendment is clear that the type of spa located at The Ritz-Carlton New York, Central Park, which does not offer spa services of a medical nature, is a permissible use by La Prairie of the La Prairie name and marks. Thus it is undisputed that pursuant to the 2008 Amendment CLP cannot again assert against the Ritz-Carlton the causes of action CLP has brought here on the facts at bar. CLP's future inability to assert the claims at bar against the Ritz-Carlton requires dismissal of this

lawsuit with prejudice. *Cf. Walker v. City of New York*, 205 F.3d 1327 (2nd Cir. 2000) (affirmance of dismissal with prejudice where plaintiff was collaterally estopped from bringing another case challenging constitutionality of procedures of Parking Violations Bureau).

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Ritz-Carlton's motion to dismiss with prejudice and supporting memorandum, the Ritz-Carlton requests that this Court dismiss this matter with prejudice.

Dated: September 15, 2008                    Respectfully submitted,

                                             ARENT FOX LLP


                                             /s/ David N. Wynn
                                             David N. Wynn (DW-8660)
                                             ARENT FOX LLP
                                             1675 Broadway
                                             New York, New York 10019
                                             (212) 484-3900
                                             Attorneys for The Ritz Carlton
                                             Hotel Company, L.L.C.


OF COUNSEL:

Barbara S. Wahl
Leo M. Loughlin
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 857-6000

NYC/400840.1                                 5